IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | CR. NO. 2:05-cr-119-F |
| | ) | |
| DON EUGENE SIEGELMAN, | ) | |
| PAUL MICHAEL HAMRICK, | ) | |
| GARY MACK ROBERTS, and | ) | |
| RICHARD M. SCRUSHY. | ) | |

**UNITED STATES' RESPONSE TO DEFENDANTS' MOTIONS FOR RECUSAL**

Comes now the United States of America, by and through Louis V. Franklin, Sr., Acting United States Attorney for the Middle District of Alabama, and responds to the motions for recusal filed by defendants Gary Mack Roberts, Don Eugene Siegelman, and Richard M. Scrushy. Based on the following, the defendants' motions should be denied.

1. Defendants Roberts, Siegelman, and Scrushy each filed motions for the recusal of United States Chief Magistrate Judge Charles S. Coody. (Doc. # # 32, 33, 34).

2. During an in-chambers conference on October 28, 2005, Magistrate Judge Coody informed counsel for all parties that his son-in-law, David Brandt, was previously and currently employed at HealthSouth Corporation ("HealthSouth") as a financial analyst, and a vice president for outpatient surgical interests, respectively. See Transcript of October 28, 2005, at 8-9.

3. Magistrate Judge Coody also informed counsel that he met two daughters of Forrest Marcato, identified in the superseding indictment in this case, while assisting his wife, who coached a local high school debate team. See Transcript of October 28, 2005, at 7-8. Magistrate Judge Coody recalled the daughters making comments about problems their father was having with the Alabama Department of Transportation. Id. at 8. Magistrate Judge Coody did not provide any timeframe for his work with the debate team, but did state that the Marcato sisters' comments "struck [him] as just the typical kinds of things that children say about what they've heard about their father's business." Id.

4. In inviting any motions for recusal, Magistrate Judge Coody did not say he believed that these facts would affect his impartiality in this matter.

5. Grounds for the recusal of a federal jurist are set forth in 28 U.S.C. § 455. That section states in part that:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
>> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
>>
>> . . .
>>
>> (5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
>>
>>> (I) Is a party to the proceeding, or an officer, director, or trustee of a party;
>>> (ii ) Is acting as a lawyer in the proceeding;
>>> (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
>>> (iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

28 U.S.C. § 455(a) and (b).

6. The defendants' motions do not provide any general or specific factual ground for recusal. Moreover, Magistrate Judge Coody's disclosures do not provide a basis for recusal under section 455. Magistrate Judge Coody did not state or intimate that he could not be impartial and the circumstances he disclosed do not provide any ground to reasonably question his impartiality. See United States v. Holland, 655 F.2d 44, 46-47 (5th Cir. 1981) (establishing a reasonableness standard for deciding recusal issues).[1]

---

1 In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir.1981), the Eleventh Circuit adopted as binding precedent all decisions of the Fifth Circuit rendered prior to the close of business on September 30, 1981.

7. The language in section 455(a) which provides that a jurist "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" has long been held to establish "a reasonable man standard in determining whether a judge should recuse himself." United States v. Holland, 655 F.2d at 46-47

8. The Eleventh Circuit reviews this Court's decision in this matter under an abuse of discretion standard. See United States v. Bailey, 175 F.3d 966, 968 (11th Cir. 1999). In this case, a decision against recusal cannot constitute an abuse of discretion, because no reasonable basis exists to doubt Magistrate Judge Coody's impartiality in this case as to all defendants. See United States v. Alabama, 828 F.2d 1532, 1541 (11th Cir.1987).

Wherefore, for the reasons stated above, defendants Don Eugene Siegelman, Gary Mack Roberts, and Richard Scrushy have failed to carry their burden to justify the disqualification of Magistrate Judge Coody under 28 U.S.C. § 455, and the defendants' motions should be DENIED.

Respectfully submitted this the 9th day of November, 2005.

                LOUIS V. FRANKLIN, SR.
                ACTING UNITED STATES ATTORNEY

                /s/ Louis V. Franklin, Sr.
                LOUIS V. FRANKLIN, SR.
                Acting United States Attorney
                Post Office Box 197
                Montgomery, Alabama 36101-0197
                (334) 223-7280
                (334) 223-7135 fax
                louis.franklin@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| vs. ) | CR. NO. 2:05-cr-119-F |
| ) | |
| DON EUGENE SIEGELMAN, ) | |
| PAUL MICHAEL HAMRICK, ) | |
| GARY MACK ROBERTS, and ) | |
| RICHARD M. SCRUSHY. ) | |

## CERTIFICATE OF SERVICE

    I hereby certify that on November 9, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will notify the following CM/ECF participants:

(1) G. Douglas Jones

(2) David McKnight

(3) Arthur W. Leach

(4) Leslie v. Moore

Respectfully submitted,

LOUIS V. FRANKLIN, SR.
ACTING UNITED STATES ATTORNEY

/s/ Louis V. Franklin, Sr.
LOUIS V. FRANKLIN, SR.
Acting United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
(334) 223-7280
(334) 223-7135 fax
louis.franklin@usdoj.gov