# MINUTES

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

HON.  MARK E. FULLER, PRESIDING        AT MONTGOMERY, AL

DATE COMMENCED:   11/16/05        AT:   11:05 a.m.
DATE COMPLETED:   11/16/05        AT:   12:00 p.m.

UNITED STATES OF AMERICA          §
vs.                               §    CR. NO. 2:05CR119-F
                                  §
DON EUGENE SIEGELMAN, ET AL.      §

| GOVERNMENT | APPEARANCES: | DEFENDANT |
|---|---|---|
| Louis V. Franklin, Sr. | | Charles Redding Pitt |
| Stephen P. Feaga | | Gordon G. Douglas Jones |
| James B. Perrine | | Henry Lewis Gillis |
| Joseph L. Fitzpatrick, Jr. | | Chris Whitehead |
| Richard Pilger | | Stewart D. McKnight, III. |
| | | Bruce Maloy |
| | | Ronald Wayne Wise |

### COURT OFFICIALS PRESENT:

Barbara Wells, Law Clerk
Kelli Gregg, Courtroom Clerk
Jimmy Dickens, Court Reporter

### COURTROOM PROCEEDINGS:

( X)  **Scheduling Conference**

   11:05 a.m. -   Court convenes.
   Court discusses case management issues and initial disclosures for this case with all parties present today.
   Government addresses court regarding discovery issues.
   Government was not able to put all documentary evidence, approximately 180 boxes worth of evidence available for attorney's to look at.  It will be in electronic format just as soon as possible.  Also on the 10th they made compact discs available for counsel.  All initial discovery should be available today after this status conference.
   Attorney Jones would like additional time for reciprocal discovery, at least

three more weeks.
Attorney Wise would like three weeks.
Attorney Roberts would like three weeks.
Attorney Maloy would like three weeks.
Court will have order on arraignment revised for initial discovery which will be due from November 10, 2005 to November 16, 2005 and reciprocal initial discovery is due by each defendant on December 7, 2005.
Government has included documents from Health South trial documents from Birmingham on the USB drive. We do not have it in our custody but will be glad to help counsel get it.
Attorney Jones would like that evidence.
Attorney Wise would like that evidence.
Attorney Roberts would like that evidence.
Attorney Maloy would like the relevance of those pleadings from the Government.
Government does not believe that they will be using that evidence in their case but just wanted defense counsel to know that it was on the USB drive.
Attorney Jones asks that 404b material be placed under seal.
Court states that attorney's may file their 404b material under seal if they would like.
Government states that there are eight boxes not on the hard drive in our office today that counsel are more than welcome to come and look at. Also, there are other documents such as DOT records that we may be acquiring soon and will turn them over immediately when we get them.
Court asks about Jenks Act material.
Government states that they will provide all Grand Jury and Jenks Act material separately on or before December 5, 2005 in electronic format.
Attorney Jones discusses letter he received of disclosure from the Government of what witnesses will be testifying to but there is nothing about the rules regarding their opinions. Also, the order regarding Brady and Giglio material, will the Government provide those?
Government states that they don't have any Brady material at the moment and have already provided the Giglio material to counsel on discs and will also be on the hard drive.
Government does not have any expert witness testimony right now but may at a later date.
Court states that the issue could be handled, if need be, at a pretrial conference.
Defendant's Schrushy and Roberts would like to sever from this case.
Attorney Maloy states that three weeks from today he could file a Motion to Sever.
Attorney McKnight would also like three weeks to file Motion to Sever.
Attorney Wise would also like three weeks to file Motion to Sever.
Court would like that motion along with a brief in support to be filed no later than December 14, 2005 and the Government to respond by January

|  |  |
|---|---|
|  | 4, 2006 along with a brief in support.  Moving party will have one week to reply which will be January 11, 2006. |
|  | Court would like to know how long this case will take to try. |
|  | Government believes their case would take two weeks. |
|  | Attorney Jones in thinking total trial about four to six weeks with all parties trying at that time. |
|  | Attorney Wise has no opinion at this time but thinks four to six weeks would be reasonable. |
|  | Attorney McKnight thinks his portion would take three to five days. |
|  | Attorney Maloy thinks four to six weeks would be reasonable. |
|  | Court is looking at a special term in setting this trial. |
|  | Attorney Jones states that his client has not and will not file a speedy trial waiver.  He would like to try this case before the April, 2006 trial before Judge Propsts in the Northern District of Alabama. |
|  | Attorney Wise cannot answer question right now as to whether his client can file a speedy trial waiver. |
|  | Attorney McKnight will file a speedy trial waiver and does so by handing the clerk a waiver at this time. |
|  | Attorney Maloy states that defendant Scrushy would like a speedy trial and that a setting in late March or early April would be very acceptable. |
|  | Government states that they are ready to try this case whenever the Court determines it be set. |
|  | Attorney Jones thinks late March or early April would be acceptable for a trial date. |
|  | Court asks if counsel thinks these hearings are helpful to them. |
|  | All counsel find that these status conferences are very helpful to them. |
|  | Attorney Jones would like to discuss the recusal order in chambers as well as some other issues. |
| 12:00 p.m. - | Court is in recess. |