IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Case No. 2:05cr119-F |
| DON EUGENE SIEGELMAN,<br>        Defendant. | |

**OBJECTIONS TO ORDER AND MEMORANDUM OPINION
OF MAGISTRATE JUDGE DENYING
<u>DEFENDANTS' MOTIONS FOR RECUSAL</u>**

COMES NOW Don Eugene Siegelman, by and through his undersigned counsel and, pursuant to 28 U.S.C § 636(b)(1)(A), files this objection to the November 10, 2005 Order and Memorandum Opinion on Recusal of the United States Magistrate Judge, (Doc 41), denying Defendant's motion for recusal and the January 3, 2006 Order (Doc 84) denying Defendant's motion for reconsideration.  In support of these objections, Defendant respectfully shows this Court the following:

**A.    PROCEDURAL HISTORY**

1. On October 28, 2005 United States Magistrate Judge Charles S. Coody ("Judge Coody") orally informed Defendant Scrushy and counsel of certain facts which could raise a basis for recusal, and directed Defendant to file a motion within seven days if Defendant contended that recusal was necessary.  (Transcript of Proceedings, October 28, 2005 at 7-9.)

2. On November 4, 2005 Defendant filed "Defendant Don Eugene Siegelman's Motion to Recuse Pursuant to 28 U.S.C. §§ 455(a) and (b)(5)(iii)" (hereinafter "motion to recuse"). (Doc 33.)  Co-Defendants Gary Mack Roberts and Richard M. Scrushy also filed motions to recuse.  (Doc 32, 34.)

3.  On November 9, 2005, the Government filed its "United States' Response to Defendants' Motions for Recusal." (Doc 38.)

4.  On the next day, November 10, 2005, Judge Coody filed a 20-page Memorandum Opinion (hereinafter "Memorandum Opinion") (Doc 41.)

5.  Pursuant to this Court's direction in a status conference on November 16, 2005, Defendant Siegelman filed a "Motion for Reconsideration of Magistrate's Order and Memorandum Opinion Denying Defendants' Motions for Recusal" ( hereinafter "motion for reconsideration"). (Doc 58.)  Co-defendant Scrushy filed a similar request. (Doc 56.)

6.  On December 21, 2006 the Government filed its "United States' Response to Defendant Scrushy's and Siegelman's Motions for Reconsideration of Magistrate's Order on Recusal" (hereinafter "response to motions for reconsideration"). (Doc 73).[1]

---

[1] Pursuant to this Court's direction, the Government filed this response with the Clerk in Montgomery under seal. Since the pleading was filed under seal, it was not served on all counsel of record electronically through the Court's ECF system. The only service on counsel that the Government attempted was to send *by regular United States Mail* to *one* of Defendant's counsel of record, Arthur W. Leach, at his mailing address in Birmingham, Alabama.  This was done despite the fact that one of Defendant's counsel of record, Henry Lewis Gillis, maintains offices in Montgomery, Alabama.  Despite numerous calls to the Clerk and the United States Attorney's office, a copy of this pleading was not made available to Defendant's counsel until December 27, 2005.  The service copy sent by the mail was not received by Defendant's counsel until January 12, 2006.  Defendant respectfully requests that this Court direct the Government to serve Defendant's counsel of record with all future sealed pleadings by a method (facsimile or

7. On January 3, 2006, Judge Coody entered an Order denying Defendants' motions for reconsideration. (Doc 84.)[2]  The substance of this January 3, 2006 Order states in its entirety:

> I have carefully studied the motions, the evidentiary materials, and the case law on which the parties rely.  I conclude that the motions for reconsideration which are replete with innuendo, conjecture and speculation are insufficient to warrant reconsideration of my conclusions reached in the November 11, 2005 memorandum opinion and order.

8. Defendant files these Objections pursuant to 28 U.S.C. § 636(b)(1)(A).  *See United States v. Raddatz*, 447 U.S. 667, 680 (1980) (concluding that due process rights are adequately protected by § 636(b)(1) by granting district judge broad discretion to accept, reject or modify magistrate's rulings); *United States v. Mers*, 701 F.2d 1321, 1338 (11th Cir. 1983) (28 U.S.C. § 636(b)(1) "provides that a federal judge may reject, in whole or in part, the findings of the magistrate."); *United States v. Santana*, 808 F.Supp. 77, 79-80 (D. Mass. 1992), *rev'd on other grounds,* 6 F.3d 1 (1st Cir. 1993) ("A dissatisfied litigant may obtain review of a dispositive pretrial motion issued by a magistrate judge by filing an objection to a report and recommendation in the district court.  A *de novo* standard of review applies. The district court may accept, reject or modify the recommendation, receive additional evidence or recommit the matter to the magistrate judge with instructions." (citations omitted)).

9. As presented in Defendant Siegelman's initial recusal motion and Defendant's motion for reconsideration, which are both adopted in full as part of these objections,

---

hand delivery) that is contemporaneous with the method employed by the Government to deliver such pleadings to the Clerk's office for filing.
 [2] On December 23, 2005, Judge Cody entered an Order denying co-Defendant Hamrick's motion to adopt the recusal motions filed by Defendants Scrushy and Siegelman. (Doc 74.)

3

Defendant respectfully submits that Judge Coody's recusal is required under §§ 455(a) and/or (b)(5)(iii). Absent the granting of Defendant's motion to recuse, since this motion presents a timely request for recusal that is clearly not frivolous, which rises to the threshold standard to require recusal under § 455, and involves a fact-specific inquiry concerning Judge Coody's relationships related to the factual matters in the instant criminal case, Defendant respectfully submits that this motion should be referred to another United States Magistrate Judge for an evidentiary hearing and determination or, in the alternative, that this Court should determine the full extent of the facts related to this issue and make a *de novo* determination as to the necessity of recusal under all of the facts as determined by this Court.

**B.     ARGUMENT AND AUTHORITIES**

10.     Contemporaneously with the filing of this Objection, Defendant Richard Scrushy has likewise filed an appeal of Judge Coody's Order styled, "Objections to Order and Memorandum Opinion of Magistrate Judge Denying Defendant's Motions for Recusal." Rather than burden the Court, with additional paper work, Defendant Siegelman hereby adopts the arguments and authorities contained in Defendant Scrushy's objection and incorporates said arguments and authorities as fully set forth herein.

11.     Likewise Defendant Siegelman hereby adopts all arguments and authorities previously set forth in the joint motion for reconsideration filed by Defendants' Siegelman and Scrushy and incorporates said arguments and authorities as fully set forth herein (Doc. 73).

12.     Contrary to the Magistrate's order of January 3, 2006, the Defendants' request for recusal is not based on "innuendo, conjecture, and speculation." In fact, as

more fully set forth in Defendant Scrushy's objection, the opposite is true: the Magistrate's order denying recusal is the document that leads to speculation about undisclosed facts about innuendo relationships and conjecture with regard to the partiality of the Magistrate and how he came to satisfy himself that he could be fair.

WHEREFORE, Defendant respectfully prays that this Court enter an Order rejecting the Order and Memorandum Opinion on Recusal filed November 10, 2005, and enter an Order granting Defendant's motion to recuse. In the alternative, Defendant respectfully prays that this Court enter an Order referring Defendant's motion to a different Magistrate Judge for an evidentiary hearing and disposition, or that this Court itself conduct an appropriate proceeding to determine all of the facts relating to the relationships and conversations at issue and make a *de novo* determination of the necessity of recusal, and for such other and further relief as this Court may deem just and proper.

This 17th day of January, 2006.

Respectfully submitted,

/s/ G. Douglas Jones
G. Douglas Jones

**OF COUNSEL:**
WHATLEY DRAKE, LLC
2323 2nd Avenue North
Birmingham, AL 35203
(205) 328-9575

5

**CERTIFICATE OF SEVICE**

I hereby certify that on the 17th day of January, 2006, I electronically filed the foregoing "Objection to Order and Memorandum Opinion of Magistrate Judge Denying Defendants' Motions for Recusal" with the Clerk of the Court using the CM/ECF system which will send notification of such to counsel of record.

/s/ G. Douglas Jones_____

OF COUNSEL