IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR NO. 2:05CR119-F |
| | ) | |
| DON EUGENE SIEGELMAN | ) | |
| RICHARD SCRUSHY | ) | |
| PAUL MICHAEL HAMRICK | ) | |

ORDER

Defendants Scrushy, Siegelman and Hamrick have filed motions to dismiss and challenge to the composition of jury pools (doc. ## 104, 109 & 110) and motions for discovery of jury records (doc. ## 105, 109 & 112). On February 2, 2006, the court heard argument on these motions. For the reasons stated in open court, the court will hold in abeyance disposition of the motions to dismiss.

The motions for discovery concern jury records from both the 2001 and 2005 Master (MW) and Qualified Jury Wheels (QJW). All agree that the special grand jury which returned the second superseding indictment against the defendants was drawn from the 2001 QJW and that the petit jury for the trial of this case will be drawn from the 2005 QJW. In addition, the parties have advised the court that substantial discovery has been conducted in *United States v. Carmichael*, 2:03cr259-T (M.D. Ala.) on the jury challenge issue raised in that case and that access to that information which is presently subject to a protective order entered in the *Carmichael* case would facilitate resolution of the issues in this case. The Clerk of the Court has in her possession the data which was provided to the parties in that case. The undersigned has conferred with the Magistrate Judge in the

*Carmichael* case and is authorized to permit access to that material on the same basis as counsel in that case.

The defendants are entitled to discovery. The applicable statute, 28 U.S.C. § 1867(f) provides in relevant part as follows:

> The contents of records or papers used by the jury commission or clerk in connection with the jury selection process shall not be disclosed, except pursuant to the district court plan or as may be necessary in the preparation or presentation of a motion under subsection (a), (b), or (c) of this section, . . . The parties in a case shall be allowed to inspect, reproduce, and copy such records or papers at all reasonable times during the preparation and pendency of such a motion.

While the right to inspection of jury lists has been characterized as "unqualified," *Test v. United States*, 420 U.S. 28 (1975), that right extends generally to those materials relevant to the defendants' challenge and not to any and all information about jurors. *See United States v. McLernon*, 746 F.2d 1098, 1123 (6th Cir. 1984). Accordingly, the court will impose initial controls on the discovery[1] process. Accordingly, it is

ORDERED that the motions for discovery be and are hereby GRANTED as follows:

1.  The Clerk of the Court shall make available as soon as possible to counsel for the parties the jury data developed in the *Carmichael* case, and counsel for the parties in this action who are actively engaged in the conduct of this litigation; their partners, associates, secretaries, paralegals and retained experts who agree that by virtue of disclosure to them of this information they submit to the in personam jurisdiction of this court be and are hereby made subject to the restrictions and requirements of all protective orders entered in *United States v. Carmichael*, 2:03cr259-T (M.D. Ala.).

---

[1] Of course, the court has the inherent authority to control discovery during the course of a case.

  2. The Clerk of the Court shall make available to counsel for the parties the following information about the Grand Jury which returned the indictments in this case.

  a. The participant number and race of each person summoned for grand jury duty.

  b. The participant number of each person summoned for grand jury duty who was excused from appearing for service.

  c. The participant number of each person who appeared for service.

  d. The participant number of each person who was selected to serve as a grand juror or alternate.

  e. The participant number of any grand juror who was excused from service after beginning service and the participant number of the alternate who replaced the excused juror.

  3. With respect to the 2005 QJW, the Clerk of the Court shall provide as soon as possible to counsel for the parties the participant number and race of each person on the QJW as of January 31, 2006. If it is not possible to provide this information by participant number alone, the Clerk of the Court will provide the name of the person and such other but no more identifying data as is necessary to provide the data on race and sex. It is further

  ORDERED that with respect to the disclosures made under ¶ 3 of this order and pursuant to the provisions of 28 U.S.C. § 1867(f)[2] no information obtained from the court

---

[2] While 28 U.S.C. § 1867(f) provides criminal penalties for the disclosure of information in violation of the provisions of 28 U.S.C. § 1867(f), the court concludes that the additional protections contained in this order are appropriate.

jury records and files produced in conjunction with this case may be disclosed to any person including the defendants; provided however, that the information from the court jury records or files may be disclosed to counsel for the parties in this action who are actively engaged in the conduct of this litigation; to the partners, associates, secretaries, paralegals and other employees of such an attorney to the extent reasonably necessary to render professional service in this litigation; to retained experts who agree that by virtue of disclosure to them of this information they submit to the in personam jurisdiction of this court; to persons with prior knowledge of the documents or the confidential information contained therein; and to court officials involved in this litigation.  It is further

ORDERED that original jury records and files including electronically stored information shall not be taken from the Frank M. Johnson, Jr. Federal Building and United States Courthouse, Montgomery, Alabama; provided, however, that subject to the provisions of this order, copies of records and files including electronically stored information may be provided to counsel.  It is further

ORDERED that a telephone status conference be and is hereby set on February 23, 2006, at 9:00 a.m.  The United States shall set up this conference call.

Done this 3rd day of February, 2006.

    /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE