IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CR NO. 2:05-cr-119-F |
| v. ) | |
| ) | |
| DON EUGENE SIEGELMAN, et al ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT DON E. SIEGELMAN'S
### MOTION TO DISMISS

Comes now Governor Don Siegelman (hereinafter "Governor Siegelman"), a defendant in this case, and moves this Honorable Court to dismiss Counts 1, 2, 5 through 14, and 16 through 33 of the Second Superseding Indictment as to him. The reason in a nutshell, as explained more fully below, is that each of these counts is – at least in part – based on allegations that purport to state mail or wire fraud of the "honest services" sort but that actually do not.

The Counts at issue here – in whole or at least in part – do not allege facts, which if proven at trial, would continue a prosecutable offense as to Governor Siegelman. *See generally United States v. Cure,* 804 F.2d 625,627 (11th Cir. 1986) (holding a district court must dismiss an indictment that does not state a prosecutable offense); *see also United States v. Caia, 719* F.2d 1120, 1123 (11th Cir. 1983) (stating "[i]t is perfectly proper, and in fact *mandated.* that the district court dismiss an indictment if the indictment fails to allege facts which constitute a prosecutable offense." (emphasis added). To the extent that the Court may conclude that the legal infirmity discussed herein infects only part of any given Count, and that it is possible for some remainder of that Count to survive, Governor Siegelman requests partial dismissal of such count at the very least; but Governor Siegelman submits that the invalid portions of the Counts in

question are not severable from the remainder.

Each of the Counts at issue in this motion depends, at least in part, on an attempt to allege violations of the mail or wire fraud statutes, of the "honest services" variety under 18 U.S.C. § 1346. But each of them does so – either expressly or by adoption of express allegations in other counts – with an allegation of the deprivation of "honest *and faithful* services." Count One does this by cross-referencing and adopting the allegations of Count Two. *See* paragraph 6. Count Two does this expressly in paragraph 17, again by incorporation in paragraph 21, again by (at least implicit) adoption in paragraphs 23 and 24 (money laundering allegations that depend for their validity on the allegations of substantive crimes, including paragraph 17), again expressly in paragraph 28, again by adoption in paragraph 32, again by (at least implicit) adoption in the money-laundering allegation of paragraph 34, 36 and 37, again expressly in paragraph 43, again by (at least implicit) adoption in the money-laundering allegation of paragraph 47, again expressly in paragraph 53, again expressly in paragraph 57, again expressly in paragraph 61, again by adoption in paragraph 65, again by (at least implicit) adoption in paragraphs 67 and 68 regarding money-laundering, and again expressly in paragraph 69.

The problem is that the allegation – of a scheme to defraud the State of Alabama of its "honest and faithful services" -- does not properly allege a violation of the statutes at issue. "Honest services" fraud is governed by 18 U.S.C. § 1346 which states, "[f]or the purposes of this chapter [including mail and wire fraud], the term 'scheme or artifice to defraud" includes a scheme or artifice to deprive another of the intangible right of honest services." *Id.* However, instead of alleging only a deprivation of honest services as set out in 18 U.S.C. 1346, the government alleges a deprivation of "the honest **and faithful** services of Governor Siegelman and Roberts. The addition of "and faithful" alters the very nature of the allegation to the point

where it no longer constitutes a violation of § 1346.

The word "and" can grammatically correctly be construed as the word "or." *See* Black's Law Dictionary, 5th ed. Moreover, in this particular context given the grammatical construction of the clauses at issue, "and" *does* apparently effectively mean "or" in the allegations of the indictment. Imagine, by analogy, person A saying to person B, "you deprived me of my right to fresh and ripe oranges." This could mean either that the oranges provided were unripe, or that they were not fresh. So, based on this indictment, Governor Siegelman is charged with supposedly having violated "honest services" fraud law though not necessarily based on a deprivation of honest services as required by statute. These counts must therefore be dismissed, because the facts alleged do not show a violation of the statutes in question. In *United States* v. *Adkinson*, 135 F.3d 1363 (11th Cir. 1998), the government was permitted to try its case under an indictment which failed to allege a breach of law in four counts. The Eleventh Circuit held that circumstance to be reversible error. In *Adkinson*, the court noted, "[i]n order to be valid, an indictment must allege that the defendants performed acts, which if proven, constitute the violation of law for which they are charged." citing *United States* v. *Polychron*, 841 F.2d at 833. Further "[a]n indictment should be tested against the law 'as we find it on the date of our decision.'" *Adkinson* at 1372 (quoting *United States* v. *City of Philadelphia*, 644 F.2d 187, 192 n.3 (3" Cir. 1980)). Here the indictment has a plain defect in that it can be construed to allege circumstances which do not constitute a legal offense.

Further, special scrutiny should be applied to the misrepresentation of the elements of 18 U.S.C. § 1346 in the indictment. 18 U.S.C. § 1346 is, of course, an extension of the mail fraud statute in that it eliminated the requirement of a tangible loss to sustain an offense under the mail fraud statute, and instead caused a deprivation of so-called "honest services" to form the basis of

a conviction. *See generally* Blumel, Ryan *Mail and Wire Fraud* 42 American Criminal Law Review 677, 682-83 (2005). Thus, the additional term "and faithful" in the indictment is especially troubling because it amounts to an extension beyond the out limits which Congress has proscribed. Criminal statutes are to be construed strictly in favor of the accused. *See United States* v. *Lanier*, 520 U.S. 259, 266 (1997) (stating "as a sort of 'junior version of the vagueness doctrine,' H. Packer, The Limits of the Criminal Sanction 95 (1968), the canon of strict construction of criminal statutes, or rule of lenity, ensures fair warning by so resolving ambiguity in a criminal statute as to apply it only to conduct clearly covered").

The prosecutorial attempt to add "faithful" to the definition of honest services fraud is particularly troubling, since that word has no clear meaning in this context. This, too, is contrary to the principles of *Lanier, supra*, requiring fair warning of what is and is not prohibited by criminal statutes.

Finally, as an additional reason for dismissal of all of the mail and wire fraud allegations in the indictment, there is no allegation sufficient to set forth a crucial element of those crimes: *materiality*. *Neder v. United States*, 527 U.S. 1, 20-25 (1999) (holding that common law meaning, which includes materiality, should be applied to relevant federal fraud statutes). There is no mention of materiality of any misstatement or failure to disclose, in the relevant portions of the indictment. This is a fatal defect, meaning that the indictment fails to state facts that would, if proven, violate the statutes in question.

Respectfully submitted this the 20th day of February, 2006.

Respectfully submitted,

/s/ G. Douglas Jones
G. Douglas Jones

4

**OF COUNSEL:**
WHATLEY DRAKE, LLC
2323 2nd Avenue North
Birmingham, AL 35203
Phone: (205) 328-9576
Fax: (205) 328-9669

Charles Redding Pitt
John D. Saxon, PC
2119 Third Avenue North
Birmingham, AL 35203
(205) 324-0223
Fax: 205-323-1583

David Allen McDonald
Kilborn, Roebuck & McDonald
203 South Warren Street
Post Office Box 832
Mobile, AL 36602
251-434-0045
Fax:251-434-0047

Vincent F. Kilborn, III
Kilborn, Roebuck & McDonald
1810 Old Government Street
P. O. Box 66710
Mobile, AL 36606
(334) 479-9010
Fax:251-479-6747

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of February, 2006, I electronically filed the foregoing "Defendant Don E. Siegelman's Motion to Dismiss" with the Clerk of the Court using the CM/ECF system which will send notification of such to counsel of record .

/s/ G. Douglas Jones
OF COUNSEL