IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CR NO. 2:05-cr-119-F |
| v. | ) |
| | ) |
| DON EUGENE SIEGELMAN, et al | ) |
| | ) |
| Defendant. | ) |

### MOTION OF GOVERNOR DON SIEGELMAN FOR A "*JAMES* HEARING" JUST PRIOR TO OPENING STATEMENTS

Governor Don Siegelman hereby respectfully moves for an Order that there will be a *James* hearing at the outset of the trial, just prior to opening statements.

A *James* hearing is one pursuant to Fed. R. Evid. 104 and *United States v. James*, 590 F.2d 575 (5th Cir. 1979) (en banc). Its purpose is to allow the Court to decide whether the Government has sufficient evidence of the actual existence of the charged conspiracy, such that alleged "co-conspirator hearsay" statements may be introduced under Fed. R. Evid. 801(d)(2)(E).

As the Fifth Circuit explained in the *James* opinion, which is binding precedent in the Eleventh Circuit, to hold such a hearing should be the rule rather than the exception. While it may *sometimes* be necessary to allow the hearsay statements into evidence subject to being "tied up" by later evidence of the existence of the conspiracy, this is not the preferred practice. The reason, in a nutshell, is this: if the Court allows the jury to hear hearsay statements, and the Court *later* concludes after all the evidence is in that the evidence of conspiracy was insufficient to justify application of Evidence Rule

801(d)(2)(E), then there is a real problem. The Court must, in that event, either (a) declare a mistrial, (b) try in vain to get the jury to put the erroneously-admitted evidence out of its head, which is a practical impossibility, or (c) enter a judgment of acquittal where appropriate. *James*, 590 F.2d at 581-82. Holding a *James* hearing before the start of evidence will avoid all of those problems. As the Circuit put it in *James*, there is a general rule in favor of requiring such a hearing, subject only to limited exception:

> Both because of the "danger" to the defendant if the statement is not connected and because of the inevitable serious waste of time, energy and efficiency when a mistrial is required in order to obviate such danger, we conclude that the present procedure warrants the statement of a preferred order of proof in such a case. The district court <u>should, whenever reasonably practicable,</u> require the showing of a conspiracy and of the connection of the defendant with it before admitting declarations of a co-conspirator. If it determines it is not reasonably practical to require the showing to be made before admitting the evidence, the court may admit the statement subject to being connected up.

*Id.* at 582 (emphasis supplied).

Such a hearing will be particularly appropriate in this case, because the charges include allegations of various conspiracies including a variety of alleged participants. *See, e.g.*, Second Superceding Indictment ¶ 4 (alleging a conspiracy among Governor Siegelman, plus one other defendant, plus two named persons who are not defendants, plus "other persons known and unknown to the Grand Jury"); ¶ 53 (alleging a conspiracy among Governor Siegelman, Richard M. Scrushy, and "persons both known and unknown to the Grand Jury"). Given the Indictment's heavy reliance on allegations of conspiracy, and its repeated allegation that the conspiracy included persons whom the Indictment does not even name, there is every reason to expect that the Government will

seek to introduce evidence of hearsay statements allegedly made by other named and unnamed alleged conspirators.

There is no reason, in this case, why there should be an exception to the general rule of holding a *James* hearing. In other words, the Government will not be able to demonstrate that holding such a hearing would be "not reasonable practicable." *James*, 590 F.2d at 582. So, this case falls squarely within the *James* rule.

The Government's voluntary dismissal of its earlier charges against Governor Siegelman, after a *James* hearing, show how such a procedure when properly handled is to the benefit of all parties and of the Court. In that earlier case, the U.S. District Court for the Northern District of Alabama held a *James* hearing after the jury was chosen and sworn, but before opening statements were to commence. The Court then found that the Government did <u>not</u> have sufficient evidence of a conspiracy to satisfy the relevant Rules of Evidence, and so the hearsay statements that the Government sought to introduce would be excluded. The Government, realizing that its evidence was insufficient to rebut Governor Siegelman's innocence, voluntarily dismissed the charges against him with prejudice. This procedure saved (at a conservative estimate) tens of thousands of dollars in public funds; the Court, the Government, and the Jury avoided the necessity of putting in hundreds upon hundreds of hours in trial where the admissible evidence was universally recognized to be insufficient to convict. A similar procedure should be employed in this case: the Court should hold a *James* hearing just prior to opening statements.

Governor Siegelman also moves, as part of this motion, for an order compelling the Government to disclose, at or before the *James* hearing (or at least before trial), what evidence it may seek to offer under Rule 801(d)(2)(E) as supposed co-conspirator statements. That sort of notice will be necessary and appropriate in order to allow the admissibility of any such evidence to be properly considered before the jury hears it, so as to reduce the risk of error and prejudice to Governor Siegelman.

Respectfully submitted this the   20th   day of February 2006.

Respectfully submitted,

/s/ G. Douglas Jones
G. Douglas Jones

**OF COUNSEL:**
WHATLEY DRAKE, LLC
2323 2nd Avenue North
Birmingham, AL 35203
Phone: (205) 328-9576
Fax: (205) 328-9669

Charles Redding Pitt
John D. Saxon, PC
2119 Third Avenue North
Birmingham, AL 35203
(205) 324-0223
Fax:205-323-1583

David Allen McDonald
Kilborn, Roebuck & McDonald
203 South Warren Street
Post Office Box 832
Mobile, AL 36602
251-434-0045
Fax:251-434-0047

Vincent F. Kilborn, III
Kilborn, Roebuck & McDonald
1810 Old Government Street
P. O. Box 66710
Mobile, AL 36606
(334) 479-9010
Fax:251-479-6747

## CERTIFICATE OF SERVICE

I hereby certify that on the  day of February, 2006, I electronically filed the foregoing "Motion of Governor Siegelman for a "*James*" Hearing Just Prior to Opening Statements" with the Clerk of the Court using the CM/ECF system which will send notification of such to counsel of record .

        /s/ Douglas Jones
OF COUNSEL