IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 2:05-cr-119-MEF |
| ) | |
| DON EUGENE SIEGELMAN ) | |
| RICHARD SCRUSHY ) | |

**ORDER**

On February 13, 2006, Defendant Scrushy filed a Motion for Enhanced Jury Selection Procedures (Doc. # 133). Defendant Siegelman filed a substantially similar motion on February 20, 2006 (Doc. # 138). Both motions request six specific enhanced jury selection procedures. The Court will address each of these in turn.

Defendants first request that expanded jury questionnaires be mailed to prospective jurors to be filled out and reviewed by the attorneys in advance of trial. As noted by Defendant Siegelman, the Court has already made the parties aware of its intention to use expanded jury questionnaires. Per this Court's Scheduling Order of January 23, 2006 (Doc. # 103), the parties are required to submit any proposed jury questionnaire questions on or before March 10, 2006.

Defendants next request that jury panel members not be instructed, in the questionnaire or during voir dire, on matters such as the presumption of innocence, impartiality, basing their verdict solely on the evidence, seeking a fair and impartial jury, etc. Defendants believe that such instructions may key prospective jurors' responses to questions

designed to discover prejudice or bias, thereby preventing Defendants from discovering hidden bias. The Court must begin by assuming that all prospective jurors are impartial. *See United States v. Khoury*, 901 F.2d 948, 955-56 (11th Cir. 1990). During voir dire, this Court and other courts routinely instruct jurors on general principles of criminal law (e.g., the presumption of innocence) and on their duties as jurors to be fair and impartial. The Eleventh Circuit has consistently approved of these types of instructions. *See, e.g., United States v. Simmons*, 961 F.2d 183, 185-86 (11th Cir. 1992)(approving instructions of the burden of proof and presumption of innocence). The Eleventh Circuit has also approved of direct questioning of prospective jurors as to whether they could be fair and impartial. *See, e.g., United States v. Nash*, 910 F.2d 749, 754 (11th Cir. 1990)(approving questioning of each prospective juror regarding potential bias). There is nothing unique about the present case which leads the Court to believe that such instructions and questioning would be more likely to conceal the bias of potential jurors than in any other case. Therefore, the Court will use such instructions and questioning during voir dire as appropriate.

Third, Defendants request that the Court allow partial attorney-conducted voir dire. In general, this Court allows attorneys to submit proposed voir dire questions, then chooses which of those questions to ask the jury panel. Following questioning by the Court, attorneys are permitted to further question the panel. The Court intends to follow this procedure in this case.[1]

---

[1] In fact, the Court has already set an April 3, 2006 deadline for the submission of proposed voir dire.

Fourth, Defendants request that, where appropriate during judge-conducted voir dire, open-ended questions be used to allow the attorneys to better discover prejudice or bias. As previously stated, the Court intends to give attorneys the opportunity to submit proposed voir dire questions. The attorneys are free to submit open-ended questions if they choose to do so, and the Court will then decide whether to pose those questions to the panel.

Fifth, Defendants request that as to any panel members as to whom there is an indication of a problem (either in their questionnaire or voir dire responses), that that panel member be questioned individually and in sequestration. The Court reserves making a decision on this issue until the time of voir dire. At that point, the Court will decide whether to question prospective jurors individually and in sequestration on a case-by-case basis.

Finally, Defendants request that the Court permit additional peremptory challenges.[2] Federal Rule of Civil Procedure 24(b)(2) permits the government six peremptory challenges and the Defendants ten peremptory challenges jointly in a felony case. In a multiple defendant case, it is within the district court's discretion to allow additional peremptory challenges and to decide whether to allow the defendants to exercise those challenges separately or jointly. *See* Fed. R. Crim. P. 24(b). In this case, the Court will permit two additional peremptory challenges for each side, resulting in a total of 12 peremptory challenges for the Defendants and eight for the government. The Defendants may decide among themselves whether to use their challenges separately or jointly.

---

[2] Defendant Scrushy asks for two additional peremptory challenges per Defendant, while Defendant Siegelman requests a "reasonable number" of additional peremptory challenges.

For the reasons set forth above, it is hereby ORDERED that the Motions for Enhanced Jury Procedures (Docs. # 133 & 138) are GRANTED IN PART and DENIED IN PART.

DONE this the 6th day of March, 2006.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE