IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
Northern Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | No. 2:05-CR-119-F |
| | ) | |
| DON EUGENE SIEGELMAN, et al. | ) | |

### GOVERNOR SIEGELMAN'S REPLY IN SUPPORT OF HIS MOTION FOR BILL OF PARTICULARS

Governor Don Siegelman submits this reply in support of his motion for bill of particulars. The Government's response is based on an incorrect approach to bills of particulars that would, if followed, mean that such requests are *never* to be granted. The proper approach, as Governor Siegelman showed in his motion, is a liberal approach; that is expressly what the applicable Rule of Procedure was meant to accomplish. In further response to the Government's position, Governor Siegelman states as follows:

1. The Government's response to the motion suffers from a peculiar sort of split personality – on the one hand the Government argues that Governor Siegelman is not entitled to the information sought because the Government has a right to keep that information from him, and on the other hand the Government argues that he is not entitled to the information because the Government has already provided it to him in discovery. Both aspects of the Government's response, however, are wrong.

2. The Government never offers any reason why the Court *should not* order a bill of particulars answering all of the questions that Governor Siegelman posed. The

Government does not *want* to provide the information requested; but the Government offers not the slightest argument that providing such information would be contrary to the public interest. Contrary to the Government's assertions, Governor Siegelman's motion did not request anything remotely approaching a witness list or a description of all the Government's evidence. Governor Siegelman has asked a series of very specific questions as to what the Government alleges – not how it proposes to prove the facts that it alleges, or through what witnesses. The Government just wants to keep things as vague as possible until trial, for no reason other than its desire to obtain a conviction. That is, the Government never gives any good reason why the Court should allow the Government to be vague about what it alleges. Governor Siegelman has shown multiple good reasons why the Government should not be allowed to maintain its vagueness -- among those reasons being that he cannot properly prepare for trial in the face of such vagueness, and (quite importantly) the constitutional impropriety of governmental attempts to shift theories on the fly during the course of a criminal case. *U.S. v. Chandler*, 388 F.3d 796, 798 (11th Cir. 2004). The Government's opposition is not based on any principle other than that the Government wants to enhance its chances of winning the case – and that in itself is not a good enough reason to justify denial of a bill of particulars.

    3. As Governor Siegelman pointed out in his motion, the Constitution already requires that the indictment itself be specific enough to give the defendant fair notice of the allegations against him. The purpose of a bill of particulars, by definition, is to go

beyond that. But under the Government's approach, a bill of particulars would never be ordered. The Government literally does not mention even one single request that it thinks is well-taken. Nor does the Government offer any sort of standard for bills of particulars that would *ever* lead to the granting of such a request. That is proof positive that the Government is applying an incorrect legal standard to the question of when bills of particulars should be ordered.

    4. If the Government is claiming that the Court has no authority to grant the request for a bill of particulars on the question of the identity of the alleged unnamed coconspirators, or on similar questions, the Government is wrong. *U.S. v. Colson*, on which the Government relies, was decided on the grounds that the defendant (in his appeal after conviction) had not shown *prejudice* from the denial of such a request and that bills of particulars are not to be used for "generalized discovery"; the case certainly does not stand for the proposition that a request for clarification on identified vague aspects of an indictment *must* or even *should* be denied. *See U.S. v. Colson*, 662 F.2d 1389 (11th Cir. 1981). And the Government's reliance on *U.S. v. Anderson*, for the assertion that the identity of alleged coconspirators is not a proper subject of a bill of particulars, is likewise misplaced. *See U.S. v. Anderson*, 799 F.2d 1438 (11th Cir. 1986). *Anderson* concerned only the issue of whether the news media were entitled to certain materials; it did not disturb, and indeed cited, prior Circuit precedent calling bills of particulars "a proper procedure for discovering the names of unindicted coconspirators who the government plans to use as witnesses." *U.S. v. Barrentine*, 591 F.2d 1069 (5th

Cir. 1979). Finally, the Government's reliance on *U.S. v. Rosenthal* is misplaced because the Government is relying on stray dictum in that case; the case certainly does not stand for the proposition that a district court *must not* order a bill of particulars with regard to the essential particular facts of an alleged conspiracy. *U.S. v. Rosenthal*, 793 F.2d 1214 (1986).

5. With regard to the Government's claim that Governor Siegelman already has the information he needs as a result of discovery, it is crucial to note that the Government does not even attempt to say *which* requests it opposes on this basis. That is, Governor Siegelman has asked a number of questions, in his request for a bill of particulars. The Government surely does not claim that it has answered all of those questions, in discovery. Nor does the Government make any pretense of saying which ones it thinks it has adequately answered. This argument, in short, is just a make-weight without any factual support whatsoever.

6. As Governor Siegelman showed in his motion, the indictment is extremely vague in many respects – and, it is fair to infer, *intentionally* so. The Government wants to keep its options open, and does not want to be pinned down to a theory yet. But as reflected in *U.S. v. Chandler*, *supra*, the Government's desire not to be pinned down to a specific theory is not a good reason to rule for the Government; on the contrary, that desire is itself a serious injustice. The Government should be ordered to respond to Governor Siegelman's questions. The Government has had the opportunity to point to any specific questions that it thinks are outside the proper scope of a bill of particulars,

but the Government has instead taken the broad-brush approach of rejecting *all* of the requests wholesale. This Court should not have to go through Governor Siegelman's requests, one-by-one, where the Government itself has chosen not to do so. The Court should, therefore, reject the Government's wholesale objection and order a bill of particulars on all of Governor Siegelman's requests.

Dated this the 12th day of March, 2006.

Respectfully submitted,

 /s/ VINCENT F. KILBORN, III
Vincent F. Kilborn, III, Esquire (KILBV4484)

W. Perry Hall, Esquire (HALLW9043)
KILBORN, ROEBUCK & McDONALD
1810 Old Government Street (36606)
Post Office Box 66710
Mobile, Alabama  36660
Telephone: (251) 479-9010
Fax: (251) 479-6747

David A. McDonald, Esquire (MCDOD5329)
KILBORN, ROEBUCK & McDONALD
203 South Warren Street (36602)
Post Office Box 832
Mobile, Alabama 36601
Telephone: (251) 434-0045
Fax: (251) 434-0047

Charles Redding Pitt, Esquire
2119 Third Avenue North
Birmingham, Alabama  35203
Telephone: (205) 324–0223
Fax: (205) 323-1583

## CERTIFICATE OF SERVICE

    I hereby certify that on the 12th day of March, 2006, I electronically filed the foregoing Notice of Appearance with the Clerk of the Court using the CM/ECF system which will send notification of such to all counsel of record.

                      /s/ VINCENT F. KILBORN, III
                      COUNSEL