IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
Northern Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | No. 2:05-CR-119-F |
| | ) | |
| DON EUGENE SIEGELMAN, et al. | ) | |

### GOVERNOR SIEGELMAN'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS COUNTS THREE AND FOUR

Governor Don Siegelman submits this reply in support of his motion to dismiss Counts Three and Four based on multiplicity.

1. Contrary to the Government's argument, these Counts are not distinguishable insofar as each of them charges Governor Siegelman. It is true that each of the Counts is based upon a different sub-paragraph of the statute (18 U.S.C. § 666(a)), and that it would make sense to charge a government official under one of the sub-paragraphs and the person who allegedly made a payment to that official under the other of the sub-paragraphs. The problem arises, as in this case, where each of the defendants in charged under *both* counts, through the aiding-and-abetting concept. Thus Governor Siegelman is charged in one Count with having knowingly solicited and/or accepted a payment, and in the other with having aided and abetted in the *giving* of that payment; the only conceivable way he is alleged to have aided and abetted, though, is by the exact same thing he was charged with directly in the other count, i.e., soliciting and/or accepting. The two charges are simply the same thing. And the same is true as to every other

element. For instance, one count charges Governor Siegelman with having intended to be rewarded or influenced, and the other with having aided or abetted the person who intended to reward or influence him; the premise is identical in both instances, i.e., the intent that the public official be rewarded or influenced. While the Government *says* that the charges are different, the fact is that charging a public official with aiding or abetting the paying of money to that official is no different from charging a public official with soliciting or accepting that same money. The Government is merely playing semantic games, in an effort to be able to inflate the number of charges, for PR purposes.

     2. The Government says (Brief, p. 7) that prosecutors often try this tactic. Perhaps they do, although the Government's citations do not reflect that this precise issue at hand in this case is a common one. But the mere fact that the Government has tried this before – and maybe that the Government has not been challenged on it – does not establish that it is proper. For the reasons explained in Governor Siegelman's motion, and in this response, this tactic is not proper at all.

     Dated this the 12th day of March, 2006.

                              Respectfully submitted,

                               /s/ VINCENT F. KILBORN, III
                              Vincent F. Kilborn, III, Esquire (KILBV4484)
                              W. Perry Hall, Esquire (HALLW9043)
                              KILBORN, ROEBUCK & McDONALD
                              1810 Old Government Street (36606)
                              Post Office Box 66710
                              Mobile, Alabama 36660

       Telephone: (251) 479-9010
       Fax: (251) 479-6747

       David A. McDonald, Esquire (MCDOD5329)
       KILBORN, ROEBUCK & McDONALD
       203 South Warren Street (36602)
       Post Office Box 832
       Mobile, Alabama 36601
       Telephone: (251) 434-0045
       Fax: (251) 434-0047

       Charles Redding Pitt, Esquire
       2119 Third Avenue North
       Birmingham, Alabama  35203
       Telephone: (205) 324–0223
       Fax: (205) 323-1583

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of March, 2006, I electronically filed the foregoing Notice of Appearance with the Clerk of the Court using the CM/ECF system which will send notification of such to all counsel of record.

       /s/ VINCENT F. KILBORN, III
       COUNSEL