IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
Northern Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | No. 2:05-CR-119-F |
| | ) | |
| DON EUGENE SIEGELMAN, et al. | ) | |

### GOVERNOR SIEGELMAN'S REPLY IN SUPPORT OF HIS MOTION FOR A *JAMES* HEARING

Governor Don Siegelman submits this reply in support of his motion for a *James* hearing on the admissibility of alleged co-conspirator hearsay statements.

1. The Government's first argument – that *James* hearings are a thing of the past – is utterly wrong. The Government's quasi-survey of the caselaw demonstrates absolutely nothing about how often courts hold pre-trial *James* hearings. (The Government explicitly disclaims any pretense of having made a full study of the caselaw, but nonetheless asks the Court to draw conclusions from its incomplete data; this is absurd.). The fact that there is not much published caselaw on *James* hearings for the last few years proves only that (a) District Courts don't publish many opinions at all in criminal cases, and certainly not many on whether they decide to hold pre-trial *James* hearings; and (b) the Eleventh Circuit has not seen the need to publish many opinions about *James* hearings in the last several years, most likely because there relevant precedents are well-established and there is no need to fill up the F.3ds with more of them.

2. The propriety of pre-trial *James* hearings is just as strong as it always ways – and any changes in the underlying law of admissibility, from *Bourjaily v. United States*, do not change that. Pre-trial *James* hearings still serve the exact same purpose they always did: to ensure that jurors are not prejudiced by hearing inadmissible evidence. As the Circuit put it in *James*, there is a general rule in favor of requiring such a hearing, subject only to limited exception:

> Both because of the "danger" to the defendant if the statement is not connected and because of the inevitable serious waste of time, energy and efficiency when a mistrial is required in order to obviate such danger, we conclude that the present procedure warrants the statement of a preferred order of proof in such a case. The district court <u>should, whenever reasonably practicable</u>, require the showing of a conspiracy and of the connection of the defendant with it before admitting declarations of a co-conspirator. If it determines it is not reasonably practical to require the showing to be made before admitting the evidence, the court may admit the statement subject to being connected up.

*James*, 590 F.2d 575, 582 (5th Cir. 1979) (en banc) (emphasis supplied). The Government does not claim that the Eleventh Circuit has overruled *James*, and rightly so.

3. The Government argues that denial of a pre-trial *James* hearing would probably not be reversible error. (Government Brief, p. 3). That is a completely backwards approach to the question. Whether Governor Siegelman could prove *prejudice* and *abuse of discretion* to the Eleventh Circuit's satisfaction, if his motion were denied, is entirely separate from the question of what this Court should so. The Government's overriding principle seems to be "In areas of discretion, the District Court should make every ruling

in favor of the Government, right up to the line of reversible error." The unfairness of that proposed principle should be apparent.

    4.  The Government also argues that a pre-trial *James* hearing would be inappropriate in this case because it would be an extremely lengthy hearing. But the Government offers no detail whatsoever to back up this statement. It is a statement that the Government could equally well make in *any* conspiracy case; the Government could say in *any* case that the proof of the conspiracy that would be adduced in the *James* hearing is largely overlapping with the proof of the charges that will be put before the jury. The Government can *always* say that. It may, indeed, often be true. But the Government cannot justify an exception from *James'*s normal rule of pre-trial hearings simply by *saying* that in a conclusory fashion. Otherwise, the above-quoted passage from *James* means nothing at all.

    5.  The Government's response to this motion is consistent with its response to Governor Siegelman's motion for a bill of particulars: the Government wants to keep its options open throughout the trial, as to who the alleged conspirators were, what the terms of the alleged conspiracies were, and so forth. The Government does not want to be pinned down to any particular theory until it has finished putting on its evidence. But as the Eleventh Circuit has said, prosecutors are not entitled to change their theories on the fly during the course of a case, depending on how well the evidence comes in. *U.S. v. Chandler*, 388 F.3d 796, 798 (11th Cir. 2004). There is no harm, and there is much

benefit, from putting the Government's "conspiracy" evidence to the test sooner rather than later; and that is why a *James* hearing should be held before opening statements.

Dated this the 12th day of March, 2006.

Respectfully submitted,

/s/ VINCENT F. KILBORN, III
Vincent F. Kilborn, III, Esquire (KILBV4484)

W. Perry Hall, Esquire (HALLW9043)
KILBORN, ROEBUCK & McDONALD
1810 Old Government Street (36606)
Post Office Box 66710
Mobile, Alabama  36660
Telephone: (251) 479-9010
Fax: (251) 479-6747

David A. McDonald, Esquire (MCDOD5329)
KILBORN, ROEBUCK & McDONALD
203 South Warren Street (36602)
Post Office Box 832
Mobile, Alabama 36601
Telephone: (251) 434-0045
Fax: (251) 434-0047

Charles Redding Pitt, Esquire
2119 Third Avenue North
Birmingham, Alabama  35203
Telephone: (205) 324–0223
Fax: (205) 323-1583

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of March, 2006, I electronically filed the foregoing Notice of Appearance with the Clerk of the Court using the CM/ECF system which will send notification of such to all counsel of record.

                                        /s/ VINCENT F. KILBORN, III
                                        COUNSEL