IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
Northern Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | No. 2:05-CR-119-F |
| | ) | |
| DON EUGENE SIEGELMAN, et al. | ) | |

## GOVERNOR SIEGELMAN'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS

Governor Don Siegelman submits this reply in support of his motion to dismiss.

1. The Government does not deny that, if Governor Siegelman is correct in his argument about the inadequacy of the Government's "honest services" allegations, then all of the Counts cited in Governor Siegelman's motion must fail. That must therefore be taken as settled.

2. The Government contends that "honest and faithful" is the governing standard for "honest services" fraud, because that was a "common law extension" of federal wire- and mail-fraud laws even prior to Congressional action. (Government Brief, p. 6). But the Government is plainly wrong about that: there are no federal common law crimes, and the scope of federal criminal laws is set by Congress rather than by the courts. *U.S. v. Lanier*, 520 U.S. 259, 267 n.6 (1997). So, when Congress provided in 18 U.S.C. § 1346 for the sub-species of fraud charges known as "honest services" fraud, the Congress was not adopting some "common law" standard of "honest and faithful"; instead, the

Congress was adopting a specific criminal statute that is defined by the words of the statute.

    3.  Limiting the statute to "honest" – rather than "honest [and whatever other adjectives the Government may want to use]" – is consistent with the fact that we are talking, here, about the law of *fraud*. Fraud consists of certain kinds of false statements, and occasionally of failure to make specific statements when those statements are required by law. It is about *falsehoods* – not, as the Government would have it, about a general code of all sorts of adjectives describing various sorts of virtues. By alleging that Governor Siegelman defrauded the public of its right to "honest and faithful" services, the indictment does *not* charge that he defrauded the public of its right to "honest" services. The phraseology of the indictment, indeed, would have Governor Siegelman convicted even without a bit of *dishonesty*, so long as there was a lack of "faithfulness" – whatever that might mean. But that is not what the statute says.

    4.  Related to this is the fact that the indictment does not allege one element of the fraud offense: materiality of the statement or omission. *See Neder v. U.S.*, 527 U.S. 1, 20 (1999). The Government attempts to overcome this problem in its brief (though not in the indictment, which is where criminal charges are supposed to be set out) by saying that the *schemes alleged* were "material." In this, the Government misunderstands what "materiality" means. It is a word that designates a *relationship* – one thing (e.g., a fact that is falsely stated or wrongly withheld) is material *to another thing* (usually to a decision). That is what "materiality" means in fraud law – that the <u>statement or omission</u> was material. *See*, *e.g.*, *Neder*, 527 U.S. at 22. To say, as the Government does, that the

"scheme" was material is to make a meaningless statement. So, even the Government's attempt to fill in this gap in the indictment is unsuccessful. The indictment fails to allege a crucial element of the crime, and therefore must be dismissed on this basis (as well as on the "and faithful" basis that has also been discussed).

     5. We are not talking, here, simply about whether Governor Siegelman has been given adequate notice of the charges against him. Instead the main point here is that the grand jury did not find, and did not declare its belief, that Governor Siegelman had actually done things that violate the federal criminal laws as they actually stand. At most the grand jury found and declared that Governor Siegelman had done things that violate *some other standard, some standard made up by the prosecutors in this case, a standard that is not set forth in the federal criminal statutes*. That is why the charges must be dismissed: because a defendant can be put to trial only if he is actually charged with having violated the requirements of a statute – not with having violated some requirements that are different from those that the statute imposes.

     Dated this the 12th day of March, 2006.

                                 Respectfully submitted,

                                 /s/ VINCENT F. KILBORN, III
                                 Vincent F. Kilborn, III, Esquire (KILBV4484)
                                 W. Perry Hall, Esquire (HALLW9043)
                                 KILBORN, ROEBUCK & McDONALD
                                 1810 Old Government Street (36606)
                                 Post Office Box 66710
                                 Mobile, Alabama  36660

       Telephone: (251) 479-9010
       Fax: (251) 479-6747

       David A. McDonald, Esquire (MCDOD5329)
       KILBORN, ROEBUCK & McDONALD
       203 South Warren Street (36602)
       Post Office Box 832
       Mobile, Alabama 36601
       Telephone: (251) 434-0045
       Fax: (251) 434-0047

       Charles Redding Pitt, Esquire
       2119 Third Avenue North
       Birmingham, Alabama  35203
       Telephone: (205) 324–0223
       Fax: (205) 323-1583

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of March, 2006, I electronically filed the foregoing Notice of Appearance with the Clerk of the Court using the CM/ECF system which will send notification of such to all counsel of record.

       /s/ VINCENT F. KILBORN, III
       COUNSEL