IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 2:05-cr-119-MEF |
| | ) | (WO) |
| DONE EUGENE SIEGELMAN | ) | |
| PAUL MICHAEL HAMRICK | ) | |
| GARY MACK ROBERTS | ) | |
| RICHARD M. SCRUSHY | ) | |

## ORDER

Before the court are the Defendants' motions[1] for a so-called *James* hearing. A *James* hearing determines whether the statements of alleged coconspirators are admissible against a defendant pursuant to Federal Rule of Evidence 801(d)(2)(E).[2] *See United States v. James*, 590 F.2d 575 (5th Cir.1979) (*en banc*). The purpose of the *James* hearing is "to protect the defendant from the admission of prejudicial hearsay on the basis of threadbare evidence of conspiracy." *United States v. Grassi,* 616 F.2d 1295 (5th Cir.1980).

In order for evidence to be admissible under Federal Rule of Evidence 801(d)(2)(E), the government must prove by a preponderance of the evidence: (1) that a conspiracy existed; (2) that the conspiracy included the declarant and the defendant against whom the statement is offered; and (3) that the statement was made during the course and in furtherance of the

---

[1] Scrushy's Mo. for Disclosure of FED. R. EVID. 801(d)(2)(E) Evidence (Doc. # 124); Roberts' Mo. for a *James* Hearing (Doc. # 128); Siegelman's Mo. for a James Hearing (Doc. # 141); and Hamrick's Mo. for a Pretrial Hearing (Doc. # 158).

[2] Federal Rule of Evidence 801(d)(2)(E) provides that a "statement is not hearsay if . . . [t]he statement is offered against a party and is . . . a statement by a coconspirator of a party during the course and in furtherance of the conspiracy."

conspiracy. *See United States v. Miles,* 290 F.3d 1341, 1351 (11th Cir. 2002); *United States v. Dickerson*, 248 F.3d 1036, 1049 (11th Cir.2001) (citing *Bourjaily v. United States*, 483 U.S. 171, 175 (1987)). In determining whether the government has met its burden, the court may rely on information provided by the co-conspirator's proffered statement as well as independent external evidence. *See Bourjaily*, 483 U.S. at 180-81; *United States v. Byrom*, 910 F.2d 725, 735-36 (11th Cir.1990). This circuit applies "a liberal standard in determining whether a statement is made in furtherance of a conspiracy." *United States v. Bazemore*, 41 F.3d 1431, 1434 (11th Cir.1988). The statement need not be necessary to the conspiracy, but must only further the interests of the conspiracy in some way. *United States v. Caraza*, 843 F.2d 432, 436 (11th Cir.1988) (per curiam). Statements made to solicit membership or participation in the conspiracy and statements explaining the conspiracy to a new member are made in furtherance of the conspiracy. *City of Tuscaloosa v. Harcros Chemicals, Inc.*, 158 F.3d 548, 558-59 (11th Cir.1999).

While in some cases it may be preferable to hold a *James* hearing before trial, it is not necessary. *United States v. Khoury,* 901 F.2d 948 (11th Cir. 1990);*United States v. Lippner*, 676 F.2d 456 (11th Cir.1982). "[I]f the district court concludes that a James hearing is not reasonably practical, it can admit the statements subject to the government later connecting them up" with sufficient evidence. *United States v. Allison*, 908 F.2d 1531, 1534 n.2 (1990); *United States v. Barshov*, 733 F.2d 842, 850 (11th Cir.1984); *James*, 590 F.2d at 582.

> [A *James* hearing] is not mandatory. Hearsay statements of alleged co-conspirators may still be admitted, without a James hearing, as long as sufficient independent evidence of conspiracy is ultimately placed before the

>jury. . .Conspiracy is established through evidence that two or more persons have agreed to commit a drug-related offense, that appellant knew of this agreement and that appellant agreed to participate.

*United States v. Espino-Perez*, 798 F.2d 439, 441 (11th Cir. 1986)(citations omitted).

The Defendants have not shown to the court why a pretrial *James* hearing is necessary or practical under the circumstances of this case.[3] Given the flexibility afforded the Court in the conduct of the trial, the Court concludes that the Defendants' motions for a pretrial *James* hearing should be denied without prejudice. However, the Court will impose on the government a requirement that before tendering any coconspirator statement during trial, the government must inform the Court and opposing counsel. The Court will then determine out of the presence of the jury whether to proceed or whether it is preferable at that point in the trial to put the government to its burden of proof. In that regard the Court may require, and the government should be prepared to make, a full proffer of the evidence supporting the introduction of a coconspirator statement.

---

[3] In his motion, Scrushy suggests that because of the 1997 amendments to Federal Rule of Evidence 801(d)(2)(E), "the need for a *James* determination remains . . ." As the government correctly points out, this suggestion has been rejected in this circuit. *United States v. Hasner*, 340 F.3d 1261, 1274 (11th Cir. 2003) (stating that co-conspirator statements can be provisionally admitted subject to the government "connecting them up" with sufficient evidence).

For the reasons set forth above, it is hereby ORDERED that the motions for a *James* hearing (Docs. # 128, 141, & 158) and for Disclosure of Fed. R. Evid. 801(d)(2)(E) Evidence (Doc. # 124) are DENIED without prejudice.

DONE this 15th day of March, 2006.

                                        /s/ Mark E. Fuller
                              CHIEF UNITED STATES DISTRICT JUDGE