IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 2:05-cr-119-MEF |
| | ) | (WO) |
| DON EUGENE SIEGELMAN | ) | |
| GARY MACK ROBERTS | ) | |
| RICHARD M. SCRUSHY | ) | |

# **ORDER**

Defendants Siegelman, Roberts, and Scrushy have each filed a Motion for Bill of Particulars (Docs. # 125, 126, & 142) pursuant to Federal Rule of Criminal Procedure 7(f). Defendants request that the Court require the Government to provide information concerning the identity of unnamed persons and the details of the alleged crimes.

A bill of particulars is warranted where, although an indictment is sufficient to withstand a motion to dismiss, it does not provide the defendant with enough information about the charges to prepare his defense. *See United States v. Hass*, 583 F.2d 216, 221 (5th Cir. 1978).[1]

> The purpose of a true bill of particulars is three-fold: "to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense. A bill of particulars, properly viewed, supplements an indictment by providing the defendant with information *necessary* for trial preparation.

---

[1] Decisions of the Fifth Circuit handed down prior to September 30, 1981 are binding precedent on the district courts of the Eleventh Circuit. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

*United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986)(citations omitted). Therefore, although information requested might be of some use to a defendant, this reason alone does not warrant the issuance of a bill of particulars. A bill of particulars is not a device designed to enable a defendant to engage in generalized discovery or to enable a defendant to obtain detailed exposition of the government's evidence or legal theories. *Id.* at 1441; *United States v. Warren*, 772 F.2d 827, 837 (11th Cir. 1985).

A bill of particulars is not necessary where the information the defendant is seeking is available through discovery. *See United States v. Rosenthal*, 793 F.2d 1214, 1227 (11th Cir. 1986)("[n]or is the defendant entitled to a bill of particulars with respect to information which is already available through other sources such as the indictment or discovery and inspection"). The United States has allegedly provided the Defendants in this case substantial discovery amounting to more than one million images of documents and other discoverable matter. Given this amount of discovery, it is difficult for Defendants to assert that they have not been sufficiently informed of the charges against them to allow them to prepare their defenses, minimize surprise at trial, and to enable them to plead double jeopardy.

There is one type of request which the Court will discuss with particularity. Defendants seek disclosure of the names of unindicted co-conspirators. The government has no general obligation to disclose the names of unindicted co-conspirators who will not be called as witnesses. *United States v. White,* 846 F.2d 678, 693 (11th Cir. 1988). Moreover,

Rule 16(b)(2) of the Federal Rules of Criminal Procedure states that the rule "does not authorize discovery or inspection of . . . a statement made . . . by. . . a government . . . witness, . . . or a prospective government . . . witness." Permitting a defendant to discover the names of unindicted co-conspirators through a bill of particulars would allow the defendant to circumvent this Rule 16(b)(2) prohibition. *See Anderson,* 799 F.2d at 1442. While it is correct that a bill of particulars may be "a proper procedure for discovering the names of unindicted coconspirators who the government plans to use as witnesses," *United States v. Anderson,* 799 F.2d 1438, 1442 n.5 (11th Cir. 1986) (quoting *United States v. Barrentine*, 591 F.2d 1069, 1077 (5th Cir. 1979)), the existence of a procedure for obtaining information does not mean that the information necessarily is discoverable. It is settled that a defendant may be indicted and convicted despite the names of his co-conspirators remaining unknown, as long as the government presents evidence to establish an agreement between two or more persons, a prerequisite to obtaining a conspiracy conviction. *Rogers v. United States*, 340 U.S. 367, 375 (1951); *United States v. Pruett*, 551 F.2d 1365, 1369 (5th Cir. 1977). Defendants have not shown why the identity of the unindicted coconspirators is necessary for the preparation of their defense.

    For the reasons set forth above, it is hereby ORDERED that the motions for a bill of particulars (Docs. # 125, 126, & 142) are DENIED.

    DONE this 15th day of March, 2006.

                                                      /s/ Mark E. Fuller
                                          CHIEF UNITED STATES DISTRICT JUDGE