IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 2:05-cr-119-MEF |
| | ) | (WO) |
| DON EUGENE SIEGELMAN | ) | |
| GARY MACK ROBERTS | ) | |

**ORDER**

Presently before the Court are Defendant Roberts' Motion to Dismiss (Doc. # 127) and Defendant Siegelman's Motion to Dismiss (Doc. # 139). In the Motions, Defendant Siegelman seeks to dismiss Counts 1, 5 through 14, 16, and 17 of the Second Superceding Indictment (hereinafter "indictment"), and both Defendants seek to dismiss Counts 2 and 18 through 33. Defendants claim that the honest services mail fraud and wire fraud allegations in these counts must be dismissed for failure to charge an offense. Defendants also claim that dismissal is warranted because the indictment fails to allege that their acts, if any, were "material" to the alleged scheme. Finally, Defendant Roberts also asserts that dismissal is warranted because the indictment fails to state when Roberts was let in on the alleged scheme.

Defendants claim that the indictment is insufficient as to the mail and wire fraud charges alleged pursuant to 18 U.S.C. §§ 1341 and 1343. According to the Eleventh Circuit "mail or wire fraud occurs when a person (1) intentionally participates in a scheme [or artifice] to defraud another of money or property and (2) uses the mails or wires in furtherance of that scheme." *McCulloch v. PNC Bank, Inc.*, 298 F.3d 1217, 1225 (11th Cir.

2002). 18 U.S.C. § 1346 defines "scheme or artifice to defraud" to include "a scheme or artifice to deprive another of the intangible right of honest services." In the counts alleging mail and wire fraud violations, the indictment refers to "honest and faithful services." For example, the indictment charges that Defendants "knowingly and willfully devised and intended to devise a scheme and artifice to defraud and deprive the State of Alabama of its right to the *honest and faithful* services of" Siegelman and Roberts. Indictment ¶ 43 (emphasis added). Defendants claim that because the statute only refers to "honest services," the use of the phrase "honest and faithful services" alters the nature of the allegation to the point where it no longer constitutes a violation of 18 U.S.C. § 1346.

Rule 7(c)(1) of the Federal Rules of Criminal Procedure requires that an indictment be "a plain, concise, and definite written statement of the essential facts constituting the offense charged" and for each count "must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated." "For an indictment to be valid, it must contain the elements of the offense to be charged, . . . sufficiently apprise the defendant of what he must be prepared to meet . . . , [and] enable the defendant to enter a plea that will bar any future prosecutions for the same offense." *United States v. Bobo*, 343 F.3d 1076, 1083 (11th Cir. 2003)(internal citations omitted). An indictment is not required to exactly track the statutory language; an indictment which simply refers to the statute on which the charge is based and briefly describes the facts of the commission of the offense is sufficient. *See United States v.*

*deVegter*, 198 F.3d 1324, 1330 (11th Cir. 1999); *United States v. Fern*, 155 F.3d 1318, 1325 (11th Cir. 1998).

The mail and wire fraud counts in the indictment set forth all of the elements of the offenses charged and facts supporting those charges. For example, paragraphs 43 through 46 describe Siegelman and Roberts' participation in a scheme involving the use of the Alabama Department of Transportation to further the business interests of Jimmy Lynn Allen and use of the mails in the execution of said scheme. Furthermore, the counts cite to the particular statutes allegedly violated. Thus, the indictment gives the Defendants adequate notice of the charges against them and the ability to claim double jeopardy in any future prosecution.

Defendants also claim that the inclusion of the word "faithful" extends Section 1346 beyond the scope intended by Congress. However, the case law, in referring to "honest services" often includes other terms, such as "loyal," "impartial," or "faithful." *See, e.g., United States v. Hasner*, 340 F.3d 1261, 1272 (11th Cir. 2003)(referring to the public's "right to honest and impartial government"); *United States v. Lopez-Lukis*, 102 F.3d 1164, 1168 (11th Cir. 1997)(noting the use of Section 1346 to "prosecute schemes to defraud the public of the honest and faithful services of government officials"). Thus, the inclusion of the term "faithful" in the indictment does not broaden the scope of Section 1346.

Defendants further assert that the mail and wire fraud charges are due to be dismissed because the indictment fails to allege that their acts, if any, were material to the alleged

scheme. The parties agree that "materiality of falsehood" is an element of mail and wire fraud, despite the fact that materiality is not a statutory element. *See Neder v. United States*, 527 U.S. 1, 25 (1999). However, the Defendants assert that materiality has not been sufficiently alleged.

> The proper question to ask . . . in determining whether an indictment sufficiently alleges materiality is whether the statement or representation alleged to be false . . . is potentially capable of being proved material by the government at trial. If the facts alleged in the indictment warrant an inference that the false statement is material, the indictment is not fatally insufficient for its failure to allege materiality in haec verba.

*United States v. McGough*, 510 F.2d 598, 602 (5th Cir. 1975).[1] In the present case, the numerous allegations of bribery and public corruption pertaining to both Defendants are "potentially capable of being proved material" by the United States at trial. Therefore, the indictment sufficiently alleges materiality.

Finally, Defendant Roberts claims that the indictment fails to allege when Roberts learned of the arrangement between Siegelman and Jimmy Lynn Allen. Roberts claims that this is a fatal defect in the indictment because intent and knowledge are elements of the charges against him. Count 2 of the indictment alleges that "DON EUGENE SIEGELMAN and Jimmy Lynn Allen would and did make Gary Mack Roberts aware of the scheme." Indictment ¶ 45(e).[2] Count 2 further alleges that "Gary Mack Roberts would and did use

---

[1] Decisions of the Fifth Circuit handed down prior to September 30, 1981 are binding precedent on the district courts of the Eleventh Circuit. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

[2] Paragraph 70 of the indictment incorporates this charge into Counts 18 through 33 as well.

official action and official influence as the Director of ALDOT to facilitate Jimmy Lynn Allen's business interests involving ALDOT." Indictment ¶ 45(h). Thus, the indictment clearly alleges knowledge and intent. As for when Roberts learned of the scheme, that is an issue of the sufficiency of the United States' evidence to support the allegations in the indictment, an issue which is premature at this point. *See United States v. Critzer*, 951 F.2d 306, 307 (11th Cir.1992)(stating that there is no provision in criminal cases for a "pre-trial determination of sufficiency of the evidence").

For the reasons set forth above, it is hereby ORDERED that the Motions to Dismiss (Docs. # 127 & 139) are DENIED.

DONE this 15th day of March, 2006.

        /s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE