**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| | * | CRIMINAL NO.: 2:05-cr-119-MEF |
| vs. | * | |
| | * | |
| DON EUGENE SIEGELMAN, et al., | * | |

**MOTION FOR ISSUANCE OF SUBPOENAS DUCES TECUM TO
REPUBLICAN GOVERNORS ASSOCIATION, MISSISSIPPI
BAND OF CHOCTAW INDIANS, CAPITOL CAMPAIGN STRATEGIES,
AND THE REPUBLICAN NATIONAL STATE ELECTIONS COMMITTEE**

The Defendant Governor Don E. Siegelman hereby moves the Court, pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure, for an Order directing issuance of subpoenas *duces tecum* for the production before the Court of certain documents prior to trial for purposes of **impeachment** and **cross-examination** under Rules 607 and 611 of the Federal Rules of Evidence, as well as for **affirmative substantive evidence** as explained below, and permitting inspection by his attorneys, as follows:

1. To the **Republican Governors Association** ("RGA"), 1747 Pennsylvania Avenue, N.W., Suite 250, Washington, D.C. 20006:

> Its original and amended reports involving the calendar year 2002, as well as checks and/or cash transfers from Capitol Campaign Strategies, checks and/or cash transfers from the RGA to the RNC's state election committee – the Republican National State Elections Committee –, and any memos in any way concerning contributions to Governor Bob Riley's 2002 gubernatorial campaign;

2. To the **Mississippi Band of Choctaw Indians** ("MS Choctaw Tribe"), 101 Industrial Road, Choctaw, Mississippi 39350:

>Checks or cash transfers from the MS Choctaw Tribe to Capitol Campaign Strategies and any memos from or to Capitol Campaign Strategies, Michael Scanlon, Jack Abramoff, the Republican Governors Association and/or the Republican National State Elections Committee concerning or relating to any past, present or future contributions to the 2002 gubernatorial campaign fund of Governor Bob Riley.

3. To **Capitol Campaign Strategies, LLC**, c/o Michael P.S. Scanlon, 24 West Street, Rehobeth Beach, Delaware 19971:

>Documents evidencing (a) receipts of MS Choctaw Tribe contributions or payments and (b) payments or contributions made to the Republican Governors Association in 2002, as well (c) as any memos from or to the MS Choctaw Tribe, the Republican Governors Association and/or Republican National State Elections Committee concerning or relating to any past, present or future contributions to the 2002 gubernatorial campaign fund of Governor Bob Riley

4. To the **Republican National State Elections Committee**, 310 First Street SE, Washington, D.C. 20003:

>Documents evidencing (a) contributions in 2002 from the Republican Governors Associations, (b) contributions made to the 2002 gubernatorial campaign fund of Governor Bob Riley, and (c) any memos to or from Capitol Campaign Strategies, the MS Choctaw Tribe and/or the Republican Governors Associations concerning or relating to any past, present or future contributions to the 2002 gubernatorial campaign fund of Governor Bob Riley

As grounds for this Motion, Governor Siegelman sets forth as follows:

1. In paragraph 23 of the Second Superseding Indictment, the Government alleges and must prove that Governor Don E. Siegelman "caused the deposit of a check, made payable to the Alabama Lottery Education Foundation and drawn on the account of a business in the amount of $250,000, to account number 59468 in the name of the Alabama Education Foundation... knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds...."

2.      The documents tendered by the Government indicate that the Government intends to ascribe the alleged "concealment and disguise" to the Alabama Education Foundation's ("AEF") omission of this check from its 1999 Political Committee Annual Report filed on January 31, 2000, which is attached hereto as Exhibit A. This, even though the AEF filed an amended report dated July 26, 2002, once the error came to its attention. This amended report was signed and filed by Robert D. Segall, Esquire. [See attached Exhibit B].

3.      Given the foregoing, Governor Siegelman respectfully moves the Court for an Order directing issuance of the requested subpoenas for production of the documents set forth above for the following reasons:

4.      Some time before June 8, 2005 – which was 6 months before the Government filed the Second Superseding Indictment – during its investigation in this case, the Federal Bureau of Investigation served a document subpoena on the Mississippi Band of Choctaw Indians (the "MS Choctaw Tribe") d/b/a Choctaw Resort Development Enterprise concerning certain named individuals including Gov. Siegelman, defendant Roberts and defendant Hamrick, as well as certain of the Government's trial witnesses like Nick Bailey and Jim Allen. [See Exhibit C]. Counsel's diligent search through hundreds of thousands of documents produced by the Government in electronic format revealed the responsive letter from counsel for the MS Choctaw Tribe, but not the subpoena and no documents related to Governor Siegelman or Defendants Roberts and Hamrick. [*Id.*].

5.      As the *Washington Post* and *Boston Globe* have reported, as have other newspapers around the nation, Capitol Campaign Strategies ("CCS"), the firm of Republican public relations executive Michael Scanlon, delivered two checks of $250,000 each to the Republican Governors

Association ("RGA") on October 17 and 22, 2002. Shortly afterward (on the eve of the 2002 Alabama gubernatorial election), the Republican Party sent $600,000 to Governor Bob Riley, then running against Governor Don Siegelman.[1] Scanlon, who recently pleaded guilty to conspiring to pay off public officials, is a former congressional staff member of Governor Riley and former House Majority Leader Tom DeLay. At the time of the $500,000 in CCS contributions, Scanlon and Washington lobbyist Jack Abramoff were working on behalf of Indian tribes, including the same MS Choctaw Tribe that received the above-mentioned subpoena, and the two men have been paid $45 million by Indian tribes for lobbying and public affairs work. The MS Choctaw Tribe was one of Scanlon/Abramoff's "most lucrative clients." The Choctaw Tribe runs a casino near Philadelphia, Mississippi, which is about 50 miles from the Alabama border and attracts many Alabama gambling patrons. Thus, "the Choctaws ... hoped to stop or slow the expansion of legalized gambling in neighboring Alabama" and thus "favored" Governor Riley in the 2002 election. See Thomas Edsall, *Probe to Include GOP Donations, PR Firm Hired by Tribes Gave $500,000 to Governors Group*, Wash. Post, May 18, 2004 [attached as Exhibit D]; and, Michael Kranish, *RNC donation raises questions on federal monitoring*, Boston Globe, Oct. 1, 2005 [attached as Exhibit E].[2]

6.     Along these lines, in 1999 and 2000, the Americans for Tax Reform PAC in Washington, D.C., received **$1.15 million from the MS Choctaw Tribe** and "then sent it to groups

---

[1] On October 21, 2002, the RGA reported two cash transfers to the Republican National State Elections committee, an arm of the Republican National Committee ("RNC"), one for $450,000 and the other for $2 Million. From October 17 to October 31, 2002, the RNC's state elections committee sent seven checks to the Alabama Republican Party for a total of $603,000 and five checks to Governor Riley's campaign for $600,000. Id.

[2] Investigators for the United States Senate Commerce Committee looking into the legality of the $45 million paid by Indian tribes to Scanlon and Abramoff for lobbying and public affairs work have wanted "to know whether any part of the $500,000 came from an Indian tribe with casino interests that might be interested in taking sides in a gubernatorial contest." [See Ex. D].

4

fighting" Governor Don "Siegelman's lottery proposal and legislation to expand gambling at dog tracks." Phillips Rawls, *Governor, attorney general to push gambling restrictions*, Associated Press, Feb. 7, 2006 [attached as Exhibit F]. Additionally, in 1998 and 1999, the MS Choctaw Tribe donated over a quarter million dollars to the U. S. Family Network (one of the pioneer donations to this public advocacy group organized by Rep. DeLay's former chief of staff), during which time the group sent out a fundraising letter signed by then-Representative Bob Riley to Alabama residents promoting the blocking of a rival casino proposed by the Poarch Creek Indians:

> "The American family is under attack from all sides: crime, drugs, pornography, and one of the least talked about but equally as destructive – gambling,"... "We need your help today ... to prevent the Poarch Creek Indians from building casinos in Alabama."

R. Jeffrey Smith, *The DeLay-Abramoff Money Trail*, Wash. Post, Dec. 31, 2005 [attached as Exhibit G].[3]

7. The RGA spokesman has said that the RGA's failure to report the CCS contributions until April 27, 2003, nearly 18 months after Governor Riley won the election – was attributable to an "accounting error" [see Ex. D], or a bookkeeping error [See Ex. E].

8. The RGA reporting issue is similar to the AEF's reporting issue, in that both involve similar amounts of contributions (two contributions of $250,000) left out innocently but included by amendment about 18 months later.

9. The RGA's original and amended reports involving the calendar year 2002, as well as the checks from CCS, the checks to the RNC's state elections committee, and any memos

---

[3] It is also significant that another of Scanlon/Abramoff's largest Indian Tribal clients, the Saginaw Chippewa Indian Tribe which operated casinos in Michigan, contributed $18,000 to the D.C.-based Americans for a Republican Majority PAC ("ARMPAC," which is associated with Scanlon's former boss Rep. Tom DeLay) only a few months before ARMPAC made contributions of $5,000 and $10,000 to Governor Riley's campaign on May 7 and June 4, 2002.

concerning contributions to Governor Riley's gubernatorial campaign, are relevant and admissible in this case on the issue of impeachment and cross-examination of any Government witness who testifies in support of the Government's claim that a PAC's error in reporting contributions constitutes money laundering or that a contribution to or from a PAC is a way to unlawfully conceal or disguise money, as alleged in Paragraph 23 of the Second Superseding Indictment, as well as being **affirmative substantive evidence** that late disclosures often occur for innocent reasons. Moreover, these documents will go to show the Government's attitude of looking the other way based on the party-affiliation of those involved, particularly when the Government targeted the MS Choctaw Tribe in investigating the facts of this case.

10. For the foregoing reasons, Governor Siegelman also requests an Order for:

(1) a subpoena to the MS Choctaw Tribe for checks or cash transfers from the MS Choctaw Tribe to Capitol Campaign Strategies and any memos from or to Capitol Campaign Strategies, Michael Scanlon, Jack Abramoff, the Republican Governors Association and/or the Republican National State Elections Committee concerning or relating to any past, present or future contributions to the 2002 gubernatorial campaign fund of Governor Bob Riley;

(2) a subpoena to Capitol Campaign Strategies, LLC, for documents evidencing (a) receipts of MS Choctaw Tribe contributions or payments and (b) payments or contributions made to the Republican Governors Association in 2002, as well (c) as any memos from or to the MS Choctaw Tribe, the Republican Governors Association and/or Republican National State Elections Committee concerning or relating to any past, present or future contributions to the 2002 gubernatorial campaign fund of Governor Bob Riley; and

(3) a subpoena to the Republican National State Elections Committee for documents evidencing (a) contributions in 2002 from the Republican Governors Associations, (b) contributions made to the 2002 gubernatorial campaign fund of Governor Bob Riley, and (c) any memos to or from Capitol Campaign Strategies, the MS Choctaw Tribe and/or the Republican Governors Associations concerning or relating to any past, present or future

        contributions to the 2002 gubernatorial campaign fund of Governor Bob Riley.

11.    The above-referenced documents are further made relevant by the Government's accusation that Governor Siegelman "caused the deposit" of checks from Black Warrior Parkway, LLC to various Alabama political action committees and tried to conceal or disguise "the nature, location, source, ownership, and control of the[se] proceeds." [Second Superseding Indictment, p. 28, ¶ 47, Count for Money Laundering]. In particular, the Government's allegations relate to Black Warrior Parkway's contributions to 9 PACs. Based on the indictment as well as documents the Government has produced, the Government appears intent on claiming that making contributions to PACs, as alleged in the indictment, is a testament to illegality. The documents sought – based on the information set forth above – will therefore be relevant, material and admissible for impeachment and cross-examination of any Government witness who contends that PAC usage is an indicium of unlawfulness and will also be affirmative substantive evidence that PAC usage is **not** an indicium of illegality.

12.    Rule 17(c) is designed to implement the Sixth Amendment guarantee that the defendant shall have compulsory process to obtain evidence in his favor. California v. Trombetta, 467 U.S. 479, 485-86 & n. 6 (1984); In re Martin Marietta Corp., 856 F.2d 619, 621 (4th Cir. 1988). And, impeachment and cross-examination of the Government's witnesses – exploring, attacking and/or revealing the witnesses' possible biases, prejudices or ulterior motives and refuting their testimony – are proper and important functions of the constitutional right of confrontation. See Bruton v. United States, 391 U.S. 123 (1968); Davis v. Alaska, 415 U.S. 308, 316-17 (1974).

Based on these constitutional guarantees and for the reasons set out above, Governor Siegelman should be entitled to an Order directing that subpoenas be issued for the above-requested

documents because the documents: (1) are evidentiary and relevant; (2) are not otherwise procurable reasonably in advance of trial by the exercise of diligence; (3) Governor Siegelman cannot properly prepare for trial without production and inspection in advance of trial; and (4) this request is made in good faith and is not intended as a general fishing expedition.  See United States v. Nixon, 418 U.S. 683 (1979) and Bowman Dairy Co. v. United States, 341 U.S. 214 (1951).  See also, United States v. Cuthbertson, 630 F.2d 139, 144 (3d Cir. 1980) ("rule 17(c) permits a party to subpoena materials that may be used for impeaching a witness called by the opposing party....") (citations omitted).

WHEREFORE, the Defendant Governor Don E. Siegelman respectfully moves the Court for an Order directing the issuance of the subpoenas duces tecum delineated above.

Dated this the 17th day of March, 2006.

Respectfully submitted,

/s/ W. PERRY HALL
Vincent F. Kilborn, III, Esquire (KILBV4484)
W. Perry Hall, Esquire (HALLW9043)
KILBORN, ROEBUCK & McDONALD
1810 Old Government Street (36606)
Post Office Box 66710
Mobile, Alabama  36660
Telephone: (251) 479-9010
Fax: (251) 479-6747

David A. McDonald, Esquire (MCDOD5329)
KILBORN, ROEBUCK & McDONALD
203 South Warren Street (36602)
Post Office Box 832
Mobile, Alabama 36601
Telephone: (251) 434-0045
Fax: (251) 434-0047

Charles Redding Pitt, Esquire
2119 Third Avenue North
Birmingham, Alabama  35203
Telephone: (205) 324–0223
Fax: (205) 323-1583

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 17th day of March, 2006, I electronically filed the foregoing Notice of Appearance with the Clerk of the Court using the CM/ECF system which will send notification of such to all counsel of record.


    /s/ W. PERRY HALL
    COUNSEL