# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
### Northern Division

UNITED STATES OF AMERICA

vs.                                    No. 2:05-CR-119-F

DON EUGENE SIEGELMAN, et al.

## GOVERNOR SIEGELMAN'S PROPOSED JURY INSTRUCTIONS

Defendant, Don Eugene Siegelman, by and through his attorneys,

respectfully submits the attached proposed jury instructions.

> Respectfully submitted,
> /s/ Vincent W. Kilborn, III
> (KILBV4484)
> W. Perry Hall (HALLW9043)
> KILBORN, ROBUCK & McDONALD
> 1810 Old Government Street
> Mobile, Alabama 36606
> Telephone: 251-479-6747

OF COUNSEL:                  Hiram Eastland
David A. McDonald            MS Bar #5294
203 South Warren Street      EASTLAND LAW OFFICES
Mobile, Alabama 36602        Greenwood, Mississippi 38930
Telephone: 251-434-0045      Telephone: 662-897-0495

Charles Redding Pitt
2119 Third Ave. North
Birmingham, Alabama 35205
Telephone: 205-324-0223

Dated: April 3, 2006

*Attorneys for Defendant Don Siegelman*

## INTRODUCTORY NOTATIONS

The numerical references to pattern jury instructions provided herein are to the *Eleventh Circuit Pattern Jury Instructions*, *Criminal* (2003 Edition) prepared by the Committee on Pattern Jury Instructions of the Judicial Council of the Eleventh Circuit unless designated otherwise. An exhibit is attached hereto for the Eleventh Circuit pattern instructions that are referred to only numerically, without further quotation or proposed modification.

 In following the general format of the Eleventh Circuit Pattern Instructions, the proposed instructions are divided herein into three segments: "Basic Instructions"; "Special Instructions" and "Offense Instructions." The Offense Instructions are further divided into general instructions uniquely applicable to the nature of the offenses charged in the Indictment and specific instructions regarding the various different offenses charged in the counts of the Indictment.

Some of the pattern instructions have alternative wording for various trial scenarios; it is not possible at this time to choose between all alternatives.

Some of the pattern instructions also require modification to best instruct the jury on the particular charges against Governor Siegelman. When the pattern instruction has been modified, the source cite at the end of each instruction will indicate the pattern instruction has been "(modified)".

Proposed instructions that are not found in pattern instructions will have the source of legal support or practical justification cited at the end of the instruction.

Any of the proposed instructions may have additional case law or other legal support cited at the end of the instruction.

Governor Siegelman respectfully requests the Court to provide the jury the following proposed instructions:

## I. **"Basic Instructions"**

Governor Siegelman requests the Eleventh Circuit's Pattern "Basic Instructions" numbers 1 through 7, 9.1, 10.4, 11 and 12.

These Eleventh Circuit pattern "Basic Instructions" are attached as "Exhibit A".

## II. **"Special Instructions"**

As to the Eleventh Circuit pattern "Special Instructions," Governor Siegelman requests one of the alternative forms of number 1 depending on the evidence at trial, 2.2 if called for by the evidence, 4 if called for by the evidence, 5, 12 if called for by the evidence, and the first two paragraphs of 17. These Pattern "Special Instructions" are attached as "Exhibit B".

# III. "Offense Instructions"

## A. General Instructions Regarding The Offenses

Governor Siegelman respectfully requests the Court to provide the jury the following general instructions as a preface to or in conjunction with the Court's specific instructions regarding the offenses charged in the Indictment. In some of the requested instructions there are separate lettered paragraphs; if the Court refuses to give some of the lettered paragraphs, Governor Siegelman requests that the Court provide the jury the remainder of the proposed instructions.

1.

a) In considering the charges in this case, you must not consider other things that you may have heard, or that you may believe, about any of the defendants in this case. You must base your decision only on the evidence that you have heard in this courtroom.

b) You must not approach your deliberations with any concern about how other people, or the news media, might react to a particular verdict. That must not matter to you at all.

c) You also must not be motivated by a desire to "send a message" to public officials or to anyone else, or by a desire to change the system of politics. That is not the purpose of a trial such as this, and those things must not be any part of your verdict.

d) If you have heard or read any allegations that Governor Siegelman ever engaged any wrongdoing that has not been proven by evidence in this case, then I instruct you that those allegations are not proven as true and that you must accept that those allegations are not true.  It is common that elected officials are subject to all sorts of allegations of wrongdoing; often these allegations are unfounded. You must come to your deliberations in this case with the understanding that you have heard no evidence that Governor Siegelman committed any wrongdoing or any dishonest or unethical or improper conduct outside the specific charges in this case; therefore, you must accept it as true that he did not do any such thing unless proved by evidence regarding the specific charges in this case.

Note: These instructions relate to the general principle that the jury must consider only the particular charges and only the evidence. But given the unique particulars of this case – the fact that the defendants are high-profile figures and the massive publicity that the case has received and will receive, the specific wording, suggested above is important. It is important that jurors receive an instruction like this in a case involving an elected official, because otherwise the risk is substantial that they will come to the case with the belief that the defendant committed some wrongdoing, or had some bad character trait. A case involving an elected official is, in this way, completely unlike a case against a defendant about whom jurors have no preexisting opinion or beliefs.

*Accord*, Albert W. Alschuler, *The Mail Fraud & RICO Racket, Thoughts On The Trial of George Ryan [former Governor of Illinois]*, 9 Green Bag 2d 113 (Winter 2006).

2.

a) A person cannot be held responsible for the crimes of another, on the grounds that the one who committed the crime is his employee. In other words, if an employee commits a crime, even one committed in the workplace or committed using the authority that he has by virtue of his employment, that does not make the employer guilty of the crime.

Note: *See, e.g., U.S. v. Brown*, 79 F.3d 1550, 1555 n.9 (11th Cir. 1996), as to mail and wire fraud. The same principle plainly applies to the other statutes at issue here.

b) This is just as true of elected officials, as it is of others; the fact that an associate or employee or ally of the elected official may commit a crime, does not mean that the elected official is guilty of any crime.

Note: This is simple application of the rule above. Given the expected testimony of certain Government witnesses who were formerly associated with Governor Siegelman, as to crimes those witnesses allegedly committed, it is important to make this point explicit in the instructions.

*Accord*, Albert W. Alschuler, *The Mail Fraud & RICO Racket, Thoughts On The Trial Of George Ryan[former Governor of Illinois]* , 9 Green Bag 113 (Winter 2006)

3.

a) Many of the charges in this case have to do with fundraising – with money given to, and received by, political action committees or campaign funds. There is nothing illegal or improper about elected officials requesting that people make campaign contributions or contributions to political action committees.

b) Indeed, there is nothing illegal or improper about elected officials making such requests of people who will be affected by actions taken by those officials.

c) Whatever your personal feelings about this state of affairs, you must accept that this in itself is not illegal.

d) It is, in fact, a necessity as a practical matter in a democracy such as ours; a statewide campaign for office, or on an issue to be decided at the ballot box, requires a great deal of money.

e) And people are willing to contribute that money, by and large, when they think that by contributing money, they will make it more likely that the government ends up doing things that the contributors would like to see done.

f) Moreover, it is normal and common for elected officials to do things that are to the benefit of those who contributed to their campaigns or causes. This in itself is not illegal.

g) The fact that a person made a contribution to an official's campaign or at the request of that official, and then was benefited by some official action, does not prove that the official took that action because of the contribution.

*McCormick v. U.S.*, 500 U.S. 257, 272-73 (1991):

> Serving constituents and supporting legislation that will benefit the district and individuals and groups therein is the everyday business of a legislator. It is also true that campaigns must be run and financed. Money is constantly being solicited on behalf of candidates, who run on platforms and who claim support on the basis of their views and what they intend to do or have done. Whatever ethical considerations and appearances may indicate, to hold that legislators commit the federal crime of extortion when they act for the benefit of constituents or support legislation furthering the interests of some of their constituents, shortly before or after campaign contributions are solicited and received from those beneficiaries, is an unrealistic assessment of what Congress could have meant by making it a crime to obtain property from another, with his consent, "under color of official right." To hold otherwise would open to prosecution not only conduct that has long been thought to be well within the law, but also conduct that, in a very real sense, is unavoidable so long as election campaigns are financed by private contributions or expenditures, as they have been from the beginning of the Nation. It would require statutory language more explicit than the Hobbs Act contains to justify a contrary conclusion.

Although *McCormick* dealt with the Supreme Court's interpretation of the Hobbs Act, the Supreme Court's observations would apply equally well to all other statutes at issue in this case:

*United States v. Martinez*, 14 F.3rd 543, n. 5 at 553 (11th Cir. 1994) (Supreme Court's *McCormick* principles found applicable to federal extortion as well as state bribery charges)

*United States v. Warner*, No. 02 CR 506, 2005 WL 2367769, at *3-5 (N.D. Ill. Sept. 23, 2005) (Supreme Court's *McCormick* principles found applicable to federal "honest services" mail and wire fraud charges) .

4.

a)  As I will explain to you, some of the charges against Governor Siegelman concern allegations that he sought or obtained campaign contributions, money, property or other things of value in exchange for official action of some sort.

b) As to all such charges, under all of the statutes at issue in your deliberations, the Government must prove beyond a reasonable doubt that there was an explicit quid pro quo – that is, an explicit promise or undertaking to perform or not perform an official act in exchange for a campaign contribution or other form of benefit outside the context of campaign contributions. It is not enough to prove that some person or people thought that there was a link between a public official's performance or non-performance of an official act and a campaign contribution or other form of benefit outside the context of campaign contributions; the government must prove the existence of an explicit quid pro quo in order to prove a violation of these statutes.

Note:   *McCormick v. U.S.*, 500 U.S. 257, 273 (1991) (quid pro quo requisite applicable to federal extortion charges)

*United States v. Martinez*, 14 F.3rd 543, 553 (11th Cir. 1994) (quid pro quo requisite applicable to federal extortion and state bribery charges)

*United States v. Warner*, 2005 WL 2367769, at *3-5 (N.D. Ill. Sept. 23, 2005) (quid pro quo requisite applicable to "honest services" mail and wire fraud charges against George Ryan, former Governor of Illinois)

5.

In your deliberations, you will notice that in various counts the indictment charges that money was "given to" Governor Siegelman, or that someone "paid" money to him, or that he "accepted" money, or the like. Where a charge contains an allegation of that sort, but the evidence fails to show beyond a reasonable doubt that the money actually was given or paid to Governor Siegelman himself, you must find Governor Siegelman not guilty on such a charge. In other words, if the indictment charges that money was given or paid to, or accepted by, Governor Siegelman – but the evidence shows instead, that money was given or paid to, or accepted by some fund, committee, or other entity, even one that was politically aligned with Governor Siegelman – you must find him not guilty in that respect. If there is even a reasonable doubt as to whether the money was given or paid to, or accepted by, Governor Siegelman himself, then you must find him not guilty in this respect.

Note: This is an application of the established principle that a defendant can be tried only on the charges set forth in the indictment – and not on an after-the-fact prosecutorial expansion of the charges or an after-the-fact prosecutorial adoption of a theory that is different from the one set forth in the indictment. Such a constructive amendment of the indictment is prohibited. *See, e.g., U.S. v. Narog*, 372 F.3d 1243 (11th Cir. 2004) and cases discussed therein. *See also U.S. v. Chandler*, 388 F.3d 796, 798 (11th Cir. 2004) (discussing impropriety of, and constitutional prohibition, of prosecutorial efforts to change the theory of the prosecution as the case goes along).

**B.  Offense Instructions For The Offenses Charged In The Indictment**

**Introduction to Offense Instructions**
**(For Cases That Include Conspiracy Charges)**

At this time I will explain the indictment which charges thirty-four separate offenses called "counts."  I will not read it to you at length because you will be given a copy of the indictment for reference during your deliberation.

In summary, Count One charges that Defendants Don Eugene Siegelman and Paul Michael Hamrick conspired to conduct and participate, directly and indirectly, in the conduct of the affairs of an enterprise through a pattern of racketeering activity. Although conducting the affairs of an enterprise through a pattern of racketeering activity is as I will explain in a moment a substantive racketeering offense in itself, you will note that Defendant Siegelman and Defendant Hamrick are not charged in Count One with committing a racketeering *substantive offense*; rather, they are charged with having *conspired to commit* a racketeering substantive offense. I will explain the law governing the *conspiracy offense* charged in Count One in a moment.

Counts Two through Thirty-Four, respectively, charge what are referred to as *substantive offenses*.  I will explain the law governing the substantive offenses charged in Counts Two through Thirty-Four in a few moments.  However, in summarizing the substantive offenses charged against various Defendants in these Counts, the indictment charges that the Defendants Don Eugene Siegelman and

Paul Michael Hamrick committed a substantive offense that violated the racketeering statute known as the "RICO" statute as charged in Count Two; that Defendant Don Eugene Siegelman committed a substantive offense that violated and Defendant Richard Scrushy aided and abetted the violation of the federal funds bribery statute as charged in Count Three; that Defendant Schrushy commited a substantive offense that violated and Defendant Don Eugene Siegelman aided and abetted the violation of the federal funds bribery statute as charged in Count Four; that Defendant Don Eugene Siegelman and Defendant Richard Scrushy committed a substantive offense that violated the federal conspiracy statute as charged in Count Five; that Defendant Don Eugene Siegelman and Defendant Richard Scrushy committed substantive offenses that violated and aided and abetted each other in violating the federal honest services mail fraud statute as charged in Counts Six through Nine; that Defendant Siegelman and Defendant Paul Michael Hamrick committed substantive offenses that violated and aided and abetted each other in violating the federal mail fraud statute as charged in Counts Ten through Twelve; that Defendant Don Eugene Siegelman and Defendant Paul Michael Hamrick committed substantive offenses that violated and aided and abetted each other in the violating the federal wire fraud statute as charged in Counts Thirteen through Fourteen; that Defendant Paul Michael Hamrick committed a substantive offense that violated the federal obstruction of justice statute as charged in Counts

Fifteen; that Defendant Don Eugene Siegelman committed substantive offenses that violated the federal obstruction of justice statute as charged in Counts Sixteen through Seventeen; that Defendant Don Eugene Siegelman and Defendant Gary Mack Roberts commited substantive offenses by Defendant Siegelman violating and Defendant Gary Roberts aiding and abetting the violation of the federal honest services mail fraud statute as charged in Counts Eighteen through Thirty-Three; and that Defendant Don Eugene Siegelman violated the federal extortion statute as charged in Count Thirty-Four.

Eleventh Circuit Pattern Jury Instruction 8, Criminal, Introduction to Offense Instructions (In Conspiracy Cases) (2003) (modified)

*United States v. To*, 144 F.3rd 737, 744 (11th Cir. 1998)

*United States v. Starrett*, 55 F.3rd 1525, 1543 (11th Cir. 1995)

## INSTRUCTIONS REGARDING COUNT 1
## (CONSPIRACY TO COMMIT RACKETEERING)

### RICO—Conspiracy Offense
### 18 U.S.C. § 1962(d)

Title 18, United States Code, Section 1962(d), makes it a federal crime or offense for anyone who is associated with an "enterprise" engaged in, or the activities of which affect, interstate commerce, to participate in conducting the affairs of the enterprise through a "pattern of racketeering activity."

The meaning of these terms and an explanation of what must be proved in order to establish that offense, is discussed in that part of the instructions covering Count Two of the Indictment that I will explain in a few moments.

However, the Defendants named in Count One of the indictment—the conspiracy count—are not charged in that Count with violating Section 1962(c); rather, they are charged with knowingly and willfully conspiring to violate that law, the alleged conspiracy itself being a separate crime or offense in violation of Section 1962(d).

So, under that law a "conspiracy" is a combination or agreement of two or more persons to join together to attempt to accomplish an offense that would be in violation of Section 1962(c) as elsewhere defined in these instructions.  It is a kind of "partnership in criminal purpose" in which each member becomes the agent of every other member.

Eleventh Circuit Pattern Jury Instruction 71.2, Criminal (2003)

*United States v. To*, 144 F.3rd 737, 744 (11th Cir. 1998)

The evidence in the case need *not* show that the alleged members of the conspiracy entered into any express or formal agreement; or that they directly discussed between themselves the details of the scheme and its purpose, *or* the precise ways in which the purpose was to be accomplished. Neither must it be proved that *all* of the persons charged to have been members of the conspiracy were such, *nor* that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

What the evidence *must* show beyond a reasonable doubt is:

First:    That two or more persons, in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan, namely, to engage in a "pattern of racketeering activity" as charged in the indictment; and

Second:    That the Defendant knowingly and willfully became a member of such a conspiracy; and

Third:    That at the time the Defendant knowingly and willfully agreed to join in such a conspiracy, the Defendant did so with the specific intent either to personally participate in the commission of two "predicate offenses," as elsewhere defined in these instructions, or that the Defendant specifically intended to otherwise participate in the affairs of the "enterprise" with the knowledge and intent that other members of the conspiracy would commit two or more "predicate offenses" as part of a "pattern of racketeering activity."

If you find from your consideration of all the evidence that any of these propositions has not been proven beyond a reasonable doubt as to a defendant, then you must find that defendant not guilty of Count One.

Eleventh Circuit Pattern Jury Instruction 71.2, Criminal (2003) (modified)

*United States v. To*, 144 F.3d 737, 744 (11th Cir. 1998)

*United States v. Starrett*, 55 F.3[rd] 1525, 1553-1554 (11th Cir. 1995)

*United States v. Church*, 955 F.2d 688, 694 (11th Cir. 1992)

*United States v. Beale*, 921 F.2d 1412, 1436 (11th Cir. 1991)

As regarding what the evidence *must* show beyond a reasonable doubt, it is also very important to understand that mere presence at the scene of a transaction or event, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not establish proof of the existence of a conspiracy.  Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.  Thus, if you find after all your consideration of the evidence that one or all of these circumstances applies to a defendant, then you should find that defendant not guilty of Count One.

_____

Eleventh Circuit Pattern Jury Instruction 71.2, Criminal (2003) (modified).

*United States v. To*, 144 F.3rd 737, 746 (11th Cir. 1998) ("'A defendant must be convicted on the basis of his own proven conduct, association is not enough. RICO does not punish 'mere association with coconspirators or knowledge of illegal activity; its proscriptions are directed against conduct, not status.' *Gonzalez*, 921 F.2d at 1542 (quoting *United States v. Elliott*, 571 F.d 880, 903 (5th Cir. 1978).")

Albert W. Alschuler, *The Mail Fraud & RICO Racket, Thoughts On The Trial Of George Ryan[former Governor of Illinois]*, 9 Green Bag 2d 113, 118-119 (Winter 2006)

You are also further instructed, with regard to the alleged racketeering offense that proof of several separate conspiracies is not proof of the single, overall conspiracy charged in the indictment unless one of the several conspiracies which is proved is the single conspiracy which the indictment charges. Moreover, the Defendant is not responsible for the acts of others in a conspiracy that goes beyond the goals of the conspiracy as that defendant understands them.

What you must do is determine whether the single conspiracy in the indictment existed between two or more conspirators. If you find that no such conspiracy existed, then you must acquit the Defendants of that charge. However, if you decide that such a conspiracy did exist, you must then determine who the members were; and, if you should find that a particular Defendant was a member of some other conspiracy, not the one charged in the indictment, then you must acquit the Defendant.

In other words, to find a Defendant guilty you must unanimously find that such Defendant was a member of the conspiracy charged in the indictment and not a member of some other separate conspiracy.

Eleventh Circuit Pattern Jury Instruction 13.3, Criminal, (2003) (modified) (also modified to apply the instruction to a RICO conspiracy)

*United States v. Church*, 955 F.2d 688, 699 (11th Cir. 1992) (RICO conspiracy case recognizing prejudice to substantial rights for a material variance where there is a substantial likelihood of transfer of evidence from one alleged conspiracy to a defendant allegedly involved in another conspiracy).

As I have said, Count One charges and the government must prove that the defendant conspired to conduct and participate in the conduct of the affairs of the enterprise through a pattern of racketeering activity.  It is insufficient for the government to merely show that a defendant conspired to conduct the affairs of an enterprise and to engage in a pattern of racketeering activity.  To conduct and participate in the conduct of an enterprise's affairs *through* a pattern of racketeering activity requires a meaningful "nexus"—or connection—between the affairs of the enterprise, the Defendant, and the pattern of racketeering activity.

In order to establish a "nexus" between the affairs of the enterprise, the Defendant and the pattern of racketeering activity, the government *must* prove beyond a reasonable doubt that that the Defendant's conspiracy to commit the racketeering acts detailed in the indictment are related to the enterprise charged and that the predicate acts form a pattern.

_____

Fifth Circuit Pattern Jury Instruction 2.78, Criminal (2001) (modified)

*Sedima, S.P.R.L. v. Imrex*, 473 U.S. 479, 496 n. 14 (1985)

*United States v. To*, 144 F.3[rd] 737, 744 (11th Cir. 1998) ("'[t]he focus is on the agreement to participate in the enterprise through the pattern of racketeering activity, not on the agreement to commit the individual predicate acts.' *Starret*, 55 F.3[rd] at 1543.")

*United States v. Starrett*, 55 F.3[rd] 1525, 1542-1543 (11th Cir. 1995)

*United States v. Carter*, 721 F.2d 1514, 1527 (11th Cir.), *cert. denied*, 469 U.S. 819 (1984)

*United States v. Cauble*, 706 F.2d 1322, 1332-1333 (5th Cir. 1983)

U.S. Department of Justice, *Racketeering Influenced & Corrupt Organizarions, A Manual For Federal Prosecutors*, at 131-132, 133 (Fourth Edition, July 2000)

In order to find a "pattern of racketeering activity" for purposes of Count One, you must find beyond a reasonable doubt that the Defendant agreed that some member of the conspiracy would commit at least two predicate acts of racketeering as described in Count One and they were separate acts. The government may prove a defendant's agreement in two ways: (1) by proving an agreement on a overall objective, or (2) by proving a defendant agreed personally to commit two predicate acts and therefore to participate in a single objective conspiracy. An agreement on an overall objective may be proved by evidence showing that each defendant must necessarily have known that others were also conspiring to participate in the same enterprise through a pattern of racketeering activity.

The pattern of racketeering activity alleged in Count One consists of multiple acts of honest services mail and wire fraud, money laundering, extortion, obstruction of justice and bribery. You must find that those acts were in some way related to each other and that there was continuity between them.

Acts are related to each other if they are not isolated events, that is, if they have similar purposes, or results, or participants, or victims, or are committed a similar way, or have other similar distinguishing characteristics, or are a part of the affairs of the same enterprise.

There is continuity between acts if, for example, they wer ongoing over a long period of time, or have the potential to continue over a substantial period, or if they are part of the regular way some entity does business or conducts its affairs.

Eleventh Circuit Pattern Jury Instructions, Criminal, 18 U.S.C. § 1962(c) (2003) (modified to apply to conspiracy to violate Section 1962(c))

*United States v. To*, 144 F.3d 737, 744 (11th Cir. 1998)

*United States v. Starrett*, 55 F3d. 1525, 1544 (11th Cir. 1995)

The term "racketeering activity" includes any act charged in the indictment as honest services mail fraud under 18 U.S.C. §§ 1341 and 1346; honest services wire fraud under 18 U.S.C. §§ 1343 and 1346; money laundering under 18 U.S.C. § 1956; extortion under 18 U.S.C. § 1951; obstruction of justice under 18 U.S.C. § 1512; aiding and abetting such offenses under 18 U.S.C. § 2; and bribery under ALA. CODE 1965 §§ 13A-10-61 & ALA. CODE. 1975 § 17-22A-7.

In order to prove an agreement to commit a racketeering act, agreement to commit all the elements of the offenses must be proved beyond a reasonable doubt. The elements of these offenses are set forth in separate instructions below. For purposes of Count One, any agreed-to violations of these statutes may constitute a distinct act of "racketeering activity." In order to find the government proved an agreement to commit a racketeering act, you must be unanimous as to which specific racketeering act, if any, a defendant agreed would be committed.

Three types of "racketeering activities" (honest services mail and wire fraud, extortion and obstruction of justice) are charged both as racketeering activities in count one and as separate offenses in the indictment. Honest services mail and wire fraud, extortion, obstruction of justice, money laundering, and bribery are also charged as racketeering acts in count two of the indictment.

Eleventh Circuit Pattern Jury Instructions, Criminal, 18 U.S.C. § 1962(c) (2003) (modified to apply to conspiracy to violate Section 1962(c))

## INSTRUCTIONS REGARDING COUNT 2

### RICO—Substantive Offense
### 18 U.S.C. § 1962(c)

The government has charged the Defendant Don Eugene Siegelman and Defendant Paul Michael Hamrick with the substantive offense of violating 18 U.S.C. § 1962(c).  It is a crime for anyone employed by or associated with an enterprise engaged in or affecting interstate commerce to conduct or to participate, directly or indirectly, in the conduct of the affairs of that enterprise through a pattern of racketeering activity.

I will now explain what the government must prove beyond a reasonable doubt for you to determine whether Defendant Siegelman and Defendant Hamrick committed this substantive offense.

Count Two of the indictment charges that from on or about August 1997 to on or about January 20, 2003, the Defendants were persons associated with an "enterprise" engaged in, or the activities of which affected, interstate commerce, and that they knowingly and willfully participated in the conduct of the enterprise's affairs "through a pattern of racketeering activity," in violation of Title 18, United States Code, Section 1961 and 1962(c).

The term "enterprise" includes any partnership, corporation, association or other legal entity, and any union or group of individuals associated in fact although not a legal entity.

The term "racketeering activity" includes certain acts in violation of Title 18 of the United States Code. The term "racketeering activity" includes the racketeering acts charged in Count Two, alleged as Racketeering Acts 1(a) – (g), Racketeering Acts 2(a) – (o), Racketeering Act 3, Racketeering Acts 4(a) – (b), Racketeering Acts 5(a) – (d), 5(e) – (kk), and 5(ll) – (tt). These multiple racketeering acts include racketeering act allegations of honest services mail and wire fraud, extortion, bribery, money laundering, and obstruction of justice.

The term "pattern of racketeering activity" requires at least two acts of "racketeering activity," sometimes called predicate offenses, which must have been committed within ten years of each other, one of which must have occurred after October 15, 1970.

So, in order to establish that the Defendants named in Count Two of the indictment, or any of them, committed the offense charged in the Count, there are five specific facts which must be proved beyond a reasonable doubt:

> First:     That the Defendant was associated with an "enterprise" as defined in these instructions;
>
> Second:    That the Defendant knowingly and willfully committed, or knowingly and willfully aided and abetted the commission of at least two of the predicate offenses hereinafter specified;
>
> Third:     That the two predicate offenses allegedly committed by the Defendant were connected with each other by some common scheme, plan or motive so as to be a pattern of criminal activity and not merely a series of separate, isolated or disconnected acts;

Fourth:     That through the commission of two or more connected offenses, the Defendant conducted or participated in the conduct of the "enterprise's" affairs; and

Fifth:     That the enterprise was engaged in, or that its activities affected, interstate commerce.

With respect to the first specific fact stated above, in order for you to find that the Defendant was "associated" with the enterprise, the Government need only prove beyond a reasonable doubt that the Defendant was aware of the general existence of the enterprise described in the indictment.

With respect to the second specific fact stated above, the Government must prove beyond a reasonable doubt that the Defendant under consideration knowingly and willfully committed, or aided and abetted the commission of any *two* of the predicate offenses specifically alleged and described in the indictment under the headings Racketeering Acts 1(a) – (g), Racketeering Acts 2(a) – (o), Racketeering Act 3, Racketeering Acts 4(a) – (b), Racketeering Acts 5(a) – (d), 5(e) – (kk), and 5(ll) – (tt).

You are further instructed, however, that you must unanimously agree concerning each Defendant under consideration as to *which* of the two predicate offenses the Defendant is alleged to have committed, or aided and abetted in committing. It would not be sufficient if some of the jurors should find that a Defendant committed two of the predicate offenses while the remaining jurors

found that such Defendant committed two different offenses; you must all agree upon the same two predicate offenses in order to find the Defendant guilty of Count Two.

With respect to the forth specific fact stated above – that the Defendant conducted or participated in the conduct of the affairs of the enterprise – the Government must prove beyond a reasonable doubt that the Defendant was something more than an outsider lending aid to the enterprise.  It must be proved that the Defendant had some part in *either* the management or the operation of the affairs of the enterprise itself.  Thus, it need not be proved that the Defendant had primary responsibility or even a managerial position; it is enough if the Defendant was involved in conducting the operation of the affairs of the enterprise as a lower level participant.

With respect to the fifth specific fact – the requirement that the "enterprise" was engaged in, or that its activities affected, interstate commerce – the Government contends that in conducting the affairs of the enterprise the Defendants utilized interstate communications facilities and the mails.  You are instructed that if you find beyond a reasonable doubt that these transactions or events occurred, and that they occurred in, or as a direct result of, the conduct of the affairs of the alleged enterprise, the required affect upon interstate commerce

has been established.  If you do not so find, the required effect upon interstate

commerce has not been established.

Eleventh Circuit Pattern Jury Instruction 71.1, Criminal (2003)

For purposes of Count Two, it is insufficient for the government to merely show that a defendant conducted the affairs of an enterprise and engaged in a pattern of racketeering activity. To conduct and participate in the conduct of an enterprise's affairs *through* a pattern of racketeering activity requires a meaningful "nexus"—or connection—between the affairs of the enterprise, the Defendant, and the pattern of racketeering activity.

In order to establish a "nexus" between the affairs of the enterprise, the Defendant and the pattern of racketeering activity, the government *must* prove beyond a reasonable doubt that that the Defendant's alleged racketeering acts detailed in the indictment are related to the enterprise charged and that the predicate acts form a pattern.

Fifth Circuit Pattern Jury Instruction 2.78, Criminal (2001) (modified)

*Sedima, S.P.R.L. v. Imrex*, 473 U.S. 479, 496 n. 14 (1985)

*United States v. To*, 144 F.3rd 737, 744 (11th Cir. 1998) ("'[t]he focus is on the agreement to participate in the enterprise through the pattern of racketeering activity, not on the agreement to commit the individual predicate acts.' *Starret*, 55 F.3rd at 1543.")

*United States v. Starrett*, 55 F.3rd 1525, 1542-1543 (11th Cir. 1995)

*United States v. Carter*, 721 F.2d 1514, 1527 (11th Cir.), *cert. denied*, 469 U.S. 819 (1984)

*United States v. Cauble*, 706 F.2d 1322, 1332-1333 (5th Cir. 1983)

U.S. Department of Justice, *Racketeering Influenced & Corrupt Organizarions, A Manual For Federal Prosecutors*, at 131-132, 133 (Fourth Edition, July 2000)

## INSTRUCTIONS REGARDING COUNT 3
### (Federal Funds Bribery,
### 18 U.S.C. §§ 2 & 666(a)(1)(B))

In Count Three of the indictment the government has charged Defendant

Don Eugene Siegelman, aided and abetted by Defendant Richard M. Scrushy, with

receiving a bribe concerning programs that received federal funds.

Title 18 of the United States Code, Section 666(a)(1)(B), makes it a Federal

crime or offense for anyone who is an agent of an organization, local government

or local governmental agency receiving significant benefits under a Federal

assistance program, corruptly to accept and agree to accept something of value

from any person intending to be influenced or rewarded in connection with certain

transaction of such organization government or agency.  Defendant Siegelman can

be found guilty of the offense only if all of the following facts are proved beyond a

reasonable doubt:

| | |
|---|---|
| First: | That Defendant was an agent of the state government of Alabama, as charged. |
| Second: | That during such one year period specified in Count Three, the state government of Alabama received benefits in excess of $10,000 under a Federal program involving some form of Federal assistance; |
| Third: | That during such one year period the defendant knowingly agreed to accept a thing of value, as charged; |
| Fourth: | That by such acceptance the defendant intended to be influenced – that is that he intended to be influenced in |

exchange for the payment, which transaction or series of transactions involves something of value of $5,000 or more;

Fifth:          That in doing so, Defendant acted corruptly in accepting payment in exchange for being influenced.

Not every acceptance by a government official of a payment made to influence or reward him is a corrupt act.  As I will instruct you in a moment, a defendant acts corruptly only if he accepts payment intending to be influenced in exchange for the payment.

I will instruct you in a moment as to what the government must prove beyond a reasonable doubt to establish that Defendant Scrushy aided and abetted the offense charged in Count Three.

Eleventh Circuit Pattern Instruction 24, Criminal (2003) (modified)

## INSTRUCTIONS REGARDING COUNT 4
## (Federal Funds Bribery,
## 18 U.S.C. §§ 2 & 666(a)(2))

In Count Four of the indictment the government has charged Defendant

Richard Scrushy, aided and abetted by Defendant Don Eugene Siegelman, with

bribery concerning a federal program that received federal funds.

Section 666(a)(2) makes it a Federal crime or offense to knowingly give,

offer, and agree to give something of value with intent to influence or reward to an

agent of an organization local government or local governmental agency receiving

significant benefits under a Federal assistance program, in connection with any

business, transaction, or series of transactions of such organization, government, or

agency involving anything of value of $5,000 or more.  The defendants can be

found guilty of that offense only if all of the following facts are proved beyond a

reasonable doubt.

> First:  That Defendant Scrushy knowingly gave, offered, and agreed to
> give something of value with intent to influence or reward
> Defendant Siegelman;

> Second:  That the recipient or intended recipient of something of value
> that is, Defendant Siegelman, was an agent of the state
> government of Alabama, as charged;

> Third:  That during such one year period alleged the state government
> of Alabama received benefits in excess of $10,000 under a
> Federal program involving some form of federal assistance;

> Fourth:  That by such giving, offering and agreeing to give something of
> value, Defendant Scrushy intended to influence and reward

Defendant Siegelman in connection with the state government
of Alabama, which transaction or series of transactions
involved something of value of $5,000 or more; and

Fifth:     That in doing so, Defendant Scrushy acted corruptly in offering
a payment to Defendant Siegelman in exchange for influencing
Defendant Siegelman.

Not every offer of a payment to a government official made to influence or

reward him is a corrupt act.  As I will instruct you further in a moment, a defendant

acts corruptly only if he offers the payment intending to influence the government

official in exchange for the payment.

I will instruct you in a moment as to what the government must prove

beyond a reasonable doubt to establish that Defendant Don Eugene Siegelman

aided and abetted the offense charged in Count Four.

Eleventh Circuit Pattern Jury Instruction 24, Criminal (2003) (modified to apply to
18 U.S.C. § 666(a)(2)

A public official does not commit federal fund bribery by taking official acts in favor of campaign contributors or other public supporters unless the official act was taken in return for a *quid pro quo* – an explicit promise or undertaking to perform or not perform an official act in exchange for a campaign contribution or other form of benefit.

*McCormick v. United States*, 500 U.S. 57, 273 (1991)

*United States v. Sun-Diamond,* 526 U.S. 398, 404-05 (1999)

*United States v. Tomblin*, 46 F.3d 1369, 1379 & n.15 (5th Cir. 1999)

*United States v. Jennings*, 160 F.3d 1006, 1018 (4th Cir. 1998)

*United States v. Biaggi*, 909 F.2d 662, 683 (2nd Cir. 1990)

*United States v. Martinez*, 14 F.3d 543, n.5 at 553 (11th Cir. 1994)

*United States v. Sawyer*, 239 F.3d 31, 41 (1st Cir. 2001)

*United States v. Frega*, 179 F.3d 793, 803-04 (9th Cir. 1995)

*United States v. Warner*, 2005 WL 2367769 at *3-5 (N.D.Ill. Sept. 23, 2005)

Albert W. Alschuler, *The Mail Fraud & RICO Racket: Thoughts On The Trial Of George Ryan*, 9 *The Green Bag* No. 2 at 116 (Winter 2006)

## INSTRUCTIONS REGARDING COUNT 5
### (General Conspiracy Charge,
### 18 U.S.C. § 371)

Defendant Don Eugene Siegelman is charged in Count Five with conspiracy under 18 U.S.C. § 371, and specifically with conspiring with Defendant Richard Scrushy to violate the federal honest services mail fraud statute. In a moment, I will explain what the government must prove beyond a reasonable doubt to establish a violation of the federal honest services mail fraud statute, 18 U.S.C. §§ 1341 and 1346.

For purposes of Count Five, Defendant Siegelman hereby adopts Eleventh Circuit Pattern Jury Instruction 13.1, Criminal (2003) for the Section 371 general conspiracy charge.

Furthermore, for purposes of Count Five, Defendant Siegelman adopts Eleventh Circuit Pattern Jury Instruction 13.3, Criminal (2003) for the multiple conspiracies instruction for use with the Section 371 general conspiracy charge.

_____

*United States v. Horton*, 646 F.2d 181, 186 (5th Cir. 1981) (5th Circuit approval of 13.1 general conspiracy instruction)

*United States v. Diecidue*, 603 F.2d 535, 548-49 (5th Cir. 1979) (5th Circuit approval of 13.3 multiple conspiracy instruction for use with section 371 general conspiracy instruction)

## INSTRUCTIONS REGARDING HONEST SERVICES
## MAIL FRAUD SUBSTANTIVE OFFENSES AND
## ALLEGED RACKETEERING ACTS
## (18 U.S.C. §§ 1341 and 1346)

Counts Six through Nine of the indictment charge Defendant Don Eugene Siegelman and Defendant Richard M. Scrushy with committing the substantive offenses of honest services mail fraud, 18 U.S.C. §§ 1341 and 1346. Counts Eighteen through Thirty Three charge Defendant Siegelman, aided and abetted by Defendant Gary Mack Roberts with committing the substantive offenses for honest services mail fraud, 18 U.S.C. §§ 1341 and 1346.

Count One of the indictment includes allegations of honest services mail fraud as racketeering acts for the conspiracy section 1962(d) offense you have been previously instructed upon. Count Two includes allegations of honest services mail fraud as racketeering acts for the substantive section 1962(c) offense you have been previously instructed upon. Honest services mail fraud is alleged in Count Two as racketeering acts 1(b)-(c); honest services mail fraud is alleged in Count Two as racketeering acts 2(c)-(o); and honest services mail fraud is alleged in racketeering acts 5(e)-(kk).

Title 18, United States Code, Sections 1341 and 1346, makes it a Federal crime or offense for anyone to use the United States mail or transmit something by private or commercial interstate carrier in carrying out a scheme to fraudulently deprive another of an intangible right of honest services.

For purposes of the changes against the Defendants, the Defendant can be found guilty of that offense only if all the following facts are proved beyond a reasonable doubt:

First:          That the Defendant knowingly devised or participated in a scheme to fraudulently deprive the public of the intangible right of honest services, as charged;

Second:     That the Defendant did so willfully with an intent to defraud; and

Third:        That the Defendant used the United States Postal Service by mailing or by causing to be mailed or used a private or commercial interstate carrier by depositing or causing to be deposited with such carrier some matter or thing for the purpose of executing the scheme to defraud.

A "private or commercial interstate carrier" includes any business engaged in the transmission, transportation or delivery of messages or other articles in interstate commerce, that is, from any place in one state to any place in another state.  If a message or other article is deposited with such a carrier it need not be proved that the message or article thereafter moved in interstate commerce from one state to another.

The word "scheme" includes any plan or course of action intended to deceive or cheat someone; and to act with "intent to defraud" means to act knowingly and with the specific intent to deceive someone, ordinarily for the purpose of causing some financial loss to another or bringing about some financial gain to one's self.

For purposes of the charges against the Defendants, to "deprive another of the intangible right of honest services" means to violate, or to cause a public official or employee to violate their duty to provide the public honest services.

Public officials and public employees inherently owe a duty to the public to act in the public's best interest. If, instead, the official or public employee acts or makes his or her decision based on the public official or public employee's own personal interest such as accepting a bribe in exchange for an explicit promise or undertaking to perform or not perform an official act, the official has defrauded the public of the official's honest services even though the public agency involved may not suffer any monetary loss in the transaction.

What must be proved beyond a reasonable doubt is that the Defendant, with the specific intent to defraud, knowingly devised, intended to devise, or participated in, a scheme to deprive the public of honest services; and that the use of the states mail or the interstate carrier was closely related to the scheme because the Defendant either mailed or deposited something or caused it to be mailed or deposited in an attempt to execute or carry out the scheme.

Eleventh Circuit Pattern Jury Instruction 50.2, Mail Fraud, depriving the public of intangible right of honest services, 18 U.S.C. §§ 1341 and 1346 (2003)

*United States v. deVegter*, 198 F.3d 1324, 1328 (11th Cir. 1999)

*United States v. Hasner*, 340 F.3d 1261, 1271 (11th Cir. 2003)

*United States v. Warner*, 2005 WL 2367769 (N.D.Ill. Sept. 23, 2005)

A scheme is a plan or course of action formed with the intent to accomplish some purpose.

In considering whether the government has proved a scheme by defendants to deprive the people of the state of Alabama of their intangible right of honest services of their public officials the government must prove beyond a reasonable doubt that the defendants engaged in the alleged scheme under materially false pretenses, representations or promises. It is essential that one or more of the alleged false pretenses, representations, promises and acts charged in the portion of the indictment describing the scheme be proved establishing the existence of the scheme beyond a reasonable doubt. Although the government is not required to prove all of the alleged fraudulent acts, the jury must unanimously agree on which specific materially false pretense, representation, promise or act charged in the indictment has been proved beyond a reasonable doubt.

*Needer v. United States*, 527 U.S. 1, 20 (1999)

Not all conduct that may be considered sharp dealing or even unethical amounts to a "scheme to defraud."

*Langford v. RightAid of Alabama,* 231 F.3d 1308 (11th Cir. 2000)

*Corley v. Rosewood Care Center, Inc., of Peoria*, 388 F.3d 990, 1008, (2004)

*United States v. Dial*, 757 F.2d 163, 170 (7th Cir. 1985)

Although the indictment charges a single scheme to defraud, you could find separate schemes to defraud regarding distinct parts of this case. Whether there was one scheme to defraud, two schemes to defraud, or no schemes to defraud at all is a fact for you to determine in accordance with these instructions.

Proof of several or independent schemes to defraud will not establish the single scheme to defraud alleged in the indictment unless one of the several schemes to defraud which is proved is included within the single conspiracy alleged in the indictment.

If, therefore, you find beyond a reasonable doubt that there were two or more schemes to defraud and that the defendant was a member of one or more of these schemes to defraud, and you further find beyond a reasonable doubt that this proven scheme to defraud was included within the scheme to defraud alleged in the indictment, you should find that defendant guilty of the particular count you are considering, provided that all other elements of the honest services mail fraud charge have been proved.

If, on the other hand, you find that there were two or more schemes to defraud and that the defendant was a member of a scheme to defraud that was not included within the scheme to defraud alleged in the indictment, you should find that defendant not guilty.

*United States v. Warner*, No. 02 CR 506, 2004 WL 1794476, at *22 (N.D.Ill. August 11, 2004)

*Albert W. Alschuler*, *The Mail Fraud & RICO Racket: Thoughts On The Trial Of George Ryan,* 9 *The Green Bag* at 116 (Winter, 2006)

*United States v. Morse*, 785 F.2d 771, 776-777 (9th Cir. 1986)

*Cotteakos v. United States,* 328 U.S. 750, 752 (1946)

*United States v. Camiel*, 689 F.2d 31, 36-37 (3rd Cir. 1982)

*United States v. Macey*, 8 F.3d 462, 468 (7th Cir. 1993)

Evidence relating to a particular scheme to defraud cannot, under any circumstances, be considered against a defendant who was not a member of that scheme to defraud. If you find beyond a reasonable doubt that there were two or more schemes to defraud and that a defendant was not a member of one of those schemes to defraud, you may not consider any evidence relating to that scheme to defraud against that defendant.

*United States v. Johnson*, 515 F.2d 730, 734 n.10 (7th Cir. 1975)

*United States v. Borelli*, 336 F.2d 376, 393 n.4 (2nd Cir. 1964)

*United States v. Macey*, 8 F.3d 462, 468 (7th Cir. 1993)

Albert W. Alschuler, *The Mail Fraud & RICO Racket: Thoughts On The Trial Of George Ryan*, 9 *The Green Bag* No. 2 at 116 (Winter 2006)

Because of his official position, Defendant Don Eugene Siegelman owed a
fiduciary duty to provide honest services to the people of the state of Alabama.
This duty means that a public official is not permitted to fraudulently misuse his
public office for private gain as I have previously explained.

*United States v. deVegter*, 198 F.3d 1324, 1328 (11th Cir. 1999)

Not every alleged breach of fiduciary duty, instance of misconduct, or violation of state statute or office policy by a public official or public employee constitutes an honest services mail fraud violation. Where a public official or public employee accepts personal or financial benefits with the understanding that he would perform or not perform acts in his official capacity in exchange for the benefits, then that official or employee has defrauded the public of his honest services, if the government has proved this and every other element of the honest services mail fraud offense beyond a reasonable doubt.

*United States v. Warner*, No. 02 CR 506, 2005 WL 2367769, at *3-5 (N.D.Ill. Sept. 23, 2005) (Pallmeyer, J.)

*United States v. Bloom*, 149 F.3d 649, 654-56 (7th Cir. 1998)

*United States v. Hausmann,* 345 F.3d 952, 956 (7th Cir. 2003)

*United States v. Czubinski*, 106 F.3d 1069, 1077 (1st Cir. 1997)

*United States v. Sawyer,* 85 F.3d 713, 724-25 (1st Cir. 1996)

*United States v. Martinez*, 14 F.3d 543, n.5 at 553 (11th Cir. 1994)

A public official's receipt of personal or financial benefits, does not violate the honest services mail fraud statute, even if the individual providing the personal or financial benefit has business with the state, so long as the personal or financial benefit did not influence the public official's decision-making in exchange for the benefit.

*McCormick v. United States*, 500 U.S. 57, 273 (1991)

*United States v. Sun-Diamond,* 526 U.S. 398, 404-05 (1999)

*United States v. Tomblin*, 46 F.3d 1369, 1379 & n.15 (5th Cir. 1999)

*United States v. Jennings*, 160 F.3d 1006, 1018 (4th Cir. 1998)

*United States v. Biaggi*, 909 F.2d 662, 683 (2nd Cir. 1990)

*United States v. Martinez*, 14 F.3d 543, n.5 at 553 (11th Cir. 1994)

*United States v. Sawyer*, 239 F.3d 31, 41 (1st Cir. 2001)

*United States v. Frega*, 179 F.3d 793, 803-04 (9th Cir. 1995)

For purposes of the charges in the indictment alleging the defendants deprived the public of its right to honest services, the government *must* prove beyond a reasonable doubt that the defendants received corrupt benefits and were dishonest "in exchange for" an explicit promise to perform or not perform an official act. Vague expectations of some future benefit, including access to the public official's time and consideration as well as overtures of "help me if you can" are not sufficient to prove dishonest services under the honest services mail fraud statute.

*McCormick v. United States*, 500 U.S. 57, 273 (1991)

*United States v. Sun-Diamond,* 526 U.S. 398, 404-05 (1999)

*United States v. Tomblin*, 46 F.3d 1369, 1379 & n.15 (5th Cir. 1999)

*United States v. Jennings*, 160 F.3d 1006, 1018 (4th Cir. 1998)

*United States v. Biaggi*, 909 F.2d 662, 683 (2nd Cir. 1990)

*United States v. Martinez*, 14 F.3d 543, n.5 at 553 (11th Cir. 1994)

*United States v. Sawyer*, 239 F.3d 31, 41 (1st Cir. 2001)

*United States v. Frega*, 179 F.3d 793, 803-04 (9th Cir. 1995)

*United States v. Warner*, 2005 WL 2367769 at *3-5 (N.D.Ill. Sept. 23, 2005)

Albert W. Alschuler, *The Mail Fraud & RICO Racket: Thoughts On The Trial Of George Ryan*, 9 *The Green Bag* No. 2 at 116 (Winter 2006)

A public official's receipt of campaign contributions does not violate the honest services mail fraud statute, even if the contributor has business or expects to have business pending before the public official or the state in which the public official holds office. Rather, public officials are "authorized by law" to receive campaign contributions from those who might seek to influence the official's performance as long as no promise for or performance of a specific official act is given in exchange for the campaign contribution or other non-campaign contribution type benefit.

*McCormick v. United States*, 500 U.S. 257, 273 (1991)

*United States v. Martinez*, 14 F.3d 543, 553 (11th Cir. 1994)

*United States v. Martin*, 195 F.3d 961, 965-66 (7th Cir. 1999)

*United States v. Allen*, 10 F.3d 405, 410-11 (7th Cir. 1993)

A public official does not commit honest services mail fraud by taking

official acts in favor of campaign contributors or other political supporters unless

the official act was taken in return for a *quid pro quo* – an explicit promise or

undertaking to perform or not perform an official act in exchange for a campaign

contribution or other form of benefit.

*McCormick v. United States*, 500 U.S. 57, 273 (1991)

*United States v. Sun-Diamond,* 526 U.S. 398, 404-05 (1999)

*United States v. Tomblin*, 46 F.3d 1369, 1379 & n.15 (5th Cir. 1999)

*United States v. Jennings*, 160 F.3d 1006, 1018 (4th Cir. 1998)

*United States v. Biaggi*, 909 F.2d 662, 683 (2nd Cir. 1990)

*United States v. Martinez*, 14 F.3d 543, n.5 at 553 (11th Cir. 1994)

*United States v. Sawyer*, 239 F.3d 31, 41 (1st Cir. 2001)

*United States v. Frega*, 179 F.3d 793, 803-04 (9th Cir. 1995)

*United States v. Warner*, 2005 WL 2367769 at *3-5 (N.D.Ill. Sept. 23, 2005)

Albert W. Alschuler, *The Mail Fraud & RICO Racket: Thoughts On The Trial Of George Ryan*, 9 *The Green Bag* No. 2 at 116 (Winter 2006)

## INSTRUCTIONS REGARDING HONEST SERVICES
## WIRE FRAUD SUBSTANTIVE OFFENSES AND
## ALLEGED RACKETEERING ACTS
## (18 U.S.C. §§ 1343 and 1346)

Counts Thirteen through Fourteen of the indictment charge Defendants Don Eugene Siegelman and Defendant Paul Michael Hamrick with committing the substantive offenses of honest services wire fraud, 18 U.S.C. §§ 1343 and 1346.

Count One of the indictment includes allegations of honest services wire fraud as racketeering acts for the conspiracy section 1962(d) offense you have been previously instructed upon. Count Two of the indictment includes allegations of honest services wire fraud as racketeering acts under racketeering acts subsections 1(e) and 2(h)-(o).

Defendant Siegelman hereby adopts Eleventh Circuit Pattern Jury Instruction 51.2, wire fraud, depriving the public of intangible rights of honest services, 18 U.S.C. §§ 1343 and 1346 as similarly modified for the honest services mail fraud instruction that previously adopted Eleventh Circuit Pattern Jury Instruction 50.2.

Furthermore, Defendant Siegelman adopts all of the previous honest services mail fraud instructions by reference for the wire fraud instructions herein, since the mail fraud and wire fraud statutes are "given a similar construction and are subject to the same substantive analysis."

*Belt v. United States*, 868 F.3d 1208, 1211 (11th Cir. 1989).

**INSTRUCTIONS REGARDING EXTORTION UNDER COLOR OF
OFFICIAL RIGHT AND FEAR OF ECONOMIC HARM, 18 U.S.C. § 1951**

Count Thirty-Four of the indictment charges Defendant Don Eugene
Siegelman with extortion under 18 U.S.C. § 1951.

Count One of the indictment includes extortion offenses as racketeering acts
for the conspiracy section 1962(d) offense you have been previously instructed
upon.  Count Two of the indictment includes allegations of extortion offenses for
the substantive section 1962(c) offense you have been previously instructed upon.

The Count Thirty-Four substantive offense charged in the indictment as well
as the extortion racketeering acts charged in the indictment allege extortion under
color of official right *and* extortion by fear of economic harm.

Defendant Siegelman hereby adopts Eleventh Circuit Pattern Jury
Instruction 66.2, extortion under color of official right, (2003).

Defendant Siegelman likewise hereby adopts Eleventh Circuit Pattern Jury
Instruction 66.1, extortion by fear of economic loss, (2003).

Eleventh Circuit Pattern Jury Instruction 66.2, Criminal, (2003)

Eleventh Circuit Pattern Jury Instruction 66.1, Criminal, (2003)

In order for you to find Defendant Don Eugene Siegelman guilty of committing the substantive offense or racketeering act of extortion under color of official right you must find that Defendant Siegelman engaged in an unlawful *quid pro quo* – an explicit promise or undertaking to perform or not perform an official act in exchange for a campaign contribution or other form of benefit.

*McCormick v. United States*, 500 U.S. 57, 273 (1991)

*United States v. Sun-Diamond,* 526 U.S. 398, 404-05 (1999)

*United States v. Tomblin*, 46 F.3d 1369, 1379 & n.15 (5th Cir. 1999)

*United States v. Jennings*, 160 F.3d 1006, 1018 (4th Cir. 1998)

*United States v. Biaggi*, 909 F.2d 662, 683 (2nd Cir. 1990)

*United States v. Martinez*, 14 F.3d 543, n.5 at 553 (11th Cir. 1994)

*United States v. Sawyer*, 239 F.3d 31, 41 (1st Cir. 2001)

*United States v. Frega*, 179 F.3d 793, 803-04 (9th Cir. 1995)

*United States v. Warner*, 2005 WL 2367769 at *3-5 (N.D.Ill. Sept. 23, 2005)

Albert W. Alschuler, *The Mail Fraud & RICO Racket: Thoughts On The Trial Of George Ryan*, 9 *The Green Bag* No. 2 at 116 (Winter 2006)

## INSTRUCTIONS REGARDING BRIBERY
## UNDER ALABAMA LAW

The Count One section 1962(d) conspiracy offense in the indictment you have been previously instructed upon includes bribery under Alabama law as racketeering acts in violation of ALA.CODE 1975 § 13A-10-61 and ALA.CODE 1975 § 17-22A-7. The Count Two section 1962(c) substantive offense you have been previously instructed upon includes ALA.CODE 1975 § 17-22A-7(c) as Racketeering Act 5(b).

To sustain the charge of bribery under ALA.CODE 1975 § 13A-10-61 as a racketeering act, the government must prove the following propositions beyond a reasonable doubt:

(a) A person commits the crime of bribery if:

> (1) He offers, confers or agrees to confer any thing of value upon a public servant with the intent that the public servant's vote, opinion, judgment, exercise of discretion or other action in his official capacity will thereby be corruptly influenced; or

> (2) While a public servant, he solicits, accepts or agrees to accept any pecuniary benefit upon an agreement or understanding that his vote, opinion, judgment, exercise of discretion or other action as a public servant will thereby be corruptly influenced.

To sustain the charge of bribery under ALA.CODE 1975 § 17-22A-7(c) as a racketeering act, the government must prove the following propositions beyond a reasonable doubt:

(c)     Notwithstanding any other provision of law, including, but not limited to, Section 13A-10-61, a candidate, public official, or principal campaign committee shall not accept, solicit, or receive contributions for any of the following reasons:

    (1) As a bribe, as defined by Sections 13A-10-60 to 13A-10-63, inclusive.

    (2) For the intention of corruptly influencing the official actions of the public official or candidate for public office.

A public official, public servant or candidate does not commit bribery under

Alabama law unless the acts referenced in ALA.CODE 1975 § 13A-10-61 and

ALA.CODE 1975 § 17-22A-7 were taken in return for a *quid pro quo* – an explicit

promise or undertaking to perform or not perform an official act in exchange for a

campaign contribution or other form of benefit encompassed under such Alabama

law.

*United States v. Martinez*, 14 F.3d 543, n.5 at 553 (11th Cir. 1994) (Eleventh
Circuit recognizing that sub-predicate acts of bribery under state law are essentially
the same as extortion under the Hobbs Act for which there is a requisite *quid pro
quo*)

*McCormick v. United States*, 500 U.S. 57, 273 (1991)

*United States v. Sun-Diamond,* 526 U.S. 398, 404-05 (1999)

*United States v. Tomblin*, 46 F.3d 1369, 1379 & n.15 (5th Cir. 1999)

*United States v. Jennings*, 160 F.3d 1006, 1018 (4th Cir. 1998)

*United States v. Biaggi*, 909 F.2d 662, 683 (2nd Cir. 1990)

*United States v. Sawyer*, 239 F.3d 31, 41 (1st Cir. 2001)

*United States v. Frega*, 179 F.3d 793, 803-04 (9th Cir. 1995)

*United States v. Warner*, 2005 WL 2367769 at *3-5 (N.D.Ill. Sept. 23, 2005)

Albert W. Alschuler, *The Mail Fraud & RICO Racket: Thoughts On The Trial Of
George Ryan*, 9 *The Green Bag* No. 2 at 116 (Winter 2006)

## EXTORTION REGARDING MONEY LAUNDERING RACKETEERING ACTS UNDER 18 U.S.C. § 1956

The Count One section 1962(d) conspiracy offense in the indictment you have been previously instructed upon includes money laundering as racketeering acts allegations in alleged violation of 18 U.S.C. § 1956(a)(1)(B)(i).  The Count Two section 1962(c) substantive offense in the indictment you have been previously instructed upon includes money laundering as racketeering acts under Racketeering Act 1(f), Racketeering Act 1(g) and Racketeering Acts 5(ll)-(tt) in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

Defendant Don Eugene Siegelman hereby adopts Eleventh Circuit Pattern Instruction 70.2, money laundering, (2003), in pertinent part, regarding the requisite proof beyond a reasonable doubt for 18 U.S.C. 1956(a)(1)(B)(i).

Furthermore, Defendant Don Siegelman hereby adopts all previous instructions regarding honest services mail fraud, extortion, bribery and obstruction of justice, since the money laundering provisions of 18 U.S.C. § 1956 refer to such racketeering acts as requisite "specified unlawful activity" that must be proved beyond a reasonable doubt to support a money laundering offense.

Eleventh Circuit Pattern Jury Instructions 70.2, Criminal, (2003)

## INSTRUCTIONS REGARDING OBSTRUCTION
## OF JUSTICE UNDER 18 U.S.C. §1512

The Count One section 1962(d) conspiracy offense in the indictment you have been previously instructed upon includes obstruction of justice as racketeering acts in violation of 18 U.S.C. § 1512.  The Count Two section 1962(c) substantive offense you have been previously instructed upon includes obstruction of justice as racketeering acts under Racketeering Act 3, Racketeering Acts 4(a) and Racketeering Act 4(b).  Count Sixteen and Count Seventeen of the indictment include alleged obstruction of justice violations under 18 U.S.C. § 1512 as separate substantive offenses.

To sustain an obstruction of justice violation under 18 U.S.C. § 1512(b)(3), the Government must prove beyond a reasonable doubt that the defendant knowingly acted with the specific intent to hinder or delay the communication, to the court or a law enforcement agent of the United States, of the commission of a federal offense or probation violation. Furthermore, the government must prove beyond a reasonable doubt that the defendant acted with an improper purpose. *U.S. v. Kloess,* 251 F.3d 941, 948 (11th Cir. 2001).

In Count Sixteen, the indictment alleges that Defendant Siegleman's intent was to hinder, delay and prevent communications to the FBI, from Clayton "Lanny" Young and Nicholas Bailey. If you are not convinced beyond a reasonable doubt that this in specific was Defendant Siegelman's intent, then you

must find him not guilty on this Count. In Count Seventeen, the indictment alleges that Defendant Siegelman's intent was to hinder, delay and prevent communications to the FBI, from Young, Bailey, and Bailey's attorney. If you are not convinced beyond a reasonable doubt that this in specific was Defendant Siegleman's intent, then you must find him not guilty on this Count.

*U.S. v. Kloess,* 251 F.3d 941, 948 (11th Cir. 2001).

## INSTRUCTION REGARDING AIDING AND ABETTING
## UNDER 18 U.S.C. § 2

The Count One section 1962(d) conspiracy offense in the indictment you have been previously instructed upon includes aiding and abetting the alleged racketeering acts of honest services fraud, extortion, money laundering and obstruction of justice. The Count Two section 1962(c) substantive offense you have been previously instructed upon includes aiding and abetting honest services mail fraud as racketeering acts under Racketeering Acts 1(b)-(c) [sic], 1(e), 2(c), 2(c)-(o), and 2(h)-(o). Aiding and abetting the racketeering acts of money laundering are included in Count Two as Racketeering Acts 1(f), 1(g), and 5(ll)-(tt). Aiding and abetting the racketeering acts of obstruction of justice are included in Count Two as Racketeering Acts 3, and 4(a)-(b).

The separate substantive offenses for honest services mail fraud in Counts Six through Nine, Ten through Twelve, Thirteen through Fourteen, and Eighteen through Thirty-Three allege aiding and abetting offenses associated with the alleged honest services mail fraud. The Count Three and Count Four separate substantive offense allegations of federal funds bribery allege aiding and abetting associated with the federal bribery charges. The Count Sixteen and Count Seventeen separate substantive offense obstruction of justice charges allege aiding abetting associated with the obstruction of justice charges.

Defendant Don Eugene Siegelman hereby adopts Eleventh Circuit Pattern Jury Instruction 7, aiding and abetting, (2003) as an explanation of what must be proved beyond a reasonable doubt to sustain the offenses of aiding and charged in the indictment.

Eleventh Circuit Pattern Jury Instruction 7, Criminal, (2003)

**CERTIFICATE OF SERVICE**

I hereby certify tha ton the 3rd day of April, 2006, I electronically filed the foregoing Siegelman Proposed Jury Instructions with the Clerk of the Court using the CM/ECF system which will send notification of such to all counsel of record.


      /s/ W. Perry Hall
      COUNSEL