IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

**UNITED STATES OF AMERICA**

**VS.**                                                                     **CRIMINAL NO. 2:05-CR-119-F**

**DON EUGENE SIEGELMAN, et al.**

**DEFENDANT DON EUGENE SIEGELMAN'S OBJECTIONS TO THE
UNITED STATES' PROPOSED JURY INSTRUCTIONS**

Comes Now Defendant Don Eugene Siegelman ("Siegelman") and submits the following objections to the United States' Proposed Jury Instructions (the"government"):

1. For the reasons asserted in Defendant Siegelman's Motion to Dismiss and Supplemental Memorandum in Support of Motion to Dismiss that are incorporated herein by reference, Defendant Siegelman objects to the United States' Jury Instruction 13 requesting an instruction for conjunctive charging. The government's request for the conjunctive charging instruction further exacerbates the error previously discussed in detail in Defendant Siegelman's previous memoranda demonstrating that a charge of "honest **and faithful**" mail under 18 U.S.C. §§ 1341 and 1346, and "honest **and faithful**" services wire fraud under 18 U.S.C. §§ 1343 and 1346, does not constitute an a mail and wire fraud offense under the 18 U.S.C. § 1346 "honest services" mail and wire fraud statute.

2. Defendant Siegelman objects to the United States Proposed Jury Instructions 16 and 17 for failing to instruct that the pattern of racketeering activity

underlying the RICO conspiracy offense in 16 and the substantive offense in No. 17 must have a nexus to the enterprise to satisfy the requisite that the defendant participated in an enterprise "*through* a pattern of racketeering activity." (emphasis added). *United States v. Starrett*, 55 F.3rd 1525, 1542-43 (11th Cir. 1995); *United States v. Carter*, 721 F.2d 1514, 1527 (11th Cir, 1984).

3. Defendant Siegelman objects to the United States' Proposed Jury Instructions 18, 20, 21, 22, 25, 26, 29 and 30 on the grounds that that offenses do not charge that the government must prove a *quid pro quo*—that is, an agreement to engage in a specific act to perform or not perform an official duty in exchange for a benefit. See, e.g., *McCormick* (Supreme Court); *Martinez* (Eleventh Circuit) and other authority cited for requisite *quid pro quo* cited throughout Defendant Siegelman's Proposed Jury Instructions.

4. Defendant Siegelman objects to the United States' Proposed Jury Instruction 13 on the grounds that the proposed "honest **and faithful**" instruction can be read to allow the jury to find a violation of mail fraud under 18 U.S.C. §§ 1341 and 1346 and 18 U.S.C. §§ 1343 and 1346 without a finding of the statutory requisite for "intent to defraud" provided by Congress in its 18 U.S.C. § 1346 amendment to the mail and wire fraud statute.

Respectfully submitted,

/s/ Vincent F. Kilborn, III, (KILBV4484)
W. Perry Hall, (HALLW9043)
KILBORN, ROEBUCK & McDONALD
1810 Old Government Street (36606)
Post Office Box 66710
Mobile, Alabama 36660

Telephone: 251-479-9010
Fax: 251-479-6747

David A. McDonald
KILBORN, ROEBUCK & McDONALD
203 South Warren Street (366602)
Post Office Box 832
Mobile, Alabama 36601
Telephone: 251-434-0045
Fax: 251- 434-0047

Charles Redding Pitt
2119 Third Avenue North
Birmingham, Alabama 35203
Telephone: 205-324-0223
Fax: 205-323-1583

Hiram Eastland, MS Bar #5294
EASTLAND LAW OFFICES
107 Grand Boulevard
Greenwood, Mississippi 38930
Telephone: 662-453-1227
Fax: 662-453-2808

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of April, 2006, I electronically filed the foregoing Siegelman Objections To The United States' Proposed Jury Instructions with the Clerk of the Court using the CM/ECF system which will send notification of such to all counsel of record.

/s/W. Perry Hall
Counsel