IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | CRIMINAL NO. 2:05-CR-119-MEF |
| DON EUGENE SIEGELMAN, | ) | |
| PAUL MICHAEL HAMRICK, | ) | |
| GARY MACK ROBERTS, and | ) | |
| RICHARD M. SCRUSHY | | |

UNITED STATES' RESPONSE TO DEFENDANT SIEGELMAN'S
PROPOSED VOIR DIRE

COMES NOW the United States of America, by and through Louis V. Franklin, Sr., Acting

United States Attorney for the Middle District of Alabama, and Andrew C. Lourie, Acting Chief of

the Public Integrity Section of the Criminal Division of the United States Department of Justice,

hereby files its Response to Defendant Don Eugene Siegelman's Requested Voir Dire and says as

follows:

1. The United States objects to questions 1, 2, and 3 because the matters reflected therein

are irrelevant and inflammatory, and are improperly suggestive that this or some unrelated and

completely irrelevant case is politically motivated - - such a question can only serve to confuse the

jury venire about the task before them. The questions also ask the jury to draw conclusions about

matters that there is no relevant or admissible evidence to support. Should the defense seek to offer

or introduce irrelevant or inadmissible evidence such as that subpoenaed by them relating to

contributions of gambling money, the United States will object and/or seek to rebut any inference

thereby created by offering evidence otherwise inadmissible that demonstrates that the matters to

which Defendant Siegelman refers have been and/or are the subject of well publicized criminal

investigations and prosecutions and have resulted in several indictments and/or convictions of

members of Defendant's Siegelman's opposition party.  The United States respectfully suggests to

the Court that this is a path which will seriously undermine the ability of Defendant Siegelman to

obtain a fair trial and the Court should, on its own motion, severely restrict such offers by Defendant

Siegelman and/or warn Defendant Siegelman's lawyers about the possible ramifications of such

conduct should they seek to pursue this wholly inadmissible and self- destructive evidentiary

strategy.

2.  The United States objects to question number five because it is argumentative, irrelevant,

and refers to matters which will not be in evidence.

3.  The United States objects to questions 6, 7, and 8 because they are an attempt to inject

improper and inadmissible evidence and/or argument in the case.  The obvious purpose of such

questions is to put the Court's imprimatur of propriety on, and thereby attempt to inflame the jury

with, assertions indicating political influence which cannot be proven because they are not true.

4.  The United States objects to question number 9 as it is improper because it impermissibly

invades the Court's instruction to the jury that the statements of all of the lawyers in the case, both

for the government and the defendant, are not evidence.  The Court presumes the jury will follow

its instructions.

5.  The United States objects to question number 10 because it is superfluous and redundant

in that the Court will be instructing the jury that Defendant Siegelman is to be presumed innocent

throughout the presentation of evidence and seeks the imprimatur of the Court that improperly

suggests that this case is about Defendant Siegelman's support of a lottery referendum.

6.  The United States objects to question 11 because it asks the jury to consider a matter that

is irrelevant and creates the opportunity for the defense to confuse the jury about its legitimate

responsibility.

7.  The United States objects to question number 13 because it attempts to put Defendant Siegelman's testimony before the jury without allowing the United States an opportunity to subject same to cross examination.

8.  The United States objects to question number 14 because it is superfluous and because it is irrelevant whether or not there "must be something to at least some of them."  Most Alabama citizens would answer this question "yes" and such an answer would not reflect on his or her suitability to serve as a juror.

9.  The United States objects to question number 16 because it is irrelevant and inflammatory.

10.  The United States objects to questions number 17 and 18 because they are irrelevant and confusing and fail to mention that the Court will instruct the jury that they must base their decision solely on the evidence presented during the trial.  Further, the subject matter of the questions will be adequately covered when the Court asks the jurors if they can set aside their feelings and follow the Court's instructions.

11.  The United States objects to question number 19 insofar as it asks the jurors to remember expressions with particularity and is irrelevant if the jurors state that they can decide the case based solely on the evidence.

12.  The United States objects to question number 20 as phrased because it is argumentative and because it is irrelevant.

13.  The United States objects to question number 21 because it is argumentative and because it asks the jury to prejudge the evidence.

14.  The United States objects to question number 21 because it is a mis-statement of the law

and because of the use of the phrase "before the Government can succeed."

15.  The United States objects to question number 23 because it is argumentative and incorrectly and incompletely states the instruction on witness credibility.

16.  The United States objects to question number 24 because it fails to inform the jurors that the Court will instruct them that this is the law and that it will be their duty to withhold judgment until the deliberations.

17.  The United States objects to question number 25 because it improperly suggests to potential jurors that it is permissible to refuse to deliberate.

Respectfully submitted this 10th day of April, 2006.

LOUIS V. FRANKLIN, SR.
ACTING UNITED STATES ATTORNEY                    ANDREW C. LOURIE
                                                 ACTING CHIEF, PUBLIC INTEGRITY
                                                 SECTION

/s/ Louis V. Franklin, Sr.
Acting United States Attorney                    /s/Richard C. Pilger
One Court Square, Suite 201                      Department of Justice, Criminal Division
Montgomery, AL 36104                             Public Integrity Section
Phone: (334)223-7280                             10th & Constitution Ave, NW
Fax:    (334)223-7135                            Bond Building - 12th Floor
Email: louis.franklin@usdoj.gov                  Washington, DC 20530
                                                 Phone: (202)514-1412
/s/ J.B. Perrine                                 Fax:    (202)514-3003
Assistant United States Attorney                 Email: richard.pilger@usdoj.gov
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax:    (334)223-7135
Email: jb.perrine@usdoj.gov
ASB-9077-E31J

/s/ Jennifer Garrett
Special Assistant United States Attorney
Assistant Attorney General
Office the Attorney General
11 S. Union
Montgomery, AL 36130
Phone: (334)353-8494
Fax:    (334)242-4890
Email: jgarrett@ago.state.al.us
ASB-4600-T77J

/s/ Stephen P. Feaga
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax:    (334)223-7135
Email: steve.feaga@usdoj.gov
ASB-7374A60S

/s/ Joseph L. Fitzpatrick, Jr. Special Assistant
United States Attorney
Assistant Attorney General
Office of the Attorney General
11 S. Union
Montgomery, AL 36130
Phone: (334)353-4839
Fax:    (334)242-4890
Email: j.fitzpatrick@ago.al.state.us

**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **CRIMINAL NO. 2:05-CR-119-MEF** |
| **DON EUGENE SIEGELMAN,** | ) | |
| **PAUL MICHAEL HAMRICK,** | ) | |
| **GARY MACK ROBERTS, and** | ) | |
| **RICHARD M. SCRUSHY** | ) | |

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 10, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                             Respectfully submitted,

                             LOUIS V. FRANKLIN, SR.
                             ACTING UNITED STATES ATTORNEY

                             /s/ Stephen P. Feaga
                             Assistant United States Attorney
                             One Court Square, Suite 201
                             Montgomery, AL 36104
                             Phone: (334)223-7280
                             Fax:   (334)223-7135
                             Email: steve.feaga@usdoj.gov
                             ASB-7374-A60S