IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR NO. 2:05CR119-F |
| | ) | |
| DON EUGENE SIEGELMAN | ) | |

ORDER

On April 5, 2006, the court entered an order (doc. # 296) denying the defendant's motion (doc. # 245) for an order directing issuance of subpoenas duces tecum to the Republican Governor's Association, the Mississippi Band of Choctaw Indians, Capitol Campaign Strategies, LLC (c/o Michael P.S. Scanlon), and the Republican National State Election Committee to produce certain documents prior to trial under FED.R.CRIM.P. 17(c). On April 13, 2006, the defendant filed a motion for reconsideration (doc. # 333) allegedly asserting additional grounds as a basis for the contention that "the documents sought from these organizations constitute admissible substantive evidence that is highly probative that the contributions and actions charged in the indictment against Governor Siegelman were not criminal acts." For the reasons which follow, it is

ORDERED that the motion for reconsideration be and is hereby GRANTED and, upon reconsideration, the motion (doc. # 245) as amended (doc. # 333) be and is hereby DENIED.

The defendant argues that "requested documentary evidence of similar political contributions techniques and conduct regarding Republican contributions to Republican Governor Bob Riley is in law and fact relevant to Democratic Governor Don Siegelman's

lack of a conscious, corrupt and willful intent to commit the previously described criminal acts in the indictment." Hopefully, the universe of actions by those persons involved with politics in general and political contributions in particular are lawful. However, just as FED. R. EVID. 404(b) recognizes that the prior bad acts of a person may not be used to prove character to show action in conformity with those other acts, it follows that the lawful acts of others may not be used to prove that in doing the same or similar acts the defendant lacked criminal intent. In other words, that other persons act lawfully is not proof that a defendant acted lawfully.

The defendant's motion is further premised on the assertion that evidence of similar conduct on the part of others is evidence of a "lack of the requisite *consciously corrupt and willful intent* to commit criminal acts through such similar political contributions techniques and conduct charged in the indictment." (footnote omitted) This assertion, to put it mildly, is fallacious. The fact that others act consistent with the law is not proof that the defendant acted without criminal intent.

The government has the burden of proof as to each element of each crime with which the defendant is charged. If the government satisfies a jury that it has proved each element of those crimes beyond a reasonable doubt, the jury may convict. The focus of a criminal trial is on the lawfulness of the defendant's conduct, not the conduct of others.

Done this 14th day of April, 2006.

                                            /s/Charles S. Coody  
                                        CHARLES S. COODY  
                                        CHIEF UNITED STATES MAGISTRATE JUDGE