**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| | *   CRIMINAL NO.: 2:05-cr-119-MEF |
| vs. | * |
| | * |
| DON EUGENE SIEGELMAN, et al., | * |

**EXHIBIT A TO DEFENDANT GOVERNOR SIEGELMAN'S
OBJECTIONS TO GOVERNMENT'S PROPOSED TRIAL EXHIBITS**

**(Federal Rules of Evidence 702 and 703 Objections
to Government's Proposed Trial Exhibit #117)**

Rule 702 of the Federal Rules of Evidence requires the exclusion of testimony of purported experts on matters with respect to which they are not qualified to speak.  See, e.g., Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1262 (11th Cir. 2004) (upholding exclusion based in part on lack of qualification).  See also, Pinchinat v. Graco Children's Prods., Inc., No. 2:04-cv-252-FtM-29SPC, 2005 U.S. Dist. LEXIS 37181, * (M.D. Fla. Apr. 7, 2005) ("The first requirement for the admissibility of expert testimony is that the expert is qualified to testify competently regarding the matters he ... intends to address.") (citing *United States v. Hansen*, 262 F.3d 1217, 1234 (11th Cir. 2001) and *City of Tuscaloosa v. Harcros Chems., Inc.*, 158 F.3d 548, 563 (11th Cir. 2001)).  In the instant case, Mr. McCurdy, a Federal Bureau of Investigation Special Agent, is not only unqualified to testify to the matters set out in Exhibit 117, he is not even listed as a witness for the Government.  Certainly, the Government does not contend that Exhibit 117 is self-proving.

Moreover the text of Rule 702, as amended in 2000 in response to the Supreme Court's decisions in Daubert v. Merrill Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), Gen. Electric Co.

v. Joiner, 522 U.S. 136 (1997), and Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999), now states (emphasis added) that a witness

> qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based on sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

See, generally, Club Car, Inc. v. Club Car (Quebec) Import, Inc., 362 F.3d 775, 780 (11th Cir.), *cert. denied*, 543 U.S. 1002 (2004).

"The burden of laying the proper foundation for the admission of expert testimony is on the party offering the expert." Hall, 367 F.3d at 1261 (quoting Allison v. McGhan Med. Corp., 184 F.3d 1300, 1306 (11th Cir. 1999)) (internal quotation marks omitted). In other words, in order to introduce Exhibit 117, the Government would have to elicit foundational testimony from Mr. McCurdy **after** the Government first met its burden to show that Mr. McCurdy is "'qualified to testify competently regarding the matters he intended to address; [ ] the methodology by which the expert reached his conclusions is sufficiently reliable; and [ ] the testimony assists the trier of fact.'" United States v. Frazier, 387 F.3d 1244, 1260 (11th Cir. 2004), *cert. denied*, 125 S. Ct. 2516 (2005) (quoting McCorvey v. Baxter Healthcare Corp., 298 F.3d 1253, 1257 (11th Cir. 2002)) (alterations in original).

"To ensure that a proper foundation is made, the trial court must screen expert testimony to determine if it is relevant and reliable." Club Car, 362 F.3d at 780. Then, the court must exercise its gatekeeping function "to keep unreliable and irrelevant information from the jury because of its inability to assist in the factual determinations, its potential to create confusion, and its lack of probative value." Allison, 184 F.3d at 1311-12. Cf., United States v. Brown, 415 F.3d 1257, 1268-

69 (11th Cir. 2005), *cert. denied*, 2006 U.S. LEXIS 2302 (Mar. 20, 2006) (finding trial judge did not err in excluding purported expert's testimony because he was "not qualified as an expert" and "the method he used to reach his opinion was both unreliable and unreliably applied.").

In sum, Mr. McCurdy's "report" (the Government's proposed exhibit 117) is inadmissible at the trial of this case because: (1) most prominently, the Government failed to list Mr. McCurdy as a witness, thus the Government will have no testimony to establish the very foundation of this report; and (2) even if, for the sake of argument, the Government could offer Mr. McCurdy's testimony, (a) Mr. McCurdy is not qualified to speak on the matters set forth in his "report"; (b) Mr. McCurdy's "report" is not based on sufficient facts and data, nor the product of reliable principles and methods applied reliably to the facts of this case; and, (c) the report would not assist the jury at trial – indeed, the legend on the cover of the "report" clearly establishes its unreliability and inadmissibility: specifically, the report disclaims any "expert opinions," stating that it "contains ***neither*** recommendations ***nor conclusions*** of the FBI," the Government agency with which Mr. McCurdy was employed in preparing this "report."