# Exhibit A

| Exh # | Description | Notes | Folder | File Name Range (files will have .pdf extension unless specified) |
|---|---|---|---|---|
| 70 | Siegelman Campaign Account | | Scanned Images Group I\endorsed\162-SiegD-Campaign-CompassAcct | 00005479 to 00006098; 000013924 to 000013935 |
| 75 | Rainline sales agreement; Rainline amended sales agreement | | Scanned Images Group I\endorsed\332-MarcatoM-RainlineDocs-DocsFrDavid Byrne | GH332-0094; GH332-0103 |
| 105 | Governor's office memo re: meeting with Jordan and other Cherokee County Probate Judges | | Scanned Images Group I\endorsed\399-ALstateArch-SearchOn7-7-05 | GH399-0584 |
| 119 | Emelle Waste Records Database | | Emelle Hazardous Waste database material | HAZWaste_Tables.rar; FieldDescriptions.txt; Unpacked Files |
| 120 | Emelle Waste Records Manual | | Scanned Images Group I\endorsed\567-WasteManagement-EmelleDatabaseRe cords | GH567-0001.pdf to GH567-0161.pdf |
| 121 | Hazardous Waste Fee Reports | duplicate of Exhibit 126 & 127 | | |

| 122 | 1/19/00 Mailing Hazardous Waste Fee Report from Emelle to Rev. Dept. | | Scanned Images Group I\endorsed\Grand Jury | 133.PDF |
| 123 | 1/10/01 Mailing Hazardous Waste Fee Report from Emelle to Rev. Dept | | Scanned Images Group I\endorsed\Grand Jury | 133.PDF |
| 124 | 1/15/02 Mailing Hazardous Waste Fee Report from Emelle to Rev. Dept. | | Scanned Images Group I\endorsed\Grand Jury | 133.PDF |
| 125 | 1/14/03 - Mailing Hazardous Waste Fee Report from Emelle to Rev. Dept. | | Scanned Images Group I\endorsed\Grand Jury | 133.PDF |
| 128 | AL Revenue Dept. Documents from Wade Hope re: WM request | | Scanned Images Group I\endorsed\128-AlDeptofRevenue-TaxAbate-WadeHope e | GH128-0001 |
| 159 | State personnel records for Hamrick | | Scanned Images Group I\endorsed\159-SiegAllen&DS-Compass-72663454 | GH464-0001 to GH464-0043 |
| 160 | State personnel records for Bailey | | Scanned Images Group I\endorsed\011-AL Personnel - NB recs | GH011-0001 |
| 186 | Alamerica Bank and loan records | | Scanned Images Group I\endorsed\221YoungL-Alamerica-3packages-GHconst -2-7-01 | GH221-0001 to GH221-0448 |
| 187 | Two copies of Construction Management Agreement from Young's business records | | Scanned Images Group I\endorsed\471-BC-11-Box11of12-CrainB | GH471-1155 |
| 188 | 3-15-01 fax from Denton, Ponder, Edwards P.C. to Gulf Insurance Company | | Scanned Images Group I\endorsed\423-GulfInsur-SemrowG-Fr7-10-02int | GH423-0088 |

| 189A | AL Education Lottery Found ck acct | | Scanned Images VIII\000-IKON-rescanned\-Box81-AELF-ColonialBankAccount | GH161788 to GH163451 |
|------|-----------------------------------|--|---------------------------------------------------------------------|----------------------|
| 189B | Lanny Young checking Acct | | Scanned Images Group I\endorsed\214-YoungL-Colonial-8022554193 | GH214-0009 to GH214-1060 |
| 189C | Tillman-Young LLC Acct | | Scanned Images Group I\endorsed\471-BC-11-Box11of12-CrainB | GH471-0001 to GH471-0879 |
| 190A | Siegelman Expense Account | | Scanned Images Group I\endorsed\188-SiegD-Expense-Compass-72663373 | GH188-0003 to GH188-1721 |
| 190B | Siegelman Campaign Account | | Scanned Images Group I\endorsed\162-SiegD-Campaign-CompassAcct | 00005479 to 00006098 000013924 to 000013935 |
| 190C | Tillman-Young Checking Acct - | | Scanned Images Group II\Box060-CB02-CompassBank-AustinYoung-80oaks-Pyramis-Accts | GH120362 to GH120442 |
| 190D | Lanny Young Checking Acct | | Scanned Images Group I\endorsed\243-YoungL-CompassBank-37225002 | GH243-0004 to GH243-2365 |
| 190E | Austin-Young - Compass Bank | | Scanned Images Group I\endorsed\209-Austin-Young-CapRes-Compass-7241 5116 | GH209-0001 to GH209-0273 |
| 191A | Rainline Technologies | | Scanned Images Group I\endorsed\459-RainlineTech-SterlingBank-1018000 | GH459-0001 to GH459-0536 |
| 192A | Merchants Bank - Nick Bailey | | Scanned Images Group I\endorsed\473-BaileyN-MerchantsBank-5034523 | GH473-0001 to GH473-0544 |

| | | | | |
|---|---|---|---|---|
| 193A | AL Education Foundation | | Scanned Images Group\Endorsed\131-AEF-FirComBnk-59468WithChecks | GH131-0001 to GH131-0035 |
| 194A | Lanny Young checking acct | | Scanned Images Group\Endorsed\218-Young-CL-Southtrust-38835626 | GH218-0001 to GH218-0017 |
| 194B | Crum Foshee Account | | Scanned Images Group I\Box014 - Southtrust Bank - Crum Foshee and Associates 65833894 | GH017839-GH018550 |
| 194C | Paul Hamrick Checking | | Scanned Images Group I\Box083-SB06-SouthtrustBank-HamrickPaul | GH159382 to GH160618 |
| 195A | GH Construction | | Scanned Images Group\Endorsed\543-GHconstruction-Alamerica-1644 | GH543-0001 to GH543-0097 |
| 195B | Lanny Young | | Scanned Images Group\Endorsed\222-YoungL-AlamericaBnkRecs-GHConst-6-5-01 | GH222-0001 to GH222-0004 |
| 196A | Black Warrior Parkway LLC checking account | | Scanned Images Group I\Box075-RB01-RegionsBank-AllenJim-AllenCompanies | GH146328 to GH147684 |
| 196B | Mack Roberts | | Scanned Images Group\Endorsed\461-RobertsM-RegionsBank-214135971-206059953 | GH461-0031 to GH461-0126 |
| 196C | Jim Allen Corporate Accounts | Same as 196A | Scanned Images Group I\Box075-RB01-RegionsBank-AllenJim-AllenCompanies | GH146328 to GH147684 |
| 196D | Nick Bailey | | Scanned Images Group\Endorsed\237-BaileyN-RegionsBank-DocsFromLarryHolt | GH237-0001 to GH237-0005 |

| 197A | Nick Bailey | | Scanned Images Group<br>l\endorsed\236-Bailey\N-SAL-AFS-12888812 | GH236-0001 to GH236-0010 |
|------|-------------|--|----------------------------------------------------------------|---------------------------|
| 197B | Paul Hamrick | | Scanned Images Group<br>l\endorsed\234-Hamrick\P-SAL-AFS-Acct40625616 | GH234-0001 to GH234-0006 |
| 197C | Lanny Young | | Scanned Images Group<br>l\endorsed\217-Young\L-SAL-AFS-Equities-89639474 | GH217-0001 to GH217-0006 |
| 197D | Don Siegelman | | Scanned Images Group<br>l\endorsed\161-Sieg\D-SAL-7487-2421 | GH161-0001 to GH161-0240 |
| 217 | Sterne Agee Hamrick margin<br>call\Young\6,000 | | Scanned Images Group<br>l\endorsed\243-Young\L--CompassBank-37225002 | GH243-1955 pg 13-14 |
| 223 | 9/1/98 Young to Bailey $1,900 | | Scanned Images Group<br>l\endorsed\471-BC-11-Box11of12-CrainB | GH471-0783 pg 1-2 |
| 229 | 10/9/98 Young to cash - 3,000 | | Scanned Images Group<br>l\endorsed\471-BC-11-Box11of12-CrainB | GH471-0496 pg 15-16 |

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

04 JUN 16 PH 3: 59

U.S. ............ COUR
N.D. OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| VS. | ) |
| | ) |
| MICHAEL MARTIN, | ) |
| | ) |
| Defendant. | ) |

CR-03-C-0191-S

## MOTION FOR DOWNWARD DEPARTURE
## PURSUANT TO UNITED STATES SENTENCING GUIDELINES § 5K1.1

Comes now the United States of America, by and through Alice H. Martin,

United States Attorney for the Northern District of Alabama, and moves the Court

to depart from the guidelines pursuant to United States Sentencing Guidelines

§ 5K1.1. In support hereof, the United States asserts as follows:

The defendant has provided substantial assistance in the investigation and

prosecution of persons who perpetrated the massive accounting fraud at

HealthSouth.

From the discovery of the defendant's participation in the conspiracy, the

defendant has truthfully and completely confessed his misdeeds. The defendant

has also revealed, without hesitation, what he knows about the participation of

1



GOVERNMENT
EXHIBIT

CASE
NO.

EXHIBIT
NO.  33

fy: uwe / HTVL

others in the scheme. Following is a summary of the defendant's assistance to the
United States in this investigation, as recounted by agents of the FBI who have
had the most interaction with the defendant:

The defendant has been available on a continuous and regular basis and has
met whenever needed (on at least ten occasions) with various agencies of the
United States, including the FBI and the Securities and Exchange Commission,
each of which had a substantial need for his assistance. The defendant has also
met with the forensic auditor reconstructing HealthSouth's books and records.
The defendant has provided valuable assistance in helping the United States,
HealthSouth, and the forensic auditor discover, in an expeditious manner, the
varied ways in which the massive fraud at HealthSouth was conducted. The
defendant has spent many hours reviewing financial statements and numerous
other documents.

Defendant has provided both general and specific information which has
been of assistance to the investigation. Generally, this defendant has provided
information on the history of the fraud at HealthSouth. The defendant has
educated investigators about various acquisitions made by HealthSouth and
itemized improper accounting techniques used to record these transactions. He
has also provided information on numerous third party deals in which he and the

2

former CEO personally participated.

Specifically, the defendant as, one of the company's CFO's, has provided direct evidence of the former CEO's knowledge of the fraud at HealthSouth. This includes evidence of direct conversations about the fraud with the former CEO. The defendant has also identified meetings attended by the former CEO where, contrary to the company's guidance and public representations, the company's underperforming operating results were discussed. Defendant Martin has also led investigators to documents which provide evidence of the fraud and the complicity of others at the company in the conspiracy. Further, he has given government investigators an inside look at atmosphere of intimidation and coercion created by the company's former CEO which facilitated the fraud at HealthSouth. The defendant's assistance has aided both the securing of guilty pleas from other co-conspirators and the investigation of other individuals yet to be prosecuted. Information provided by the defendant has also corroborated information by other individuals who have independently assisted the investigation. The information provided by the defendant, to the best of the government's knowledge, has been truthful and accurate.

The defendant's immediate cooperation allowed the HealthSouth case to be prosecuted at a pace which, on a relative basis, constitutes swift and efficient

3

enforcement of the United States' criminal laws. Further, the details of the fraudulent scheme were exposed to the public shortly after the discovery of the fraud due, in part, to the defendant's cooperation. Such action by the United States helped reassure the nation's financial markets in the wake of the scandal and has contributed to HealthSouth's ability to begin its recovery.

The United States expects the defendant to continue his substantial assistance in the investigation and prosecution of others after the sentencing hearing is complete. This cooperation will include testimony against the former CEO of HealthSouth, who is scheduled to go to trial this fall.

Once the Court makes a finding as to the appropriate Guideline sentencing range, the United States will make a specific recommendation to the Court as to the number of months which the Court should depart downward based on the defendant's substantial assistance to authorities.

4

ALICE H. MARTIN
United States Attorney

RICHARD C. SMITH
Deputy Chief, Fraud Section
Criminal Division, Dept. of Justice

5

## CERTIFICATE OF SERVICE

I hereby certify that on June _16_, 2004, a copy of the foregoing was served

on the following counsel for the Defendant:

> Mark J. Hulkower, Esq.
> Steptoe & Johnson
> 1330 Connecticut Ave., N.W.
> Washington, D.C. 20036
> (202) 429-6221
> (202) 429-3902

RICHARD N. WIEDIS
Senior Trial Attorney
Fraud Section, Criminal Division
United States Department of Justice

6

AO 245 S (Rev. 1/96)(N.D.Ala. rev.) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## Northern District of Alabama
### SOUTHERN DIVISION



UNITED STATES OF AMERICA

    v.

                                Case Number CR 03-C-0191-S

MICHAEL MARTIN (#1),

        Defendant.

**ENTERED**

JUN 2 8 2004

## JUDGMENT IN A CRIMINAL CASE
### (For Offense(s) Committed On or After November 1, 1987)

The defendant, MICHAEL MARTIN, was represented by Mark Hulkower.

The defendant pleaded guilty to Counts 1 and 2. Accordingly, the defendant is adjudged guilty of the following counts, involving the indicated offenses:

| Title & Section | Nature of Offense | Count Numbers |
| --- | --- | --- |
| 18 USC 371 | Conspiracy to Defraud the United States | 1 |
| 15 USC 78m(b) (2) (A); 78m(b) (5) and 78ff; 17 CFR 240.13b2-1; 18:2 | Registration of National Securities Exchange | 2 |

As pronounced on Saturday, June 19, 2004, the defendant is sentenced as provided in pages 2 through 9 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $200.00, for Counts 1 and 2, which shall be due immediately.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Signed this the _24th_ day of _June_ 2004

_____
**U. W. CLEMON**
Chief United States District Judge

TRUE COPY:

By: _D. Cooper_

26

**GOVERNMENT EXHIBIT**

CASE NO.

EXHIBIT NO. **34A**

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 4 - Probation

Defendant: MICHAEL MARTIN (#1)
Case Number: CR 03-C-0191-S

## PROBATION

The defendant is hereby placed on probation for a term of Sixty (60) months. The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of probation.

### STANDARD CONDITIONS OF PROBATION

While the defendant is on probation pursuant to this Judgment:

1) The defendant shall not commit another federal, state or local crime; specifically, the defendant shall not illegally possess a controlled substance and shall not own or possess a firearm or destructive device.
2) The defendant shall not leave the judicial district without permission of the Court or probation officer.
3) The defendant shall report to the probation officer as directed by the Court or probation officer and shall submit a truthful and complete written report within the first five (5) days of each month.
4) The defendant shall answer truthfully all inquiries by the probation officer, shall provide the probation officer access to requested financial information, and shall follow the instructions of the probation officer.
5) The defendant shall support his or her dependents and meet other family responsibilities.
6) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
7) The defendant shall notify the probation officer ten (10) days prior to any change in residence or employment. (On change of residence to a new jurisdiction of a person convicted either of a crime of violence or of a drug trafficking offense, the Probation Office is responsible for complying with the notice provisions of 18 U.S.C. § 4042(b).)
8) The defendant shall refrain from excessive use of alcohol, except that a defendant while in the Drug and Alcohol Intensive Counseling and Aftercare Service Program (DAICASP) (or comparable program in another district) shall consume no alcohol. The defendant shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.
9) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
10) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
11) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
12) The defendant shall notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer.
13) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court.
14) The defendant shall comply with any directions from the probation officer to serve notice of third parties the defendant may pose, and shall cooperate with the officer's efforts to confirm compliance.
15) The defendant shall comply with the probation office's Policies and Procedures Concerning Court Ordered Financial Obligations to satisfy the balance of any monetary obligation resulting from the sentence imposed in the case. Further, the defendant shall notify the probation office of any change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine, restitution, or assessment fee. If the defendant becomes more than 60 days delinquent in payments of financial obligations, the defendant may be (a) required to attend a financial education or employment preparation program if and as directed by the probation officer, (b) placed on home confinement subject to electronic monitoring for a maximum period of 90 days at the direction of the probation officer (with the defendant to pay the cost of monitoring if the probation officer determines that the defendant has the ability to do so), and/or (c) placed in a residential treatment program or community corrections center for up to 180 days at the direction of the probation officer (with the defendant to pay the cost of subsistence if the probation officer determines that the defendant has the ability to do so).
16) Unless excused by a special condition of probation or supervised release in the Judgment or by a subsequent court order, the defendant shall comply with 18 U.S.C. § 3563 (a) (probation) or § 3583 (d) (supervised release) regarding mandatory drug testing (with the defendant to contribute to the cost of drug testing if the probation officer determines that the defendant has the ability to do so). A positive urinalysis may result in the defendant's placement in the probation office's Drug and Alcohol Intensive Counseling and Aftercare Service Program (DAICASP) (or comparable program in another district) at the direction of the probation officer.
17) The defendant may be placed in the probation office's Drug and Alcohol Intensive Counseling and Aftercare Service Program (DAICASP) (or comparable program in another district) by virtue of a special condition of probation or supervised release contained in the Judgment, at the direction of the probation officer after a positive urinalysis, or a court order entered during the period of probation or supervision for other good cause shown. This program may include (a) testing by the probation officer or an approved vendor to detect drug or alcohol abuse (with the defendant to contribute to the cost of drug testing if the probation officer determines that the defendant has the ability to do so), (b) a mandatory drug education program (which may include individual or group counseling provided by the probation office or an approved vendor with the defendant to contribute to the cost of drug/alcohol treatment if the probation officer determines that the defendant has the ability to do so, (c) placement in a residential treatment program or community corrections center for up to 180 days at the direction of the probation officer (with the defendant to pay the cost of subsistence if the probation officer determines that the defendant has the ability to do so), and (d) home confinement subject to electronic monitoring for a maximum period of ninety (90) days at the direction of the probation officer (with the defendant to pay the cost of monitoring if the probation officer determines that the defendant has the ability to do so).

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 4 - Continuation of Standard Conditions of Probation

Judgment—Page 3 of 9

Defendant:  MICHAEL MARTIN (#1)
Case Number:  CR 03-C-0191-S

### CONTINUATION OF STANDARD CONDITIONS OF PROBATION

18)   The defendant may be placed in the probation office's computer restriction/monitoring program (or comparable program in another district) by virtue of a special condition of probation or supervised release contained in the judgment. This program may include the following: (a) The defendant shall not possess or use any computer or portable electronic device which has the capability of communicating with any other electronic device without the prior approval of the probation officer or the Court. This includes, but is not limited to, any computer, personal digital assistant, satellite equipment, cellular telephone, or services such as computer on-line bulletin board services and/or internet service. The defendant shall notify the probation officer before altering or effecting repairs to any computer he uses. (b) The defendant shall permit the probation officer to conduct periodic, unannounced examinations of any computer and computer-related equipment the defendant uses, other than equipment owned by his/her employer that maintained at a place of employment other than the defendant's home. The examination may include the retrieval and copying of all data from the computer, and internal or external peripheral equipment, and any software. (c) The defendant, as directed by the probation officer, shall allow, at his expense, the installation of any hardware/software on any computer system he uses, other than equipment owned by his employer, to monitor his/her computer use (and/or to prevent access to prohibited materials), and he/she shall submit to such monitoring. The defendant shall consent to the placement of a notice on any computer upon which monitoring hardware/software is installed to warn others of the existence of the monitoring. (d) The defendant shall not use any computer or computer-related equipment owned by his/her employer except for strict benefit of his employer in the performance of his/her job-related duties. (e) The defendant shall consent to third-party disclosure to any employer or potential employer of any computer-related restrictions which have been imposed upon him/her. (f) The defendant shall provide the U.S. Probation Office with accurate information about all hardware and software which comprise any computer system he/she uses; all passwords used by the defendant, and information pertaining to all internet service providers used by the defendant, whether specifically subscribed by the defendant or not. The defendant shall provide written authorization for release of information from the defendant's internet service provider. (g) The defendant shall furnish his/her personal and business telephone records to the probation officer upon request. Furthermore, the defendant shall provide the probation officer with written authorization for release of information from the defendant's telephone service provider. (h) The defendant shall not possess or use any type of data encryption or stenography software or technique. The defendant shall not alter, delete, or hide records pertaining to computer access, retrieval, or storage.

19)   The defendant shall cooperate in the collection of DNA if and as directed by the probation officer.

20)   If ordered to a period of supervised release after incarceration, the defendant shall report in person, within 72 hours of release from the custody of the Bureau of Prisons, to the probation office in the district where the defendant is released.

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 4 (cont'd) - Probation

Judgment--Page 4 of 9

Defendant:  MICHAEL MARTIN (#1)
Case Number:  CR 03-C-0191-S

### SPECIAL CONDITIONS OF PROBATION

While the defendant is on probation pursuant to this Judgment:

1)  The defendant shall serve Six (6)  months home detention, which may or may not include electronic monitoring as directed by the probation officer.  The defendant shall pay the cost of monitoring  if the probation officer determines that the defendant has the ability to do so.

2)  The mandatory drug testing provisions of 18 U.S.C. § 3563(a) are waived upon the court's finding that the offense of conviction is not drug-related, there is no current or past history of substance abuse, and there is a low risk of future substance abuse by the defendant.

AO 245 S (Rev. 1/96)(N.D.Ala. rev.) Sheet 5 - Fine

Defendant: MICHAEL MARTIN (#1)
Case Number: CR 03-C-0191-S

Judgment--Page 5 of 9

## FINE

The defendant shall pay a fine of $50,000.00.

This fine (plus interest) is due and payable immediately.

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed.  See 18 U.S.C. § 3614.

AO 245 S (Rev. 1/88)(N.D.Ala. rev.) Sheet 6 - Restitution and Forfeiture

Judgment--Page 6 of 9

Defendant:  MICHAEL MARTIN (#1)
Case Number:  CR 03-C-0191-S

## RESTITUTION AND FORFEITURE

### FORFEITURE - Count 3

The defendant is ordered to forfeit the following property to the United States:

$2,375,000.00 (Two Million Three Hundred Seventy-Five Thousand and no/100 dollars).

FILED

2005 Nov-01 PM 04:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## Northern District of Alabama

UNITED STATES OF AMERICA

    v.                                                    Case Number CR 03-C-0191-S

MICHAEL MARTIN
    Defendant.

### JUDGMENT IN A CRIMINAL CASE
#### (For Offense(s) Committed On or After November 1, 1987)

The defendant, MICHAEL MARTIN, was represented by Mark Hulkower.

The defendant pleaded guilty to counts one and two. Accordingly, the defendant is adjudged guilty of the following counts, involving the indicated offense(s):

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 18 USC 371 | Conspiracy to commit wire fraud, securities fraud, false books and records | 1 |
| 15 USC 78m(b)(2)(A), 78m(b)(5) and 78ff; 17 USC 240.13b2-1 and 18 USC 2 | False books and records | 2 |

As pronounced on September 20, 2005, the defendant is sentenced as provided in pages 2 through 11 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $200.00, for counts one and two, which shall be due immediately.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Done this 1st day of November, 2005.

_____
U.W. Clemon
Chief United States District Judge

GOVERNMENT
EXHIBIT

CASE
NO.

EXHIBIT
NO. 34B

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 2 - Imprisonment

Judgment—Page 2 of 11

Defendant:  MICHAEL MARTIN
Case Number:  CR 03-C-0191-S

### IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 7 days.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons or to the U. S. Marshal in Birmingham, Alabama by 12:00 noon, December 5, 2005.

### RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to_____ at _____
_____, with a certified copy of this Judgment.

_____
United States Marshal

By          _____
Deputy Marshal

AO 245 S (Rev. 1/96)(N.D.Ala. rev.) Sheet 3 - Supervised Release

Judgment--Page 3 of 11

Defendant: MICHAEL MARTIN
Case Number: CR 03-C-0191-S

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 24 months. The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of supervised release.

### STANDARD CONDITIONS OF SUPERVISED RELEASE

While the defendant is on supervised release pursuant to this Judgment:

1) The defendant shall not commit another federal, state or local crime; specifically, the defendant shall not illegally possess a controlled substance and shall not own or possess a firearm or destructive device.

2) The defendant shall not leave the judicial district without permission of the Court or probation officer.

3) The defendant shall report to the probation officer as directed by the Court or probation officer and shall submit a truthful and complete written report within the first five (5) days of each month.

4) The defendant shall answer truthfully all inquiries by the probation officer, shall provide the probation officer access to requested financial information, and shall follow the instructions of the probation officer.

5) The defendant shall support his or her dependents and meet other family responsibilities.

6) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.

7) The defendant shall notify the probation officer ten (10) days prior to any change in residence or employment. (On change of residence to a new jurisdiction of a person convicted either of a crime of violence or of a drug trafficking offense, the Probation Office is responsible for complying with the notice provisions of 18 U.S.C. § 4042(b).)

8) The defendant shall refrain from excessive use of alcohol, except that a defendant while in the Drug and Alcohol Intensive Counseling and Aftercare Service Program (DAICASP) (or comparable program in another district) shall consume no alcohol. The defendant shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.

9) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

10) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

11) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

12) The defendant shall notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer.

13) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court.

14) The defendant shall comply with any directions from the probation officer to serve notice of third party risks the defendant may pose, and shall cooperate with the officer's efforts to confirm compliance.

15) The defendant shall comply with the probation office's Policies and Procedures Concerning Court Ordered Financial Obligations to satisfy the balance of any monetary obligation resulting from the sentence imposed in the case. Further, the defendant shall notify the probation office of any change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine, restitution, or assessment fee. If the defendant becomes more than 60 days delinquent in payments of financial obligations, the defendant may be (a) required to attend a financial education or employment preparation program under the administrative supervision the probation officer, (b) placed on home confinement subject to electronic monitoring for a maximum period of 90 days under the administrative supervision of the probation officer (with the defendant to pay the cost of monitoring unless the probation officer determines that the defendant does not have the ability to do so), and/or (c) placed in a  community corrections center for up to 180 days under the administrative supervision of the probation officer (with the defendant to pay the cost of subsistence unless the probation officer determines that the defendant does not have the ability to do so).

16) Unless excused by a special condition of probation or supervised release in the Judgment or by a subsequent court order, the defendant shall comply with 18 U.S.C. § 3563 (a) (probation) or § 3583 (d) (supervised release) regarding mandatory drug testing (with the defendant to contribute to the cost of drug testing unless the probation officer determines that the defendant does not have the ability to do so). A positive urinalysis may result in the defendant's placement in the probation office's Drug and Alcohol Intensive Counseling and Aftercare Service Program (DAICASP) (or comparable program in another district) under the administrative supervision of the probation officer.

AO 245 S (Rev. 1/96)(N.D.Ala. rev.) Sheet 3 - Continuation of Standard Conditions of Supervised Release

Defendant: MICHAEL MARTIN
Case Number: CR 03-C-0191-S

### CONTINUATION OF STANDARD CONDITIONS OF SUPERVISED RELEASE

17) The defendant may be placed in the probation office's Drug and Alcohol Intensive Counseling and Aftercare Service Program (DAICASP) (or comparable program in another district) by virtue of a special condition of probation or supervised release contained in the Judgment, under the administrative supervision of the probation officer after a positive urinalysis, or a court order entered during the period of probation or supervision for other good cause shown. This program may include (a) testing by the probation officer or an approved vendor to detect drug or alcohol abuse (with the defendant to contribute to the cost of drug testing unless the probation officer determines that the defendant does not have the ability to do so), (b) a mandatory drug education program (which may include individual or group counseling provided by the probation office or an approved vendor with the defendant to contribute to the cost of drug/alcohol treatment unless the probation officer determines that the defendant does not have the ability to do so, (c) placement in a residential treatment program or community corrections center for up to 180 days under the administrative supervision of the probation officer (with the defendant to pay the cost of subsistence unless the probation officer determines that the defendant does not have the ability to do so), and (d) home confinement subject to electronic monitoring for a maximum period of ninety (90) days under the administrative supervision of the probation officer (with the defendant to pay the cost of monitoring unless the probation officer determines that the defendant does not have the ability to do so).

18) The defendant may be placed in the probation office's computer restriction/monitoring program (or comparable program in another district) by virtue of a special condition of probation or supervised release contained in the Judgment. This program may include the following: (a) The defendant shall not possess or use any computer or portable electronic device which has the capability of communicating with any other electronic device without the prior approval of the probation officer or the Court. This includes, but is not limited to, any computer, personal digital assistant, satellite equipment, cellular telephone, or services such as computer on-line bulletin board services and/or internet service. The defendant shall notify the probation officer before altering or effecting repairs to any computer he uses. (b) The defendant shall permit the probation officer to conduct periodic, unannounced examinations of any computer and computer-related equipment the defendant uses, other than equipment owned by his/her employer that is maintained at a place of employment other than the defendant's home. The examination may include the retrieval and copying of all data from the computer, and internal or external peripheral equipment, and any software. (c) The defendant, under the administrative supervision of the probation officer, shall allow, at his expense, the installation of any hardware/software on any computer system he uses, other than equipment owned by his employer, to monitor his/her computer use (and/or to prevent access to prohibited materials), and he/she shall submit to such monitoring. The defendant shall consent to the placement of a notice on any computer upon which monitoring hardware/software is installed to warn others of the existence of the monitoring. (d) The defendant shall not use any computer or computer-related equipment owned by his/her employer except for strict benefit of his employer in the performance of his/her job-related duties. (e) The defendant shall consent to third-party disclosure to any employer or potential employer of any computer-related restrictions which have been imposed upon him/her. (f) The defendant shall provide the U.S. Probation Office with accurate information about all hardware and software which comprise any computer system he/she uses; all passwords used by the defendant, and information pertaining to all internet service providers used by the defendant, whether specifically subscribed by the defendant or not. The defendant shall provide written authorization for release of information from the defendant's internet service provider. (g) The defendant shall furnish his/her personal and business telephone records to the probation officer upon request. Furthermore, the defendant shall provide the probation officer with written authorization for release of information from the defendant's telephone service provider. (h) The defendant shall not possess or use any type of data encryption or stenography software or technique. The defendant shall not alter, delete, or hide records pertaining to computer access, retrieval, or storage.

19) The defendant shall cooperate in the collection of DNA under the administrative supervision of the probation officer.

20) If ordered to a period of supervised release after incarceration, the defendant shall report in person, within 72 hours of release from the custody of the Bureau of Prisons, to the probation office in the district where the defendant is released.

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 3 (cont'd) - Supervised Release

Judgment—Page 5 of 11

Defendant: MICHAEL MARTIN
Case Number: CR 03-C-0191-S

### SPECIAL CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this Judgment:

1)   The defendant shall participate, under the administrative supervision of the probation officer, in the Drug and Alcohol Intensive Counseling and Aftercare Service Program (DAICASP) conducted by the probation office (or a comparable program conducted in the district of supervision).  (See the Standard Conditions for a brief description of possible terms of such participation.)

2)   The defendant shall participate, under the administrative supervision of the probation officer, in such mental health rehabilitation programs.  The defendant shall contribute to the cost of mental health treatment unless the probation officer determines that the defendant does not have the ability to do so.

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 5 - Fine

Judgment--Page 6 of 11

Defendant: MICHAEL MARTIN
Case Number: CR 03-C-0191-S

**FINE**

The defendant shall pay a fine of $50,000.00.

The Court has determined that the defendant does not have the ability to pay interest, and it is accordingly ordered that the interest requirement is waived.

This fine is due and payable immediately .

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed.  See 18 U.S.C. § 3614.

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 6 - Restitution and Forfeiture

Judgment--Page 7 of 11

Defendant: MICHAEL MARTIN
Case Number: CR 03-C-0191-S

## RESTITUTION AND FORFEITURE

### FORFEITURE

The defendant is ordered to forfeit the following property to the United States:

the sum of $2,375,000.00.