**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | CRIMINAL NO.: 2:05-cr-119-MEF |
| vs. | * | |
| | * | |
| DON EUGENE SIEGELMAN, et al., | * | |

**DEFENDANT GOVERNOR DON E. SIEGELMAN'S
REPLY TO GOVERNMENT'S RESPONSE TO OBJECTIONS
TO GOVERNMENT'S PROPOSED TRIAL EXHIBITS**

On March 22, 2006, the Court entered an Order on Pretrial and Trial Procedures, following a status conference held on March 14. [Doc. 255]. The Court ordered that "[a]ll exhibits must be premarked ... and must be exchanged" with objections required to be filed on or before April 18, 2006 and responses to objections filed on or before April 21, 2006." The Court also ordered that "[o]ne copy of the United States' witness list and exhibit list is due to each Defendant on or before April 14, 2006."

The Government failed to comply with the Court's Order on Pretrial and Trial Procedures: the Government failed to exchange premarked exhibits listed on its Exhibit List as numbers 29, 70, 105, 119-125, 128, 159, 160 and 186-197(d), and the Government failed to list Special Agent Tyler McCurdy as a witness on its witness list (thereby rendering Exhibits 116 and 117 inadmissible).

The Government now contends that it will introduce Exhibits 116 and 117 through the testimony of Agent McCurdy. **However, the Government refused to identify Agent McCurdy during *voir dire* after the Court specifically instructed the parties to identify *every* witness that would be called in this matter.** The Court will recall that the Government, in response to defense counsel's request that agent witnesses be identified, indicated that the Government would not be calling agents to testify. During *voir dire*, the Government deliberately withheld its intent to call

Agent McCurdy from the Defendants, this Court, and the jury.  As a consequence, the jury in this cause, which was carefully selected under this Court's scrupulous supervision, was not evaluated for possible biases regarding Agent McCurdy or any other agent of the State or Federal Government. **To allow the Government to now call Agent McCurdy as a witness would render invalid the selection of this jury**.

Moreover, the Government refuses to even acknowledge the dictates of the Court's Order and Defendant Siegelman's citations to the Order in his objections, much less attempt to show the requisite good cause why it failed to comply with the Order.  Cf., Thorn v. Blue Cross & Blue Shield of Fla., Inc., 192 F.R.D. 308 (M.D. Fla. 2000) (in context of Fed. R. Civ. P. 16(b), party must show good cause to deviate from deadline set in scheduling order which requires party to establish that scheduling deadlines cannot be met despite party's diligent efforts); Scheidecker v. Arvig Enters., 193 F.R.D. 630 (Minn. 2000) (good cause demands showing that existing schedule cannot reasonably be met despite diligence; good cause question does not turn on existence or absence of prejudice to nonmoving party).

Defendant Siegelman respectfully submits that the Court should not countenance the Government's continued disregard of the Court's Order on Pretrial and Trial Procedures.  "'**The scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril**.'" Payne v. Ryder Sys., Inc., 173 F.R.D. 537, 540 (M.D. Fla. 1997) (quoting *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987)) (emphasis added).  Because the Government failed to timely disclose  agent McCurdy  as a trial witness, failed to identify  him as a witness  to the jury panels on *voir dire*, and, in open court,  indicated that agents would not be called as witnesses, the Government should be precluded from calling Mr. McCurdy, or any other

State or Federal Agent as a witness in this case.   Moreover, the Government's Exhibits 29, 70, 105, 116-117, 119-125, 128, 159, 160 and 186-197(d) are due to be excluded from evidence at trial.

Dated:  April 25, 2006.

Respectfully submitted,


/s/ W. PERRY HALL
Vincent F. Kilborn, III, Esquire (KILBV4484)
W. Perry Hall, Esquire (HALLW9043)
KILBORN, ROEBUCK & McDONALD
1810 Old Government Street (36606)
Post Office Box 66710
Mobile, Alabama  36660
Telephone: (251) 479-9010
Fax: (251) 479-6747

David A. McDonald, Esquire (MCDOD5329)
KILBORN, ROEBUCK & McDONALD
203 South Warren Street (36602)
Post Office Box 832
Mobile, Alabama 36601
Telephone: (251) 434-0045
Fax: (251) 434-0047

OF COUNSEL:

Charles Redding Pitt, Esquire
2119 Third Avenue North
Birmingham, Alabama  35203
Telephone: (205) 324–0223
Fax: (205) 323-1583

Hiram Eastland, MS. BAR #5294
EASTLAND LAW OFFICES
107 Grand Boulevard
Greenwood, Mississippi 38930
662-897-0495
662-453-2808 (fax)
eastlandlaw@bellsouth.net

Professor G. Robert Blakey
D.C. Bar #424844
NOTRE DAME LAW SCHOOL
South Bend, Indiana
574-681-6626
gblakey@nd.edu

**CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of April, 2006, I electronically filed the foregoing Objections with the Clerk of the Court using the CM/ECF system which will send notification of such to all counsel of record.


/s/ W. PERRY HALL
COUNSEL