IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

RECEIVED
2006 APR 28 P 1: 56

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| UNITED STATES ) | |
| ) | |
| vs. ) | Case No.: 2:05-cr-00119-MEF-CSC-1 |
| ) | |
| DON SIEGELMAN, et al. ) | **ORAL ARGUMENT REQUESTED** |

**THE MOBILE PRESS REGISTER, INC. AND EDWARD CURRAN'S
MOTION TO EXEMPT CURRAN FROM INVOCATION OF EVIDENTIARY RULE 615
OR, ALTERNATIVELY, MOTION FOR PROTECTIVE ORDER**

The Mobile Press Register, Inc. ("MPR") and reporter Edward Curran ("Curran") move this Court to exempt Curran, if compelled to testify at trial, from any Order excluding witnesses pursuant to Rule 615 of the Federal Rules of Evidence. Alternatively, movants request that the Court enter a Protective Order that Curran will not be compelled to testify as a witness at trial. In support of this motion, MPR and Curran state as follows:

1. Curran is a reporter for MPR, which owns and operates the Press-Register, a daily newspaper in Mobile, Alabama.

2. Curran has been named on a witness list submitted by Defendant Paul Hamrick. It is the undersigned counsel's understanding that Curran **may** be called as a rebuttal witness at trial for impeachment purposes only. Specifically, Curran will be asked to testify as to interviews he conducted for articles published in the Press-Register.

3. MPR and Curran ask the Court to exempt Curran from any Order that may be entered excluding witnesses from the courtroom during trial, pursuant to Rule 615 of the Federal Rules of Evidence. See United States v. Connolly, 204 F. Supp. 2d 138 (D. Mass. 2002) (newspaper reporters

had First Amendment right to attend trial despite being subpoenaed as testifying witnesses, where reporters were not adversarial witnesses, but were merely sought to confirm accuracy of statements attributed to defendant in their articles).

4. Curran plans to attend and report on the trial of this case.

5. Curran has been employed at the Press-Register since 1988. He has conducted investigative journalism involving state politics for over ten years. Since 2001, he has investigated and written extensively about the subject matters of this trial. Curran investigated and authored over 100 articles concerning these matters, and worked almost every day for two solid years in that capacity. Due to his experience, Curran is singularly qualified at the Press-Register to cover the trial of this case.

6. It is speculative at best that Curran's testimony will be necessary at trial to impeach any witnesses.

7. Moreover, the undersigned counsel has spoken with counsel for the government (Attorney J.B. Perrine), Defendant Mack Roberts (Attorney Bill Baxley), Defendant Richard Scrushy (Attorney Fred Helmsing), and Defendant Paul Hamrick (Attorney Jeff Deen), all of whom have no objection to Curran being permitted to stay in the courtroom for the duration of the trial. Additionally, Curran has confirmed that counsel for Defendant Don Siegelman (Attorney Vince Kilborn) likewise makes no objection to Curran remaining in the courtroom during the trial.

8. Curran was not a party or a witness to any criminal activity charged in this case. Therefore, he is not a material witness to any party. His potential role as a witness arises solely from having reported the news. His background and experience with regard to this case will benefit the public who will read about this trial, and the public is entitled to that benefit. Excluding Curran from

the courtroom during trial would deprive the public of his understanding of the events occurring up to and including the trial of this case, and it would unnecessarily interfere with the free flow of information. See Connolly, 204 F. Supp. 2d at 139.

9. Moreover, to exclude Curran from the courtroom during the trial of this case would be a violation of his First Amendment right to attend the trial. See Connolly, 204 F. Supp. 2d at 139 (citing Globe Newspaper Co. v. Superior Court, 457 U.S. 596 (1982)). Exempting Curran from any Rule 615 Order, on the other hand, would permit him "to meet [his] important First Amendment responsibility of keeping the public informed as to the events taking place in open court." See id. at 138. "It is also beyond dispute that only in the most extraordinary circumstances is the government permitted, consistent with the First Amendment, to discriminate between members of the press in granting access to trials and other governmental proceedings." See id. at 139 (citing Anderson v. Cryovac, 805 F.2d 1, 9 (1st Cir. 1986); McCoy v. Providence Journal Co., 190 F.2d 760, 766 (1st Cir. 1951); Westinghouse Broadcasting Co. v. Dukakis, 409 F. Supp. 895, 896 (D. Mass 1976); Sherrill v. Knight, 569 F.2d 124, 129-30 (D.C.Cir. 1977)).[1]

10. It is within this Court's discretion to exempt Curran from any Rule 615 Order that it may decide to implement, and such exceptions to the Rule are common. See United States v. Alvarado, 647 F.2d 537, 540 (5th Cir. 1981) ("[T]he decision as to how many will be excused from sequestration [under Rule 615] is just as discretionary with the trial judge as who will be excused.

---

[1] Though the situation at bar does not carry this particular concern as all parties to this action are unopposed to Curran's remaining in the courtroom throughout the trial, to allow parties in criminal proceedings to subpoena newspersons as witnesses and thereby preclude them from viewing the trial would set a precedent to be misused as a means of dictating who may cover important criminal trials. This would be a loss for the public and, potentially, could preclude smaller newspapers with minimum staff from coverage at all.

Both decisions will be reversed only upon a clear showing of abuse of such discretion.") By way of example, often expert witnesses and law enforcement witnesses are permitted to remain in the courtroom despite Rule 615 implementation. See generally United States v. Butera, 677 F.2d 1376, 1381 (11th Cir. 1982) (upholding trial court's exempting from witness sequestration principal investigating officer in narcotics case); In re United States, 584 F.2d 666, 667 (5th Cir. 1978) (federal agent could not be excluded from courtroom); In re Omeprazole Patent Litigation, 190 F. Supp. 2d 582, 586-87 (S.D.N.Y. 2002) (expert not sequestered).

11.     Unlike law enforcement agents and expert witnesses, Curran is not an adversarial witness. Given that Curran's testimony, if needed at all, will be for a singularly narrow purpose, the public's interest in Curran's presence at the trial and ability to report on same outweighs any interest there may be in excluding him from the courtroom. See Connolly, 204 F. Supp. 2d at 140.

12.     Alternatively, Curran should not be compelled to testify because the government cannot overcome the constitutional burdens imposed on parties seeking to compel the testimony of those who gather and report the news. See United States v. Caporale, 806 F.2d 1487, 1504 (11th Cir. 1986) (court may compel a reporter to reveal a confidential source only when "the information is [1] highly relevant, [2] necessary to the proper presentation of the case, and [3] unavailable from other sources") (citing Miller v. Transamerican Press, Inc., 621 F.2d 721, 726 (5th Cir. 1980)); Kidwell v. McCutcheon, 962 F. Supp. 1477, 1480 (S.D. Fla. 1996) (Eleventh Circuit law is clear that, even where no confidential source is involved, a party may not subpoena a reporter to testify unless it meets the three Miller criteria) (citing Blanton, infra).

13.     The information Curran may be asked to provide would be solely as rebuttal and for impeachment purposes only. There simply are no compelling interests in his testifying in the trial

which would overcome the First Amendment interests involved. See United States v. Blanton, 534 F. Supp. 295, 296-97 (S.D. Fla. 1982) (court quashed subpoena to reporter where government wanted reporter to confirm statements attributed to defendant in an article; held that showing of confidentiality not required under First Amendment and is irrelevant to chilling effect enforcement of subpoena would have on free flow of information), aff'd, 730 F.2d 1425 (11th Cir. 1984); Loadholtz v. Fields, 389 F. Supp. 1299, 1300-03 (M.D. Fla. 1975) (quashing subpoena to reporter to testify about published interview with defendant; non-confidential sources entitled to protection, too; no showing of lack of alternative sources and no compelling interest had been made). See also Ala. Code § 12-21-142 (exempting news-gathering persons from disclosing sources).

WHEREFORE, MPR and Curran respectfully request that the Court exempt Curran from any Rule 615 Order that the Court may choose to implement or, alternatively, enter a Protective Order excusing Curran from testifying at trial.

Respectfully submitted,

EDWARD S. SLEDGE, III (SLEDE7917)
ARCHIBALD T. REEVES, IV (REEVA2720)
HEATHER R. GUIDRY (GUIDH4435)
Attorneys for The Mobile Press Register, Inc. and
Edward Curran

**McDOWELL KNIGHT ROEDDER
    & SLEDGE, LLC**
P.O. BOX 350
MOBILE, ALABAMA 36601
PHONE: (251) 432-5300
FAX:   (251) 432-5303

## CERTIFICATE OF SERVICE

I do hereby certify that I have this 28th day of April, 2006, served a copy of the foregoing pleading by facsimile and U.S. mail, first class, postage prepaid and properly addressed on all counsel to this proceeding.

**COUNSEL OF RECORD:**
Charles Redding Pitt, Esq.
John D. Saxon, Esq.
2119 Third Avenue North
Suite 100
Birmingham, AL 35203
(205) 324-0233

David Allen McDonald, Esq.
Kilborn, Roebuck & McDonald
203 South Warren Street
Post Office Box 832
Mobile, AL 36602
(251) 434-0045

Hiram Chester Eastland, Jr., Esq.
Eastland Law Offices
107 Grand Boulevard
Greenwood, MS 38930
(662) 897-0495

Vincent F. Kilborn, III, Esq.
W. Perry Hall, Esq.
Kilborn, Roebuck & McDonald
1810 Old Government Street
Mobile, AL 36606
(251) 479-9010

Russell J. Drake, Esq.
Whatley Drake LLC
P.O. Box 10647
Birmingham, AL 35202-0647
(205) 328-9576

Arthur W. Leach, Esq.
4371 Quail Ridge Way
Norcross, GA 30092
(404) 786-6443

Frederick George Helmsing, Sr., Esq.
Helmising Leach Herlong Newman & Rouse PC
P.O. Box 2767
Mobile, AL 36652-2767
(251) 432-5521

James Kenneth Jenkins, Esq.
Maloy & Jenkins
75 Fourteenth Street N.W.
25th Floor
Atlanta, GA 30309
(404) 875-8757

Leslie Vernon Moore, Esq.
Moore & Associates LLC
4000 Eagle Point Corp. Drive
Birmingham, AL 35242
(205) 314-5709

Terry Lucas Butts, Esq.
P.O. Drawer 272
Luvurne, AL 36049
(334) 335-2262

W. Bruce Maloy, Esq.
Maloy & Jenkins
75 Fourteenth Street N.W.
25th Floor
Atlanta, GA 30309
(404) 875-8757

Fred Sr. D. Gray, Esq.
Gray Langford Sapp McGowan Gray & Nathanson
P.O. Box 830239
Tuskegee, AL 36083
(334) 727-4830

Thomas Jefferson Deen, III, Esq.
T. Jefferson Deen, III P.C.
P.O. Box 2705
Mobile, AL 36652
(251) 433-5860

Michel Nicrosi, Esq.
Miller, Hamilton, Snider & Odom, LLC
P.O. Box 46
Mobile, AL 36601
(251) 432-1414

Joel Evan Dillard, Esq.
Steward Davidson McKnight, III, Esq.
William Joseph Baxley, Esq.
Samuel Joshua Briskman, Esq.
Baxley, Dillard, Dauphin & McKnight
2008 Third Avenue South
Birmingham, AL 35233
(205) 271-1100

James B. Perrine, Esq.
Louis V. Franklin, Sr., Esq.
Stephen P. Feaga, Esq.
U.S. Attorney's Office
P.O. Box 197
Montgomery, AL 36101-0197
(334) 223-7280

Joseph L. Fitzpatrick, Jr., Esq.
Attorney General's Office
Public Corruption & White Collar
Alabama State House
11 South Union Street
Montgomery, AL 36130
(334) 353-4839

Richard C. Pilger, Esq.
Department of Justice, Criminal Division
Public Integrity Section
10th & Constitution Avenue N.W.
Bond Building - 12th Floor
Washington, D.C. 20530
(202) 514-1412