IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA  ) | |
| ) | |
| v.   ) | |
| ) | CRIMINAL NO. 2:05-CR-119-MEF |
| DON EUGENE SIEGELMAN   ) | |
| PAUL MICHAEL HAMRICK   ) | |
| GARY MACK ROBERTS, and  ) | |
| RICHARD M. SCRUSHY.   ) | |

**UNITED STATES' MEMORANDUM OF LAW IN SUPPORT OF THE ADMISSIBILITY OF EVIDENCE, INCLUDING TESTIMONY AND EXHIBITS, OF THE ACTIONS OF DEFENDANTS SIEGELMAN AND HAMRICK WITH LANNY YOUNG PRIOR TO AUGUST 1997**

COMES NOW the United States of America, by and through Louis V. Franklin, Sr., Acting United States Attorney for the Middle District of Alabama, and Andrew C. Lourie, Acting Chief of the Public Integrity Section of the Criminal Division of the United States Department of Justice, and hereby files its Memorandum of Law in Support of the Admissibility of Evidence, Including Testimony and Exhibits, of the Actions of Defendants Siegelman and Hamrick with Lanny Young Prior to August 1997 (hereinafter, the "pre-1997 conduct"). Any challenge to the admissibility of the pre-1997 conduct should be denied because this evidence is highly relevant to the RICO conspiracy offense charged in Count One, the RICO offense charged in Count Two, and the honest services fraud offenses charged in Counts Ten through Fourteen. The pre-1997 conduct is evidence intrinsic to these offenses, even though it occurred prior to the dates of the offenses charged in the indictment, and is admissible under Fed. R. Evid. 401 and 403. The pre-1997 conduct goes to prove the guilt of Defendants Siegelman and Hamrick for the above-listed offenses and should be fully presented to the jury. To support its position, the United States avers as follows: