IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 2:05-cr-119-MEF |
| | ) | |
| DON EUGENE SIEGELMAN | ) | |
| PAUL MICHAEL HAMRICK | ) | |
| GARY MACK ROBERTS | ) | |
| RICHARD M. SCRUSHY | ) | |

### ORDER

In his Motion Partially to Exclude the Testimony of Forrest "Mac" Marcato and Nancy Marcato (Doc. # 409), Defendant Siegelman asserts that the testimony of the Marcatos concerning a telephone call between Governor Siegelman and Mr. Marcato on September 9, 2002 is irrelevant to the extortion charges in the indictment and therefore should be excluded.[1]

Count Thirty-Four charges Defendant Siegelman with extortion under color of official right and by fear of economic harm in violation of the Hobbs Act, 18 U.S.C. § 1951. The Hobbs Act provides that

> (a) Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by . . . extortion or attempts or conspires to do so . . . shall be fined under this title or imprisoned . . .
> (b) As used in this section . . .
> (2) The term "extortion" means the obtaining of property from another, with

---

[1] The Court will not address Defendant Siegelman's Alabama bribery law arguments as Defendant Siegelman conceded at oral argument that these arguments were invalid in light of Ala. Code § 17-22A-22(c).

> his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right.

Legislators do not necessarily commit the crime of extortion by acting to further the interests of some constituents shortly before or after campaign contributions are solicited and received from those constituents. *McCormick v. United States*, 500 U.S. 257, 272 (1991). However, there are situations in which an elected official may commit extortion in the course of financing an election campaign. *Id.* at 273. Specifically,

> the receipt of [campaign] contributions is . . . vulnerable under the [Hobbs] Act as having been taken under color of official right . . . if the payments are made in return for an explicit promise or undertaking by the official to perform or not perform an official act. . . . [That is,] the official asserts that his official conduct will be controlled by the terms of the promise or undertaking.

*Id.*

In considering whether testimony concerning the phone conversation between Governor Siegelman and Mr. Marcato is admissible, the Court must determine whether the evidence is capable of convincing the jury beyond a reasonable doubt that a violation of 18 U.S.C. § 1951 occurred. *See United States v. Dellinger*, 472 F.2d 340, 393 (7th Cir. 1972). Assuming the testimony of the Marcatos would be the same as their Grand Jury testimony of September 21, 2005, the testimony concerning the conversation and the circumstances surrounding it could lead a reasonable jury to find that a violation of the Hobbs Act occurred. At the time of the call, the State had been intermittently using varying amounts of Rainline, and the extent of its future use on Alabama roads was in doubt. Governor Siegelman contacted Mr. Marcato just before the governor was to attend an important meeting on its

continued usage.  Mr. Marcato was so surprised that Governor Siegelman would call him that he believed the call was a joke and found it unusual that he would be contacted so close to such a meeting.  During the call, Governor Siegelman informed Mr. Marcato of this meeting and immediately requested a large campaign contribution.  When the Court considers the proximity of the call to the meeting, the request's amount, the fact that Governor Siegelman contacted Mr. Marcato on an infrequent basis, and Mr. Marcato's understanding of the call, there exists, at a minimum, a possibility that a reasonable jury could understand this evidence to substantiate a Hobbs Act violation.  Thus, the Court holds that the Marcatos' testimony concerning the phone conversation is admissible.[2]

    DONE this 1st day of June, 2006.

                                                  /s/ Mark E. Fuller
                                      CHIEF UNITED STATES DISTRICT JUDGE

---

[2] While the Court finds Mrs. Marcato's testimony concerning the phone call to be relevant to the Hobbs Act charge, its admissibility under an exception to the hearsay rule is yet to be determined.