IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 2:05-cr-119-MEF |
| | ) | |
| DON EUGENE SIEGELMAN | ) | |
| PAUL MICHAEL HAMRICK | ) | |
| GARY MACK ROBERTS | ) | |
| RICHARD M. SCRUSHY | ) | |

## ORDER

On June 6, 2006, the Court heard oral argument on objections to the testimony of and exhibits related to Government witnesses Gary Moore, Billy Stenson, and Kathryn Hornberger.

According to the Government, Stenson is expected to testify about the $71,000 payment from Jim Allen to Defendant Roberts (Government exhibit 320; Roberts exhibit 79). None of the Defendants object to this testimony, and therefore it will be permitted. Stenson is also expected to testify about the financial status of Allen's Tuscaloosa toll bridge and the fact that such status was not public knowledge. The Court finds that testimony concerning the financial status of the bridge is irrelevant to any of the charges in the indictment and is therefore inadmissible. However, the Court will permit testimony on the fact that the financial status was not public knowledge.

The Government also stated that Stenson and Moore are expected to offer testimony concerning the architectural firm Burk-Kleinpeter. Specifically, these witnesses will testify that Burk-Kleinpeter paid consulting fees to Allen. Furthermore, Moore will testify that

Burk-Kleinpeter was awarded significantly more contracts with the State of Alabama during the Siegelman administration than during previous administrations. In support of this testimony, the Government would like to offer through these witnesses exhibits concerning the state's contracts with other architectural firms in comparison to its contracts with Burk-Kleinpeter. The Court will permit testimony concerning both the consulting fees and the number of contracts awarded to Burk-Kleinpeter during the Siegelman administration because the evidence concerning the $71,000 payment to Roberts and the fact that Roberts had a role in choosing to which firms to award contracts makes this testimony relevant. However, the Court sustains Defendants' objections as to the exhibits relating to contracts with other architectural firms because the Court believes that these exhibits will complicate the issues and unduly delay the trial. Stenson and Moore are also expected to testify about two $25,000 contributions that Burk-Kleinpeter made to the Siegelman campaign. The Court finds that there has already been sufficient testimony concerning these contributions. Therefore, to the extent that these witnesses' testimony is repetitive of previous testimony about these contributions, the Defendants' objections are sustained, but if the witnesses have additional or different testimony to offer on this issue, their testimony will be permitted.

      Hornberger is a recordkeeper for the men's clothing store The Locker Room. She is expected to testify that Defendant Hamrick purchased clothing at the store and paid for his purchases partially by check or credit card and partially in cash. The Court finds that this testimony is repetitive, irrelevant under Federal Rule of Evidence 401, and that even if

relevant its prejudicial effect would outweigh its probative value. Therefore, the Court sustains the Defendants' objections to Hornberger's testimony, unless Hornberger has personal knowledge that Lanny Young was the source of the cash payments made to Hamrick's account.

DONE this 7th day of June, 2006.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE