IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 2:05-cr-119-MEF |
| | ) | |
| DON EUGENE SIEGELMAN | ) | |
| PAUL MICHAEL HAMRICK | ) | |
| GARY MACK ROBERTS | ) | |
| RICHARD M. SCRUSHY | ) | |

**ORDER**

On June 11, 2006, the United States filed a Motion in Limine to Bar Defendant Scrushy's Introduction of HealthSouth's Irrelevant Prior Donations and Contributions (Doc. # 419).

The Court finds that the motion is due to be granted because the evidence of HealthSouth's contributions as tendered to the Court by Defendant Scrushy in his 902(11) Certification is irrelevant to the charges in the indictment. According to Defendant Scrushy, he wishes to introduce evidence of HealthSouth's charitable contributions in order to show that the $250,000 HealthSouth contribution to the Alabama Education Lottery Foundation was not "colossal." However, the fact that HealthSouth made numerous *charitable* contributions is not relevant to show that a $250,000 *political* contribution was not colossal.

In the alternative, the Court finds that even if HealthSouth's charitable contributions were relevant under Federal Rule of Evidence 401, they should be excluded under Rule 403 because their probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, undue delay, and waste of time. The Court finds that the evidence

is also properly excluded under Rule 611(a) in order to avoid needless consumption of time.

Finally, the Court finds that HealthSouth's charitable contributions do not constitute habit evidence under Rule 406.

For these reasons, it is hereby ORDERED that the United States' Motion in Limine (Doc. # 419) is GRANTED.

DONE this the 12th day of June, 2006.

                                    /s/ Mark E. Fuller
                            CHIEF UNITED STATES DISTRICT JUDGE