**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| | * | CRIMINAL NO.: 2:05-cr-119-MEF |
| vs. | * | |
| | * | |
| DON EUGENE SIEGELMAN, et al., | * | |

**GOVERNOR SIEGELMAN'S SUPPLEMENTARY PROPOSED JURY
INSTRUCTIONS**

Defendant, Don Eugene Siegelman, by and through his attorneys, respectfully submits the attached supplementary proposed jury instructions.

Respectfully submitted,

 /s/ Vincent F. Kilborn, III
Vincent F. Kilborn, III, Esquire (KILBV4484)
W. Perry Hall, Esquire (HALLW9043)
KILBORN, ROEBUCK & McDONALD
1810 Old Government Street (36606)
Post Office Box 66710
Mobile, Alabama  36660
Telephone: (251) 479-9010
Fax: (251) 479-6747

Hiram Eastland, MS.Bar #5294
EASTLAND LAW OFFICES
107 Grand Boulevard
Greenwood, Mississippi 38930
Telephone: (662) 897-0495
Fax: (662) 453-2808

OF COUNSEL:
Professor G. Robert Blakey
D.C. Bar #424844
NOTRE DAME LAW SCHOOL

South Bend, Indiana
Telephone: (574) 681-6626

David A. McDonald, Esquire (MCDOD5329)
KILBORN, ROEBUCK & McDONALD
203 South Warren Street (36602)
Post Office Box 832
Mobile, Alabama 36601
Telephone: (251) 434-0045
Fax: (251) 434-0047

Charles Redding Pitt, Esquire
2119 Third Avenue North
Birmingham, Alabama  35203
Telephone: (205) 324–0223
Fax: (205) 323-1583

**Siegelman Supplementary Instruction No. 1**
**(False Testimony)**

You are instructed that if a witness knowingly and willfully lies on a significant aspect of his testimony —

To Special Agents of the Federal Bureau of Investigation, acting within their jurisdiction, that is, the investigation a federal offense, which would be a crime, a "false statement,"

To a Federal grand jury under lawful oath, contrary to his oath, believing his testimony not to be true, which would be a crime, "perjury," or

To you under lawful oath in this trial, contrary to his oath, believing his testimony not to be true, which would be a crime, "perjury,"

You may ignore, *for that reason alone*, his entire testimony in this trial, that is, not considering it in any fashion in your discussions of the other evidence in this trial.

**Authority**

*See The Santissima Trinidad,* 20 U.S. 283, 399-(1822) (Story, J.) (ship lawfully seized; restitution denied; emphasis added):

> If the cause stood solely upon the testimony of the witnesses who have been examined on behalf of the libellants, we should have great hesitation in admitting the conclusions which have been drawn from it. The witnesses, indeed, speak directly and uniformly either to the point of illegal equipment, or illegal augmentation of force within our ports. But their testimony is much shaken by the manifest contradictions which it involves, and by declarations of facts, the falsity of which was entirely within their knowledge, and has been completely established in proof. It has been said, that if witnesses concur in proof of a material fact, they ought to be believed in respect to that fact, whatever may be the other contradictions in their testimony. That position may be true under circumstances; but it is a doctrine which can be received only under many qualifications, and with great caution. If the circumstance respecting which the testimony is discordant be immaterial, and of such a nature, that mistakes may easily exist, and be accounted for in a manner consistent with the utmost good faith and probability, there is much reason for indulging the belief that the discrepancies arise from the infirmity of the human mind, rather than from deliberate error. *But where the party speaks to a fact in respect to which he cannot be presumed liable to mistake, as in relation to the country of his birth, or his being in a vessel on a particular voyage, or living in a particular place, if the fact turn out otherwise, it is extremely difficult to exempt him from the charge of deliberate falsehood; and Courts of justice, under such circumstances, are bound, upon principles of law, and morality and justice, to apply the maxim falsus in uno, falsus in omnibus. What ground of judicial belief can there be left, when the party*

*has shown such gross insensibility to the difference between right and wrong, between truth and falsehood? The contradictions in the testimony of the witnesses of the libellants have been exposed at the bar with great force and accuracy; and they are so numerous that, in ordinary cases, no Court of justice could venture to rely on it without danger of being betrayed into the grossest errors.* ... We adhere to the rule which has been already adopted by this Court, that restitution ought not to be decreed upon the ground of capture in violation of our neutrality, unless the fact be established beyond all reasonable doubt.

**Siegelman Supplementary Instruction No. 2**
(Campaign Contributions and *Strictissimi Juris*)

This prosecution implicates delicate issues under the First Amendment of the United States, which guarantees to those who participate in the political life of our Nation freedom of speech and association.

Accordingly, you are instructed that serving constituents and supporting legislation or engaging in actions that will benefit a particular district or individuals and groups is the everyday business of political figures.

It is also true that political campaigns must be run and financed. Money is constantly being solicited on behalf of candidates, who run on platforms and who claim support on the basis of their views and what they intend to do or have done. Whatever ethical considerations and appearances may indicate, to hold that political figures commit the Federal crimes of extortion, bribery, or violations of honest services when they act for the benefit of constituents or support legislation furthering the interests of some of their constituents, shortly before or after campaign contributions are solicited and received from those beneficiaries, is an unrealistic assessment of what Congress could have meant by making it a crime to commit these offenses.

To hold otherwise would open to prosecution not only conduct that has long been thought to be well within the law, but also conduct that in a real sense is unavoidable, so long as election campaigns are financed by private contributions or expenditures, as they have been from the beginning of the Nation.

The First Amendment to the United States Constitution stands squarely against that course of action by this Court or this jury.

I further instruct you that when group activity out of which an alleged offense develops can be described as involving both legal and illegal purposes and conduct, and is within the shadow of the First Amendment, as I have just noted, the factual issue as to the alleged criminal intent must be judged under the Doctrine of Special and Heighten Scrutiny. Thus, especially careful inquiry into the sufficiency of proof is justified and required by the First Amendment, because of the real possibility in considering such activity of an unfair imputation of the intent or acts of some participants to all others.

In the context of this prosecution, the Doctrine of Special and Heighten Scrutiny in the First Amendment area precludes a finding that a defendant had an unlawful intent if the finding is based solely on the fact that he participated in planning and organizing such activity or on the mere imputation to him of the plan of any associate

The Doctrine of Special and Heighten scrutiny of evidence of unlawful intent in the First Amendment area does not, of course, require evidence so compelling that a verdict of not guilty would be perverse. It does not wholly deprive you of your customary function in interpreting ambiguous statements in the light of circumstances and choosing among reasonable inferences. Nevertheless, to convict, you must, as in other cases, be satisfied beyond a reasonable doubt on each element of the offenses, as I have defined them elsewhere in these instructions. But the Doctrine of Special and Heighten Scrutiny in the area of First Amendment freedom does emphasizes the need for care in analyzing the evidence against a particular defendant in a case of this type. Thus, I instruct you to take this special and heighten scrutiny into account in your deliberations and verdict.

**Authority**

*McCormick v. United States*, 500 U.S. 257, 272-73 (1991); *Evans v. United States*, 504 U.S. U.S. 255, 269 (1992); *see United States v. Davis*, 30 F.3d 108 (11th Cir. 1994) (citing *United States v. Martinez*, 14 F.3d 543, 554 (11th Cir. 1994) (following *McCormick* and *Evans*)):

> For the reasons stated in *United States v. Martinez*, 14 F.3d 543, 552-554 (11th Cir. 1994), under United States Supreme Court precedent, an *explicit* promise by a public official to act or not act is an essential element of Hobbs Act extortion, and the defendant is entitled to a reasonably clear jury instruction to that effect. *See also United States v. Allen*, 10 F.3d 405, 411 (7th Cir. 1993); *United States v. Farley,* 2 F.3d 645, 651 (6th Cir.), *United States v. Garcia*, 992 F.2d 409, 414 (2d Cir. 1993); *United States v. Taylor*, 993 F.2d 382, 384 (4th Cir.) (1993). Because the district court failed to charge Davis's jury as to the necessity of finding an explicit promise before the jury properly could convict--     and indeed informed the jury that "a specific quid pro quo is not always necessary for a public official to be guilty of extortion"--appellant's conviction is due to be REVERSED and the case REMANDED to the district court for further proceedings consistent with this opinion.

**Siegelman Supplemental Instruction No. 3**
**(Accomplice testimony)**

I instruct you that if you believe the testimony of Lanny Young, Nick Bailey, or Jimmy Allen, or any combination of them, then those witnesses were accomplices with one or more of the defendants in the crimes about which they testified, and I instruct you that before you can convict any one of the defendants, the testimony of the witness or witnesses should be corroborated by the testimony of at least one other witness who was not an accomplice or other strong corroborative circumstances.

**Authority**

*Holmgren v. United States*, 217 U.S. 509, 523-24 ((1910); *Tillery v. United States*, 411 F.2d 644, 649 (5th Cir. 1969) ("It is the better practice … to caution juries against too much reliance upon the testimony of an accomplice and to require corroborating testimony before giving credence to such evidence."); *accord Cool v. United States*, 409 U.S. 100, 103 (1972).

**CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of June, 2006, I electronically filed the foregoing Supplemental Proposed Jury Instructions with the Clerk of the Court using the CM/ECF system which will send notification of such to all counsel of record.

    /s/ Hiram C. Eastland, Jr.
    COUNSEL