**REVISED VERSION**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

UNITED STATES OF AMERICA )
                          )
v.                        )          Case No. 2:05-cr-119-MEF
                          )
DON EUGENE SIEGELMAN      )
PAUL MICHAEL HAMRICK      )
GARY MACK ROBERTS         )
RICHARD M. SCRUSHY        )

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case. When I have finished the attorneys will present their closing arguments, then you will go to the jury room and begin your discussions - - what we call your deliberations.

It will be your duty to decide whether the Government has proved beyond a reasonable doubt the specific facts necessary to find each Defendant guilty of the crimes charged in the indictment.

### Duty to Follow Instructions Presumption of Innocence
### (When Any Defendant Does Not Testify)

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the

Defendant or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against any Defendant is not evidence of guilt. Indeed, every Defendant is presumed by the law to be innocent. The law does not require a Defendant to prove his innocence or to produce any evidence at all; each Defendant has elected not to testify in this case and you cannot consider that in any way during your deliberations. The Government has the burden of proving each Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find that Defendant not guilty.

## Definition of Reasonable Doubt

Thus, while the Government's burden of proof is a strict or heavy burden, it is not necessary that each Defendant's guilt be proved beyond all possible doubt. It is only required that the Government's proof exclude any "reasonable doubt" concerning each Defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. If you are convinced that a Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

## Consideration of the Evidence,
## Direct and Circumstantial - -
## Argument of Counsel
## Comments by the Court

As I said earlier, you must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you. Also, you should not assume from anything I may have said that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision concerning the facts.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or

3

circumstantial. "Direct evidence" is the testimony of one who asserts actual

knowledge of a fact, such as an eye witness. "Circumstantial evidence" is

proof of a chain of facts and circumstances tending to prove, or disprove, any

fact in dispute. The law makes no distinction between the weight you may

give to either direct or circumstantial evidence.

## Credibility of Witnesses

Now, in saying that you must consider all of the evidence, I do not mean

that you must accept all of the evidence as true or accurate. You should

decide whether you believe what each witness had to say, and how important

that testimony was. In making that decision you may believe or disbelieve any

witness, in whole or in part. Also, the number of witnesses testifying

concerning any particular dispute is not controlling. In addition, it is proper

for an attorney to interview any witness in preparation for trial.

In deciding whether you believe or do not believe any witness I suggest

that you ask yourself a few questions: Did the witness impress you as one

who was telling the truth? Did the witness have any particular reason not to

tell the truth? Did the witness have a personal interest in the outcome of the

case? Did the witness seem to have a good memory? Did the witness have

the opportunity and ability to observe accurately the things he or she testified

4

about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?

## Impeachment
## Inconsistent Statement And Felony Conviction

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

The fact that a witness has been convicted of a felony offense, or a crime involving dishonesty or false statement, is another factor you may consider in deciding whether you believe that witness.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an

5

unimportant detail.

## Impeachment
## Bad Reputation (Or Opinion) Concerning Truthfulness
## (May Be Used With 6.1 - 6.6)

There may also be evidence tending to show that a witness has a bad reputation for truthfulness in the community where the witness resides, or has recently resided; or that others have an unfavorable opinion of the truthfulness of the witness.

You may consider those matters also in deciding whether to believe or disbelieve such a witness.

## Accomplice - - Immunity - - Plea Agreement

The testimony of some witnesses must be considered with more caution than the testimony of other witnesses.

For example, a witness who has been promised that he or she will not be charged or prosecuted or a witness who hopes to gain more favorable treatment in his or her own case, may have a reason to make a false statement because the witness wants to strike a good bargain with the Government.

So, while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of

6

other witnesses.

In addition, in this case the Government called witnesses with whom the Government has entered into a plea agreement providing for the possibility of a lesser sentence than the witnesses would otherwise be exposed to. Such plea bargaining, as it's called, has been approved as lawful and proper, and is expressly provided for in the rules of this Court. However, a witness who hopes to gain more favorable treatment may have a reason to make a false statement because the witness wants to strike a good bargain with the Government. So, while a witness of that kind may be entirely truthful when testifying, you should consider such testimony with more caution than the testimony of other witnesses.

And, of course, the fact that a witness has plead guilty to the crime charged in the indictment is not evidence, in and of itself, of the guilt of any other person.

## Character Evidence

The Defendants have offered evidence of the Defendants' traits of character, and such evidence may give rise to a reasonable doubt.

Where a Defendant has offered testimony that the Defendant is an honest and law-abiding citizen, the jury should consider that testimony, along

7

with all the other evidence, in deciding whether the Government has proved

beyond a reasonable doubt that the Defendant committed the crime charged.

## Notetaking

In this case you have been permitted to take notes during the course of

the trial, and most of you - - perhaps all of you - - have taken advantage of

that opportunity and have made notes from time to time.

You will have your notes available to you during your deliberations, but

you should make use of them only as an aid to your memory. In other words,

you should not give your notes any precedence over your independent

recollection of the evidence or the lack of evidence; and neither should you

be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than the

memory or impression of each juror as to what the testimony may have been.

## Introduction To Offense Instructions
## (In Conspiracy Cases)

At this time I will explain the indictment which charges thirty-four

separate offenses called "counts." I will not read it to you at length because

you will be given a copy of the indictment for reference during your

deliberations.

You will note that, as to Count One, Racketeering Act 2(a), and Count

8

Five, the named Defendants are not charged with committing substantive offenses; rather, they are charged with having conspired to do so. Count One charges Defendants Siegelman and Hamrick with a RICO conspiracy in violation of 18 U.S.C. § 1962(d), namely that Defendants Siegelman and Hamrick knowingly and intentionally conspired together to violate 18 U.S.C. § 1962(c), that is, they conspired to conduct and participate in the affairs of an enterprise through a pattern of racketeering activity. Racketeering Act 2(a) charges Governor Siegelman with conspiracy to commit extortion under color of official right in violation of 18 U.S.C. § 1951(a). Count Five charges that Defendants Siegelman and Scrushy knowingly and willfully did conspire to commit honest services mail fraud in violation of 18 U.S.C. §§ 1341 and 1346.

Counts Two through Four and Six through Thirty-Four charge the commission of what are referred to as substantive offenses. Namely, Governor Siegelman is charged with the following substantive offenses:

1. RICO (Count Two)

2. Federal Funds Bribery (Count Three)

3. Honest Services Mail Fraud (Counts Six Through Twelve and Counts Eighteen Through Thirty-Three)

4. Honest Services Wire Fraud (Counts Thirteen and Fourteen)

5. Obstruction of Justice (Counts Sixteen and Seventeen)

9

6.   Extortion under Color of Official Right and by Fear of Economic Harm (Count Thirty-Four).

Defendant Hamrick is charged with the following substantive offenses:

1.   RICO (Count Two)

2.   Honest Services Mail Fraud (Counts Ten through Twelve)

3.   Honest Services Wire Fraud (Counts Thirteen and Fourteen)

4.   Obstruction of Justice (Count Fifteen)

Defendant Roberts is charged with the following substantive offenses:

1.   Honest Services Mail Fraud (Counts Eighteen through Thirty-Three)

Defendant Scrushy is charged with the following substantive offenses:

1.   Federal Funds Bribery (Count Four)

2.   Honest Services Mail Fraud (Counts Six through Nine)

I will now explain the law governing both the conspiracy and substantive offenses.

## RICO - Conspiracy Offense
## 18 USC § 1962(d)

Count One charges Defendants Governor Siegelman and Hamrick with RICO Conspiracy.  Title 18, United States Code, Section 1962(c), makes it a Federal crime or offense for anyone who is associated with an "enterprise"

10

engaged in, or the activities of which affect, interstate commerce, to participate in conducting the affairs of the enterprise through a "pattern of racketeering activity."

The meaning of these terms and an explanation of what must be proved in order to establish that offense, is discussed in that part of the instructions covering Count Two of the indictment.

However, Defendants Governor Siegelman and Hamrick named in Count One of the indictment - - the conspiracy count - - are not charged in that Count with violating Section 1962(c); rather, they are charged with knowingly and willfully conspiring to violate that law, the alleged conspiracy itself being a separate crime or offense in violation of Section 1962(d).

So, under that law a "conspiracy" is a combination or agreement of two or more persons to join together to attempt to accomplish an offense that would be in violation of Section 1962(c) as elsewhere defined in these instructions. It is a kind of "partnership in criminal purposes" in which each member becomes the agent of every other member. Before finding either Governor Siegelman or Defendant Hamrick guilty of Count One, you must find that the agreement continued until after October 27, 2000 for that Defendant.

The evidence in the case need not show that the alleged members of

11

the conspiracy entered into any express or formal agreement; or that they directly discussed between themselves the details of the scheme and its purpose, or the precise ways in which the purpose was to be accomplished. Neither must it be proved that all of the persons charged to have been members of the conspiracy were such, nor that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

What the evidence in the case must show beyond a reasonable doubt is:

First:    That two or more persons, in some way
          or manner, came to a mutual
          understanding to try to accomplish a
          common and unlawful plan, namely, to
          engage in a "pattern of racketeering
          activity" as charged in the indictment; and

Second:  That the Defendant knowingly and willfully
         became a member of such conspiracy;
         and

Third:   That at the time the Defendant knowingly
         and willfully agreed to join in such
         conspiracy, the Defendant did so with the
         specific intent either to personally
         participate in the commission of two
         "predicate offenses," as elsewhere
         defined in these instructions, or that the
         Defendant specifically intended to
         otherwise participate in the affairs of the
         "enterprise" with the knowledge and intent
         that other members of the conspiracy

12

> would commit two or more "predicate
> offenses" as a part of a "pattern of
> racketeering activity."

A person may become a member of a conspiracy without full knowledge
of all of the details of the unlawful scheme or the names and identities of all
of the other alleged conspirators.  So, if a Defendant has an understanding
of the unlawful nature of a plan and knowingly and willfully joins in that plan
on one occasion, that is sufficient to convict for conspiracy even though the
Defendant did not participate before, and even though the Defendant played
only a minor part.

Of course, mere presence at the scene of a transaction or event, or the
mere fact that certain persons may have associated with each other, and may
have assembled together and discussed common aims and interests, does
not, standing alone, establish proof of the existence of a conspiracy.  Also, a
person who has no knowledge of a conspiracy, but who happens to act in a
way which advances some purpose of a conspiracy, does not thereby become
a conspirator.

Moreover, in order to convict the Defendant of the RICO conspiracy
offense, the jury's verdict must be unanimous as to which type or types of
predicate racketeering activity the Defendant agreed would be committed; for

13

example, at least two acts of extortion, or honest services mail or wire fraud, or State law bribery, or money laundering, or obstruction of justice, or one of each, or any combination thereof.

## RICO - Substantive Offense
## 18 USC § 1962(c)

Count Two of the indictment charges that from on or about August 1997, to on or about January 20, 2003, Defendants Governor Siegelman and Hamrick were persons either employed by or associated with an "enterprise" engaged in, or the activities of which affected, interstate commerce, and that they knowingly and willfully participated in the conduct of the enterprise's affairs "through a pattern of racketeering activity," in violation of Title 18, United States Code, Section 1961 and 1962(c).

To conduct and participate in the conduct of an enterprise's affairs *through* a pattern of racketeering activity requires a meaningful connection between the affairs of the enterprise, the Defendant, and the pattern of racketeering activity. In order to establish a connection between the affairs of the enterprise, the Defendant and the pattern of racketeering activity, the Government *must* prove beyond a reasonable doubt that the Defendant's alleged racketeering acts detailed in the indictment are related to the

14

enterprise charged and that the predicate acts form a pattern.

The term "enterprise" includes any partnership, corporation, association or other legal entity, and any union or group of individuals associated in fact although not a legal entity. The enterprise alleged in this indictment is the Executive Department of the State of Alabama, which constituted an ongoing organization, whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

The term "racketeering activity" includes any act in violation of the sections of Title 18 of the United States Code relating to extortion (Section 1951), honest services mail fraud (Sections 1341 & 1346), honest services wire fraud (Sections 1343 & 1346), money laundering (Section 1956(a)(1)(B)(i)), and obstruction of justice (Section 1512(b)(3)). "Racketeering activity" also includes any act in violation of the Alabama Code relating to bribery (Section 13A-10-61(a)(2)) and Fair Campaign Practices Act bribery (Section 17-22A-7(c)).

The term "pattern of racketeering activity" requires at least two acts of "racketeering activity," sometimes called predicate offenses, which must have been committed within ten years of each other, one of which must have occurred after October 15, 1970. Before finding either Governor Siegelman

15

or Defendant Hamrick guilty of Count Two, you must find that Defendant to

have committed at least one of the predicate offenses after October 27, 2000.

So, in order to establish that the Defendants named in Count Two of the

indictment, or any of them, committed the offense charged in that Count,

there are five specific facts which must be proved beyond a reasonable doubt:

- First: That the Defendant was either employed by or associated with an "enterprise" as defined in these instructions;

- Second: That the Defendant knowingly and willfully committed, or knowingly and willfully aided and abetted the commission of at least two of the predicate offenses hereinafter specified;

- Third: That the two predicate offenses allegedly committed by the Defendant were connected with each other by some common scheme, plan or motive so as to be a pattern of criminal activity and not merely a series of separate, isolated or disconnected acts;

- Fourth: That through the commission of two or more connected offenses, the Defendant conducted or participated in the conduct of the "enterprise's" affairs; and

- Fifth: That the enterprise was engaged in, or that its activities affected, interstate commerce.

With respect to the first specific fact stated above, in order for you to

find that the Defendant was "associated" with the enterprise, the Government need only prove beyond a reasonable doubt that the Defendant was aware of the general existence of the enterprise described in the indictment.

With respect to the second specific fact stated above, the Government must prove beyond a reasonable doubt that the Defendant under consideration knowingly and willfully committed, or aided and abetted the commission of any two of the predicate offenses specifically alleged and described in the indictment under the headings "Racketeering Act 1" through "Racketeering Act Five" in Count Two. I will explain the law governing each of the Racketeering Acts in a moment.

You are further instructed, however, that you must unanimously agree concerning each Defendant under consideration as to which of the two predicate offenses the Defendant is alleged to have committed, or aided and abetted in committing. It would not be sufficient if some of the jurors should find that a Defendant committed two of the predicate offenses while the remaining jurors found that such Defendant committed two different offenses; you must all agree upon the same two predicate offenses for that Defendant in order to find that Defendant guilty of Count Two. However, you may find that another Defendant charged in Count Two committed two or more entirely

17

different predicate acts. If you so find, your verdict must be unanimous as to which predicate acts that Defendant committed as well.

With respect to the fourth specific fact stated above - - that the Defendant conducted or participated in the conduct of the affairs of the enterprise - - the Government must prove beyond a reasonable doubt that the Defendant was something more than an outsider lending aid to the enterprise. It must be proved that the Defendant had some part in either the management or the operation of the affairs of the enterprise itself. Thus, it need not be proved that the Defendant had primary responsibility or even a managerial position; it is enough if the Defendant was involved in conducting the operation of the affairs of the enterprise as a lower level participant.

With respect to the fifth specific fact - - the requirement that the "enterprise" was engaged in, or that its activities affected, interstate commerce - - the Government contends that the Executive Department of the State of Alabama receives funds each year from the United States Treasury and regulates business and administers various programs and projects that involve the interstate movement of goods and services and that, in conducting the affairs of the enterprise, the Defendants caused the movement of money, goods, and services from one State to another State, caused funds to be

18

deposited in and withdrawn from financial institutions regulated by the Federal Deposit Insurance Corporation, and utilized and caused to be utilized interstate communications facilities by engaging in long distance telephone conversations, by sending and receiving interstate facsimile transmissions, and by causing the transmission of funds by mail or wire in interstate commerce from one State to another State. You are instructed that if you find beyond a reasonable doubt that these transactions or events occurred, and that they occurred in, or as a direct result of, the conduct of the affairs of the alleged enterprise, the required effect upon interstate commerce has been established. If you do not so find, the required effect upon interstate commerce has not been established.

I will now explain the law governing each Racketeering Act and the remaining thirty-two counts in the indictment.

## Interference With Commerce By Extortion
## Hobbs Act - - Racketeering
## (Color Of Official Right and Force or Threats of Force)
## 18 USC § 1951(a)

Racketeering Acts 1(a), 5(a), and 5(c) charge Governor Siegelman with extortion under color of official right in violation of 18 U.S.C. § 1951(a). Count Thirty-Four charges Governor Siegelman with the same offense.

Title 18, United States Code 1951(a), makes it a Federal crime or

19

offense for anyone to extort something from someone else and in doing so to

obstruct, delay or affect commerce or the movement of articles in commerce.

The Defendant can be found guilty of that offense only if all of the

following facts are proved beyond a reasonable doubt:

| | |
|---|---|
| First: | That the Defendant induced or attempted to induce the person described in the indictment to part with property; |
| Second: | That the Defendant did so knowingly and willfully by means of "extortion," as hereafter defined; and |
| Third: | That the extortionate transaction would delay, interrupt or affect commerce. |

The term "property" includes not only money and other tangible things

of value, but also includes any intangible right considered as a source or

element of income or wealth.

The term "extortion," in this context, means the wrongful acquisition of

property from someone else under color of official right.

Extortion "under color of official right" is the wrongful taking or receipt

by a public officer of property not due to the officer knowing that the payment

or property was taken or received in return for performing and/or withholding

official acts.

Extortion also means to obtain property for someone else with that

20

person's consent, but whose consent is brought about or induced by the wrongful use of actual or threatened force, violence or fear. The term "fear" means a state of anxious concern, alarm or apprehension of harm, and it includes fear of economic loss as well as fear of physical violence.

The term "wrongful" means to obtain property unfairly and unjustly by one having no lawful claim to it.

While it is not necessary to prove that the Defendant specifically intended to affect commerce, it is necessary that the Government prove that the natural consequences of the acts alleged in the indictment would be to delay, interrupt or affect "commerce," which means the flow of commerce or business activities between a state and any point outside of that state.

The acceptance by a public official of a campaign contribution does not, in itself, constitute extortion under color of official right even though the donor has business pending before the official. However, if a public official demands or accepts money in exchange for a specific requested exercise of official power, such a demand or acceptance does constitute extortion under color of official right regardless of whether the payment is made in the form of a campaign contribution.

The Defendant can be found guilty of an attempt to commit extortion

only if both of the following facts are proved beyond a reasonable doubt:

First:    That the Defendant knowingly and willfully
          intended to commit the offense of
          extortion, as charged; and

Second:   That the Defendant engaged in conduct
          which constituted a substantial step
          toward the commission of the crime and
          which strongly corroborates the
          Defendant's criminal intent.

A "substantial step" means some important action leading to the

commission of a crime as distinguished from some inconsequential or

unimportant act.  It must be something beyond mere preparation; it must be

an act which, unless frustrated by some condition or event, would have

resulted, in the ordinary and likely course of things, in the commission of the

crime being attempted.

## Conspiracy to Interfere With Commerce By Extortion
### Hobbs Act - - Racketeering
### (Color Of Official Right)
### 18 USC § 1951(a)

Racketeering Act 2(a) charges Governor Siegelman with conspiracy to

commit extortion under color of official right in violation of 18 U.S.C. §

1951(a).  Title 18, United States Code, Section 1951(a), makes it a separate

Federal crime or offense for anyone to conspire with someone else to do

something which, if actually carried out, would amount to extortion under color

of official right. So, under this law, a "conspiracy" is an agreement or a kind

of "partnership" in criminal purposes in which each member becomes the

agent or partner of every other member.

In order to establish a conspiracy offense it is not necessary for the

Government to prove that all of the people named in the indictment were

members of the scheme; or that those who were members had entered into

any formal type of agreement; or that the members had planned together all

of the details of the scheme.

Also, because the essence of a conspiracy offense is the making of the

agreement itself, it is not necessary for the Government to prove that the

conspirators actually succeeded in accomplishing their unlawful plan.

What the evidence in the case must show beyond a reasonable doubt

is:

First:    That two or more persons, in some way
          or manner, came to a mutual
          understanding to try to accomplish a
          common and unlawful plan, as charged in
          the indictment, namely extortion under
          color of official right;

Second:   That the Defendant, knowing the unlawful
          purpose of the plan, willfully joined in it;

A person may become a member of a conspiracy without knowing all of

23

the details of the unlawful scheme, and without knowing who all of the other members are. So, if a Defendant has a general understanding of the unlawful purpose of the plan and knowingly and willfully joins in that plan on one occasion, that is sufficient to convict that Defendant for conspiracy even though the Defendant did not participate before, and even though the Defendant played only a minor part.

Of course, mere presence at the scene of a transaction or event, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not, standing alone, establish proof of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of one, does not thereby become a conspirator.

## Bribery of Public Servants
## Ala. Code § 13A-10-61(a)(2)

Racketeering Acts 1(b), 2(b), and 5(d) charge Governor Siegelman with bribery in violation of Alabama Code § 13A-10-61(a)(2).

Section 13A-10-61(a)(2) of the Alabama Code makes it a State crime or offense for a public servant to solicit, accept or agree to accept any pecuniary benefit upon an agreement or understanding that his vote, opinion, judgment, exercise of discretion or other action as a public servant will

24

thereby by corruptly influenced.

Governor Siegelman can be found guilty of that offense only if all of the

following facts are proved beyond a reasonable doubt:

>  First:    That Governor Siegelman solicited, accepted or
>            agreed to accept a pecuniary benefit;
>
>  Second:   That at the time Governor Siegelman solicited,
>            accepted or agreed to accept the pecuniary
>            benefit, he was a public servant;
>
>  Third:    That there was an agreement or understanding
>            that the Defendant's vote, opinion, judgment,
>            exercise of discretion or other action as a public
>            servant would be corruptly influenced by the
>            pecuniary benefit.
>
>  Fourth:   The pecuniary benefit was taken or would be
>            taken in return for an explicit promise or
>            undertaking to perform or not to perform an
>            official act.

A "pecuniary benefit" is any gain or advantage to the beneficiary,

including any gain or advantage to a third person pursuant to the desire or

consent of the beneficiary in the form of money, property, commercial

interests or anything else the primary significance of which is economic gain.

Expenses associated with social occasions afforded public servants and party

officers shall not be deemed a pecuniary benefit.

A "public servant" is any officer or employee of government, including

25

legislators and judges and any person or agency participating as an adviser, consultant or otherwise in performing a governmental function.

## Mail Fraud
### Depriving Another Of Intangible Right
### Of Honest Services
### 18 USC §§ 1341 and 1346

Racketeering Acts 1(c)-(d) and 5(ee)-(kk) charge Governor Siegelman with honest services mail fraud in violation of 18 U.S.C. §§ 1341 and 1346. Counts Six through Nine charge Defendants Governor Siegelman and Scrushy with the same offense. Racketeering Acts 2(c)-(g) and Counts Ten through Twelve charge Defendants Governor Siegelman and Hamrick with the same offense. Counts Eighteen through Thirty-Three charge Defendants Governor Siegelman and Roberts with the same offense.

Title 18, United States Code, Sections 1341 and 1346, make it a Federal crime or offense for anyone to use the United States mails or transmit something by private or commercial interstate carrier in carrying out a scheme to fraudulently deprive another of an intangible right of honest services.

The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

First:     That the Defendant knowingly devised or
           participated in a scheme to fraudulently
           deprive the public of the intangible right of

honest services, as charged;

Second:   That the Defendant did so willfully with an
          intent to defraud; and

Third:    That the Defendant used the United
          States Postal Service by mailing or by
          causing to be mailed or a private or
          commercial interstate carrier by
          depositing or causing to be deposited
          with such carrier some matter or thing for
          the purpose of executing the scheme to
          defraud.

A "private or commercial interstate carrier" includes any business engaged in the transmission, transportation or delivery of messages or other articles in interstate commerce, that is, from any place in one state to any place in another state. If a message or other article is deposited with such a carrier it need not be proved that the message or article thereafter moved in interstate commerce from one state to another.

The word "scheme" includes any plan or course of action intended to deceive or cheat someone; and to act with "intent to defraud" means to act knowingly and with the specific intent to deceive someone, ordinarily for the purpose of causing some financial loss to another or bringing about some financial gain to one's self.

To "deprive another of the intangible right of honest services" means to

violate, or to cause a public official or employee to violate, the official's or
employee's duty to provide honest services to the employer.

Public officials and public employees inherently owe a duty to the public
to act in the public's best interest. If, instead, the official or employee acts or
makes his decision based on the official's own personal interests - - such as
accepting a bribe or receiving personal benefit from an undisclosed conflict
of interest - - the official has defrauded the public of the official's honest
services even though the public agency involved may not suffer any monetary
loss in the transaction.

You are further instructed as to the honest services mail and wire fraud
counts that you must find not only that the Defendants intended to deprive the
public of their honest services but also that they intended to deceive the
public and that they intended to alter their official actions as a result of the
receipt of campaign contributions or other benefits.

Moreover, payments for entertainment, lodging, sports events, and the
like would not constitute violations of the honest services mail and wire fraud
statutes if the intent of the Defendants were simply to cultivate a business or
political friendship.

It is not necessary that the Government prove all of the details alleged

28

in the indictment concerning the precise nature and purpose of the scheme; or that the material mailed or deposited with an interstate carrier was itself false or fraudulent; or that the alleged scheme actually succeeded in defrauding anyone; or that the use of the mail or the interstate carrier was intended as the specific or exclusive means of accomplishing the alleged fraud; or that the Defendant did the actual mailing or depositing.

What must be proved beyond a reasonable doubt is that the Defendant, with the specific intent to defraud, knowingly devised, intended to devise, or participated in, a scheme to defraud substantially the same as the one alleged in the indictment; and that the use of the United States mail or the interstate carrier was closely related to the scheme because the Defendant either mailed or deposited something or caused it to be mailed or deposited in an attempt to execute or carry out the scheme.

To "cause" the mails or an interstate carrier to be used is to do an act with knowledge that the use of the mails or an interstate carrier will follow in the ordinary course of business or where such use can reasonably be foreseen.

Each separate use of the mails or an interstate carrier in furtherance of a scheme to defraud constitutes a separate offense.

## Wire Fraud
## Depriving Another Of Intangible Right
## Of Honest Services
## 18 USC §§ 1343 and 1346

Racketeering Act 1(e) charges Governor Siegelman with honest services wire fraud in violation of 18 U.S.C. §§ 1343 and 1346. Racketeering Acts 2(h)-(o) and Counts Thirteen through Fourteen charge Defendants Governor Siegelman and Hamrick with the same offense.

Title 18, United States Code, Sections 1343 and 1346, make it a Federal crime of offense for anyone to use interstate wire communications facilities in carrying out a scheme to fraudulently deprive another of an intangible right of honest services.

The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

First: That the Defendant knowingly devised or participated in a scheme to fraudulently deprive the public of the intangible right of honest services, as charged;

Second: That the Defendant did so willfully and with an intent to defraud; and

Third: That the Defendant transmitted or caused to be transmitted by wire in interstate commerce some communication for the purpose of executing the scheme to defraud.

The word "scheme" includes any plan or course of action intended to deceive or cheat someone; and to act with "intent to defraud" means to act knowingly and with the specific intent to deceive someone, ordinarily for the purpose of causing some financial loss to another or bringing about some financial gain to one's self.

To "deprive another of the intangible right of honest services" means to violate, or to cause a public official or employee to violate, the employee's or agent's duty to provide honest services to the employer.

Public officials and public employees inherently owe a duty to the public to act in the public's best interest. If, instead, the official or employee acts or makes his decision based on the official's own personal interests - - such as accepting a bribe or receiving personal benefit from an undisclosed conflict of interest - - the official has defrauded the public of the official's honest services even though the public agency involved may not suffer any monetary loss in the transaction.

You are further instructed as to the honest services mail and wire fraud counts that you must find not only that the Defendants intended to deprive the public of their honest services but also that they intended to deceive the public and that they intended to alter their official actions as a result of the

31

receipt of campaign contributions or other benefits.

Moreover, payments for entertainment, lodging, sports events, and the like would not constitute violations of the honest services mail and wire fraud statutes if the intent of the Defendants were simply to cultivate a business or political friendship.

It is not necessary that the Government prove all of the details alleged in the indictment concerning the precise nature and purpose of the scheme; or that the material transmitted by wire was itself false or fraudulent; or that the alleged scheme actually succeeded in defrauding anyone; or that the use of interstate wire communications facilities was intended as the specific or exclusive means of accomplishing the alleged fraud; or that the Defendant personally used the wire communication facility.

What must be proved beyond a reasonable doubt is that the Defendant, with intent to defraud, knowingly and willfully devised, intended to devise, or participated in, a scheme to defraud substantially the same as the one alleged in the indictment; and that the use of the interstate wire communications facilities was closely related to the scheme because the Defendant either used, or caused to be used, wire communications facilities in interstate commerce in an attempt to execute or carry out the scheme.

32

To "cause" interstate wire communications facilities to be used is to do an act with knowledge that the use of such facilities will follow in the ordinary course of business or where such use can reasonably be foreseen.

Each separate use of the interstate wire communications facilities in furtherance of a scheme to defraud constitutes a separate offense.

**Money Laundering
Concealing Proceeds Of Specified Unlawful Activity
Or
Avoiding Transaction Reporting Requirement
18 USC § 1956(a)(1)(B)(i)**

Racketeering Acts 1(f)-(g) and 5(ll)-(tt) charge Governor Siegelman with money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

Title 18, United States Code, Section 1956(a)(1)(B), makes it a Federal crime or offense for anyone to knowingly engage in certain kinds of financial transactions commonly known as money laundering.

The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

First:     That the Defendant knowingly conducted, or attempted to conduct, a "financial transaction" as hereafter defined;

Second:    That the Defendant knew that the funds or property involved in the financial transaction represented the proceeds of some form of unlawful activity;

33

Third:      That the funds or property involved in the
            financial transaction did in fact represent
            the proceeds of "specified unlawful
            activity," that is, violations of 18 U.S.C. §§
            666, 1341, 1343, 1346, and 1951, and
            Ala. Code §§ 13A-10-61 and 17-22A-7(c);
            and

Fourth:     That the Defendant engaged in the
            financial transaction knowing that the
            transaction was designed in whole or in
            part to conceal or disguise the nature,
            location, source, ownership or the control
            of the proceeds of such specified unlawful
            activity.

The term "conducts" means initiating, concluding, or participating in

initiating or concluding a transaction.

The term "transaction" means a purchase, sale, loan, pledge, gift,

transfer, delivery or other disposition of funds or property; and, with respect

to a financial institution, includes a deposit, withdrawal, transfer between

accounts, exchange of currency, loan, extension of credit, purchase or sale

of any stock, bond, certificate of deposit, or other monetary instrument, or use

of a safe deposit box.

The term "financial transaction" means a transaction which in any way

or degree affects interstate or foreign commerce involving one or more

"monetary instruments" which includes coin or currency of any country,

travelers or personal checks, bank checks or money orders, or investment securities or negotiable instruments in such form that title thereto passes upon delivery. The term "financial transaction" also means a transaction involving the use of a "financial institution" which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree. The term "financial institution" includes a bank insured by the FDIC, a commercial bank, or trust company.

The term "interstate or foreign commerce" includes any commercial activity that involves transportation or communication between places in two or more states or between some place in the United States and some place outside the United States.

The term "knowing that the funds or property involved in the financial transaction represented the proceeds of some form of unlawful activity" means that the Defendant knew that such funds or property involved in the transaction represented proceeds from some form, though not necessarily which form, of activity that constitutes a felony offense under state or Federal or foreign law.

The term "specified unlawful activity" means the bribery of a public official, that is, a violation of 18 U.S.C. §§ 666, 1341, 1343, or 1951 or

35

Alabama Code §§ 13A-10-61 and 17-22A-7(c).

## Tampering with a Witness, Victim, or an Informant
## 18 U.S.C. § 1512(b)(3)

Racketeering Act 3 charges Defendant Hamrick with Obstruction of

Justice in violation of 18 U.S.C. § 1512(b)(3). Racketeering Acts 4(a)-(b)

charge Governor Siegelman with the same offense. Count Fifteen charges

Defendant Hamrick with the same offense. Count Sixteen charges Governor

Siegelman with the same offense.

Title 18, United States Code 1512(b)(3), makes it a Federal crime or

offense for anyone to knowingly corruptly persuade another person, attempt

to knowingly corruptly persuade another person, or engage in misleading

conduct toward another person with intent to hinder, delay, or prevent the

communication to a law enforcement officer of information relating to the

commission or possible commission of a Federal offense.

The Defendant can be found guilty of that offense only if all of the

following facts are proved beyond a reasonable doubt:

First: That the Defendant knowingly corruptly persuaded another person, or attempted to do so, or engaged in misleading conduct toward another person;

Second: That the Defendant did so with intent to hinder, delay, or prevent the communication of information to a law

36

> enforcement officer; and

Third:       The information related to the commission
             or possible commission of a Federal
             offense.

The term "misleading conduct" means knowingly making a false statement; intentionally omitting information from a statement and thereby causing a portion of such statement to be misleading, or intentionally concealing a material fact, and thereby creating a false impression by such statement; with intent to mislead, knowingly submitting or inviting reliance on a writing or recording that is false, forged, altered, or otherwise lacking in authenticity; with intent to mislead, knowingly submitting or inviting reliance on a sample, specimen, map, photograph, boundary mark, or other object that is misleading in material respect; or knowingly using a trick, scheme, or device with intent to mislead.

The term "corruptly persuades" does not include conduct which would be misleading conduct but for lack of a state of mind. To act "corruptly" means to act knowingly and dishonestly with the specific intent to hinder, delay, or prevent the communication to a law enforcement officer of information relating to the commission or possible commission of a Federal offense.

37

## Fair Campaign Practices Act Bribery
## Ala. Code § 17-22A-7(c)

Racketeering Act 5(b) charges Governor Siegelman with Fair Campaign

Practices Act Bribery in violation of Ala. Code § 17-22A-7(c).

Alabama Code Section 17-22A-7(c), makes it a State crime or offense

for a candidate, public official, or principal campaign committee to accept,

solicit, or receive contributions either as a bribe, as defined by Sections 13A-

10-60 to 13A-10-63, or for the intention of corruptly influencing the official

actions of the public official or candidate for public office.

The Defendant can be found guilty of that offense only if all of the

following facts are proved beyond a reasonable doubt:

- First: That the Defendant accepted, solicited, or received contributions;

- Second: That at the time such contributions were accepted, solicited, or received, the Defendant was a candidate for public office; and

- Third: That the contributions were accepted, solicited, or received as a bribe or for the intention of corruptly influencing the official actions of the Defendant.

A contribution is a gift, subscription, loan, advance, or deposit of money

or anything of value, a payment, a forgiveness of a loan, or a payment of a

third party, made for the purpose of influencing the result of an election; or a

contract or agreement to make a gift, subscription, loan, advance, or deposit of money or anything of value for the purpose of influencing the result of an election; or any transfer of anything of value received by a political committee from another political committee, political party, or other source.

## Bribery Concerning Program Receiving Federal Funds
## 18 USC § 666(a)(1)(B)

Count Three charges Governor Siegelman with Federal Funds Bribery

in violation of 18 U.S.C. § 666(a)(1)(B).

Title 18 of the United States Code, Section 666, makes it a Federal

crime or offense for anyone who is an agent of an organization, local

government or local governmental agency receiving significant benefits under

a Federal assistance program, corruptly to accept (or agree to accept)

anything of value from any person intending to be influenced or rewarded in

connection with certain transactions of such organization, government or

agency.

Governor Siegelman can be found guilty of that offense only if all of the

following facts are proved beyond a reasonable doubt:

First:     That Governor Siegelman was an agent
           of the State of Alabama, as charged.

Second:    That during a one year period the State of
           Alabama received benefits in excess of
           $10,000 under a Federal program
           involving some form of Federal
           assistance;

Third:     That during such one year period
           Governor Siegelman knowingly accepted
           or agreed to accept a thing of value, that
           is, approximately $500,000 from

Defendant Scrushy, as charged;

Fourth:    That by such acceptance or agreement Governor Siegelman intended to be rewarded in connection with a transaction or series of transactions of the State of Alabama, which transaction or series of transactions involved something of value of $5,000 or more; and

Fifth:    That in so doing the Governor Siegelman acted corruptly.

An act is done "corruptly" if it is performed voluntarily, deliberately and dishonestly for the purpose of either accomplishing an unlawful end or result or of accomplishing some otherwise lawful end or lawful result by any unlawful method or means. A Defendant does not commit a crime by giving something of value to a government official unless the Defendant and official agree that the official will take specific action in exchange for the thing of value.

The term "agent" as relevant to this case means any employee, officer or director of the State of Alabama.

## Theft or Bribery Concerning Programs Receiving Federal Funds
## 18 USC § 666(a)(2)

Count Four charges Defendant Scrushy with Federal Funds Bribery in violation of 18 U.S.C. § 666(a)(2).

Title 18 of the United States Code, Section 666, makes it a Federal

41

crime or offense for anyone corruptly to give, offer, or agree to give anything of value to any person, with the intent to influence or reward an agent of an organization or of a State or local government, or any agency thereof, receiving significant benefits under a Federal assistance program in connection with any business, transaction, or series of transactions of such organization, government or agency involving anything of value of $5,000 or more.

Defendant Scrushy can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

First:     That Governor Siegelman was an agent of the State of Alabama, as charged.

Second:     That during a one year period the State of Alabama received benefits in excess of $10,000 under a Federal program involving some form of Federal assistance;

Third:     That during such one year period Defendant Scrushy knowingly gave, offered, or agreed to give a thing of value, that is, approximately $500,000 to Governor Siegelman, as charged;

Fourth:     That by giving, offering, or agreeing to give a thing of value, Defendant Scrushy intended to influence or reward Governor Siegelman in connection with any business, transaction of the State of

42

Alabama, which business, transaction involved something of value of $5,000 or more, that is, Defendant Scrushy's appointment to the CON Board; and

Fifth:      That in so doing Defendant Scrushy acted corruptly.

An act is done "corruptly" if it is performed voluntarily, deliberately and dishonestly for the purpose of either accomplishing an unlawful end or result or of accomplishing some otherwise lawful end or lawful result by any unlawful method or means. A Defendant does not commit a crime by giving something of value to a government official unless the Defendant and official agree that the official will take specific action in exchange for the thing of value.

The term "agent" as relevant to this case means any employee, officer or director of the State of Alabama.

## General Conspiracy Charge
## 18 USC §371

Count Five charges Defendants Governor Siegelman and Scrushy with conspiracy in violation of 18 U.S.C. § 371. The definition of conspiracy below pertains only to Count Five and not to the conspiracies charged in Count One and Racketeering Act 2(a).

Title 18, United States Code, Section 371, makes it a separate Federal crime or offense for anyone to conspire or agree with someone else to do

something which, if actually carried out, would amount to another Federal crime or offense. So, under this law, a "conspiracy" is an agreement or a kind of "partnership" in criminal purposes in which each member becomes the agent or partner of every other member.

In order to establish a conspiracy offense it is <u>not</u> necessary for the Government to prove that all of the people named in the indictment were members of the scheme; <u>or</u> that those who <u>were</u> members had entered into any formal type of agreement; <u>or</u> that the members had planned together <u>all</u> of the details of the scheme or the "overt acts" that the indictment charges would be carried out in an effort to commit the intended crime.

Also, because the essence of a conspiracy offense is the making of the agreement itself (followed by the commission of any overt act), it is not necessary for the Government to prove that the conspirators actually succeeded in accomplishing their unlawful plan.

What the evidence in the case <u>must</u> show beyond a reasonable doubt is:

<u>First</u>:    That two or more persons, in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan, as charged in the indictment;

Second:    That the Defendant, knowing the unlawful purpose of the plan, willfully joined in it;

Third:    That one of the conspirators during the existence of the conspiracy knowingly committed at least one of the methods (or "overt acts") described in the indictment; and

Fourth:    That such "overt act" was knowingly committed at or about the time alleged in an effort to carry out or accomplish some object of the conspiracy.

An "overt act" is any transaction or event, even one which may be entirely innocent when considered alone, but which is knowingly committed by a conspirator in an effort to accomplish some object of the conspiracy.

A person may become a member of a conspiracy without knowing all of the details of the unlawful scheme, and without knowing who all of the other members are. So, if a Defendant has a general understanding of the unlawful purpose of the plan and knowingly and willfully joins in that plan on one occasion, that is sufficient to convict that Defendant for conspiracy even though the Defendant did not participate before, and even though the Defendant played only a minor part.

Of course, mere presence at the scene of a transaction or event, or the mere fact that certain persons may have associated with each other, and may

have assembled together and discussed common aims and interests, does not, standing alone, establish proof of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of one, does not thereby become a conspirator.

### Multiple Conspiracies
### (For Use With General Conspiracy Charge)
### 18 USC § 371
### 18 USC § 1962(d)

You are further instructed, with regard to the conspiracy offenses alleged in Counts One and Five, that proof of several separate conspiracies is not proof of the single, overall conspiracy charged in the indictment unless one of the several conspiracies which is proved is the single conspiracy which the indictment charges.

What you must do is determine whether the single conspiracy charged in the indictment existed between two or more conspirators. If you find that no such conspiracy existed, then you must acquit the Defendants of that charge. However, if you decide that such a conspiracy did exist, you must then determine who the members were; and, if you should find that a particular Defendant was a member of some other conspiracy, not the one charged in the indictment, then you must acquit that Defendant.

In other words, to find a Defendant guilty you must unanimously find that

46

such Defendant was a member of the conspiracy charged in the indictment and not a member of some other separate conspiracy.

## Aiding And Abetting (Agency)
## 18 USC § 2

Racketeering Acts 1(c)-(g), 2(c)-(o), 5(e)-(kk), Counts Two, Six Through Nine, Ten Through Twelve, Thirteen Through Fourteen, Seventeen, and Eighteen Through Thirty-Three refer to one or more of the Defendants being "aided and abetted" by another individual. The guilt of a Defendant in a criminal case may be proved without evidence that the Defendant personally did every act involved in the commission of the crime charged. The law recognizes that, ordinarily, anything a person can do for one's self may also be accomplished through the direction of another person as an agent, or by acting together with, or under the direction of, another person or persons in a joint effort.

So, if the acts or conduct of an agent, employee or other associate of the Defendant are willfully directed or authorized by the Defendant, or if the Defendant aids and abets another person by willfully joining together with that person in the commission of a crime, then the law holds the Defendant responsible for the conduct of that other person just as though the Defendant had personally engaged in such conduct.

47

However, before any Defendant can be held criminally responsible for the conduct of others it is necessary that the Defendant willfully associate in some way with the crime, and willfully participate in it. Mere presence at the scene of a crime and even knowledge that a crime is being committed are not sufficient to establish that a Defendant either directed or aided and abetted the crime. You must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator.

## Good Faith Defense To Charge Of
## Intent To Defraud

Good faith is a complete defense to the honest services mail and wire fraud charges in the indictment since good faith on the part of the Defendant is inconsistent with intent to defraud or willfulness which is an essential part of the charges. The burden of proof is not on the Defendant to prove good faith, of course, since the Defendant has no burden to prove anything. The Government must establish beyond a reasonable doubt that the Defendant acted with specific intent to defraud as charged in the indictment.

One who expresses an honestly held opinion, or an honestly formed belief, is not chargeable with fraudulent intent even though the opinion is erroneous or the belief is mistaken; and, similarly, evidence which establishes only that a person made a mistake in judgment or an error in management,

or was careless, does not establish fraudulent intent.

On the other hand, an honest belief on the part of the Defendant that a particular business or government venture was sound and would ultimately succeed would not, in and of itself, constitute "good faith" as that term is used in these instructions if, in carrying out that venture, the Defendant knowingly made false or fraudulent representations to others with the specific intent to deceive them, or acted with the specific intent to deprive the public of his honest services.

## On Or About - - Knowingly - - Willfully

You will note that the indictment charges that the offense was committed "on or about" a certain date. The Government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

The word "knowingly," as that term is used in the indictment or in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

The word "willfully," as that term is used in the indictment or in these instructions, means that the act was committed voluntarily and purposely, with

the specific intent to do something the law forbids; that is with bad purpose either to disobey or disregard the law.

## Caution - - Punishment
### (Multiple Defendants - - Multiple Counts)

A separate crime or offense is charged against one or more of the Defendants in each count of the indictment. Each charge, and the evidence pertaining to it, should be considered separately. Also, the case of each Defendant should be considered separately and individually. The fact that you may find any one or more of the Defendants guilty or not guilty of any of the offenses charged should not affect your verdict as to any other offense or any other Defendant.

I caution you, members of the Jury, that you are here to determine from the evidence in this case whether each Defendant is guilty or not guilty. Each Defendant is on trial only for the specific offenses alleged in the indictment.

Also, the question of punishment should never be considered by the jury in any way in deciding the case. If a Defendant is convicted the matter of punishment is for the Judge alone to determine later.

## Duty To Deliberate

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree. Your

50

deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

### Verdict

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

Separate verdict forms for each Defendant have been prepared for your convenience.

[Explain verdict - insert explanation here]

51

You will take the verdict forms to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict forms, date and sign them, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

DONE this the 14th day of June, 2006.

_____
CHIEF UNITED STATES DISTRICT JUDGE