IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 2:05-cr-119-MEF |
| ) | |
| DON EUGENE SIEGELMAN ) | |
| PAUL MICHAEL HAMRICK ) | |
| GARY MACK ROBERTS ) | |
| RICHARD M. SCRUSHY ) | |

### Court's First Supplemental Written Instruction

The Court has received the third written note from the jury after its ninth day of deliberation in a case that has taken the better part of two months to try. The Court reminds you of your obligation to reach a verdict as to any or all of the counts as to each of the four named Defendants if you are able to do so.

This is an important case, but no more important than any other criminal case brought by the United States against any defendant in any federal court in this country. The trial has been expensive in time, effort, money and emotional strain to both the defense and the prosecution. If you should fail to agree upon a verdict, the case will be left open and may have to be tried again. Obviously, another trial would only serve to increase the cost to both sides, and there is no reason to believe that the case can be tried again by

either side any better or more exhaustively than it has been tried before you.

Any future jury must be selected in the same manner and from the same source as you were chosen, and there is no reason to believe that the case could ever be submitted to twelve men and women more conscientious, more impartial, or more competent to decide it, or that more or clearer evidence could be produced.

If a substantial majority of your number are in favor of a conviction on any or all charges, those of you who disagree should reconsider whether your doubt is a reasonable one since it appears to make no effective impression upon the minds of the others. On the other hand, if a majority or even a lesser number of you are in favor of an acquittal on any or all charges, the rest of you should ask yourselves again, and most thoughtfully, whether you should accept the weight and sufficiency of evidence which fails to convince your fellow jurors beyond a reasonable doubt.

Remember at all times that no juror is expected to give up an honest belief he or she may have as to the weight or effect of the evidence; but, after full deliberation and consideration of the evidence in the case, it is your duty to agree upon a verdict if you can do so.

You must also remember that if the evidence in the case fails to

establish guilt beyond a reasonable doubt on any or all of the counts, then the Defendants should have your unanimous verdict of Not Guilty on those counts.

You may be as leisurely in your deliberations as the occasion may require and should take all the time which you may feel is necessary.

I remind you that each Defendant in this trial is presumed innocent. The Government has the burden of proving each Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find that Defendant not guilty.

Thus, while the Government's burden of proof is a strict or heavy burden, it is not necessary that each Defendant's guilt be proved beyond all possible doubt. It is only required that the Government's proof exclude any "reasonable doubt" concerning each Defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. If you are convinced that a Defendant has been proved guilty beyond a reasonable doubt, say so. If

you are not convinced, say so.

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

I am going to ask now that you retire to the jury room once again. As your first order of business, before beginning deliberations, I ask that each of you make an honest assessment of your ability to continue deliberations, remembering at all times that none of you is expected to give up your honest belief as to the weight or effect of the evidence. You should carefully evaluate

whether any decision you may have reached has been based upon the evidence and the law as the Court has instructed you or is based upon some other inappropriate consideration, such as sympathy or prejudice for or against the Defendants or the Government.

I would ask that you consider any options that might help you to reach a verdict. For example, you may elect a new foreperson, if you feel that doing so would be more productive, realizing that this suggestion is no reflection that your current foreperson has done anything less than what the Court has expected of him.

As you have been doing so far, you are encouraged to communicate with the Court in writing through the foreperson. However, if you feel that the foreperson is not speaking for you, each of you should feel free to communicate with the Court at any time by writing down your message and passing the note to the marshal who will bring it to my attention.

You are instructed to take my instructions as a whole, including this first supplemental written instruction and report back to the Court as to whether further deliberations about any count against any Defendant would be beneficial or whether any further deliberations would be hopeless. If any of your number has failed to deliberate and refused to deliberate with the others

5

about this case then you should report that to me as well. In making this report to the Court, you are reminded that you are not to tell me your numerical division concerning your opinion on the usefulness of further deliberations or on any other matter.

    DONE this 28th day of June, 2006.

                                                    CHIEF UNITED STATES DISTRICT JUDGE