IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:05-cr-119-MEF |
| | ) | (WO-Not Intended for Publication) |
| DON EUGENE SIEGELMAN and | ) | |
| RICHARD M. SCRUSHY | ) | |

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on the motions for judgments of acquittal made by Defendants Don Eugene Siegelman ("Siegelman") and Richard M. Scrushy ("Scrushy") pursuant to Federal Rule of Criminal Procedure 29.[1] The Court has carefully considered the arguments in support of and in opposition to these motions. For the reasons stated herein, Defendants' motions for judgment of acquittal are due to be **DENIED**.[2]

---

[1] Both Siegelman and Scrushy made oral motions for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29(a) before the case was submitted to the jury. Scrushy also made a written motion for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29(a) before the case was submitted to the jury. See Doc. # 413. Pursuant to the Federal Rule of Criminal Procedure 29(b), the Court reserved decision on the motions. After the jury's verdict, both Siegelman and Scrushy filed written motions for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29(c). See Doc. # 453, Doc. # 454, & Doc. # 455.

[2] This Memorandum Opinion and Order is not intended to address any pending motions other than the motions seeking judgment of acquittal.

## BACKGROUND

The indictment[3] in this case named Siegelman as a defendant and alleged that during relevant periods of time, he held various public offices in the executive branch of the government of the State of Alabama.

> [F]rom on or about January 16, 1995, to on or about January 18, 1999, [Siegelman was] the Lieutenant Governor of the State of Alabama, and while Lieutenant Governor was also, from on or about March 31, 1996, to on or about November 3, 1998, a candidate for Governor of the State of Alabama, and was, from on or about January 18, 1999, to on or about January 20, 2003, the Governor of the State of Alabama.

(Second Superseding Indictment at ¶ 1.c).

The indictment also named as defendants Paul Michael Hamrick ("Hamrick"), Gary Mack Roberts ("Roberts"), and Scrushy. During the relevant time periods, Hamrick was employed in the Lieutenant Governor's Office of the State of Alabama and later as Chief of Staff to the Governor. Siegelman appointed Roberts to serve as the Director of the Alabama Department of Transportation.[4] Scrushy was the Chairman and Chief Executive Officer of Healthsouth Corporation, an entity which was regulated by the State of Alabama Certificate of Need Review Board ("CON Board").

---

[3] Unless otherwise specifically noted, all references to the indictment are to the second superseding indictment in this case.

[4] Prior to his appointment, Roberts was employed by a business which had substantial dealings with the Alabama Department of Transportation.

Count One of the indictment alleged that Siegelman and Hamrick engaged in a RICO conspiracy in violation of 18 U.S.C. § 1962(d).[5] With respect to the "enterprise" requirement of the RICO statutes, the indictment alleged that the "enterprise" is the "Executive Department of the State of Alabama . . . whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise." The alleged broad purpose of the racketeering conspiracy alleged in Count One was "to give or withhold official governmental acts and influence . . . in exchange for money and property to which the participants in the conspiracy were not entitled," and "to deprive the State of Alabama of its right to the honest services of its public officials and employees in exchange for money and property" and "to conceal and otherwise protect the conspiracy and its participants from detection and prosecution." (Second Superseding Indict. at ¶ 5).

Count Two of the indictment alleged a substantive RICO count charging a violation of 18 U.S.C. § 1962(c) which provides as follows:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

Count Two of the indictment alleged that Defendants Siegelman and Hamrick "unlawfully

---

[5] This section of the statute provides that it is "unlawful for any person to conspire to violate any of the provisions" of the first three subsections of 18 U.S.C. § 1962.

and knowingly conducted and participated . . . in the conduct of the affairs of the enterprise through a pattern of racketeering activity" as further set out in the indictment. Count Two set forth a number of separate racketeering acts.

Counts Three and Four of the indictment, in which Siegelman and Scrushy were originally named, charged them with federal funds bribery and aiding and abetting each other "in connection with the appointment of Richard Scrushy to the CON Board," all in violation of 18 U.S.C. §§ 2 & 666(a)(1)(B). (Second Superseding Indict. at ¶¶ 49-51).

Count Five, in which Siegelman and Scrushy were named, charged them with conspiracy to "defraud and deprive the State of Alabama of its right to the honest and faithful services" of Siegelman as Governor and Scrushy as a member of the CON board, in violation of 18 U.S.C. § 371. (Second Superseding Indict. at ¶ 52-66)

Counts Six through Nine, in which Siegelman and Scrushy were named, charged them with aiding and abetting each other to commit honest services mail fraud as part of their scheme to defraud and deprive the State of Alabama of its right to honest services of Siegelman and Scrushy in connection with the CON board, in violation of 18 U.S.C. §§ 2, 1341, & 1346. (Second Superseding Indict. at ¶ 57-60).

Counts Ten through Twelve, in which Siegelman and Hamrick were named, charged them with aiding and abetting each other to commit honest services mail fraud as part of their scheme to defraud and deprive the State of Alabama of its right to honest services from

themselves as public officials in connection with governmental regulation of specified activities, allocation of bond funding and construction contracting, in violation of 18 U.S.C. §§ 2, 1341, & 1346. (Second Superseding Indict. at ¶ 61- 63).

Counts Thirteen and Fourteen, in which Siegelman and Hamrick were named, charged them with aiding and abetting each other to commit honest services mail fraud concerning performance bonds on a construction contract as part of their scheme to defraud and deprive the State of Alabama of its right to honest services from themselves as public officials, in violation of 18 U.S.C. §§ 2, 1343 & 1346. (Second Superseding Indict. at ¶ 64- 65).

Count Fifteen, in which Hamrick was charged, and Counts Sixteen and Seventeen, in which Siegelman was named, charged them with obstruction of justice, in violation of 18 U.S.C. §§ 1512(b)(3) & 2. (Indict. at ¶ 64- 68).

Counts Eighteen through Thirty-Three, in which Siegelman and Roberts were named, charged them with aiding and abetting each other to commit honest services mail fraud as part of their scheme to defraud and deprive the State of Alabama of its right to honest and faithful services from themselves as public officials in connection with functions of the Alabama Department of Transportation, in violation of 18 U.S.C. §§ 2, 1341, & 1346. (Second Superseding Indict. at ¶ 69-71).

Finally, Count Thirty-Four, in which Siegelman was named, charged him with extortion under color of official right and by fear of economic harm, in violation of 18 U.S.C.

§ 1951. (Second Superseding Indict. at ¶ 72).

During the trial, the Court threw out Count Three against Scrushy and Count Four against Siegelman because it found that they were multiplicitous. All other counts were submitted to the jury. On June 29, 2006, the jury returned unanimous verdicts. The jury found Defendants Hamrick and Roberts not guilty on all counts. The jury found Scrushy guilty on Counts Four, Five, Six, Seven, Eight, and Nine. The jury found Siegelman guilty on Counts Three, Five, Six, Seven, Eight, Nine, and Seventeen. The jury found Siegelman not guilty on Counts One, Two, Ten, Eleven, Twelve, Thirteen, Fourteen, Sixteen, Eighteen, Nineteen, Twenty, Twenty-One, Twenty-Two, Twenty-Three, Twenty-Four, Twenty-Five, Twenty-Six, Twenty-Seven, Twenty-Eight, Twenty-Nine, Thirty, Thirty-One, Thirty-Two, Thirty-Three, and Thirty-Four.

After receiving the jury's verdicts, the Court set deadlines for the submission of briefs on post-trial motions. Both Scrushy and Siegelman filed written motions for judgment of acquittal which the Government opposed in writing. All pending motions for judgment of acquittal are now fully briefed and ready for determination.

## DISCUSSION

The test in considering a motion for judgment of acquittal is whether, viewing all evidence in the light most favorable to the Government and drawing all reasonable inferences from the evidence and credibility choices in favor of the jury's verdict, a reasonable trier of

fact could find that evidence established guilt beyond a reasonable doubt. *See United States v. O'Keefe*, 825 F.2d 314 (11th Cir. 1987). *Accord, United States v. Grigsby,* 111 F.3d 806, 833 (11th Cir. 1997). Put another way, to challenge a jury's guilty verdict on the grounds of insufficiency of the evidence, it must be established that "no reasonable jury could have found Defendant guilty beyond a reasonable doubt on the evidence presented." *United States v. Ruiz*, 253 F.3d 634, 639 (11th Cir. 2001). The evidence may be sufficient even when it does not "exclude every reasonable hypothesis of innocence or [is not] wholly inconsistent with every conclusion except that of guilt," because a "jury is free to choose among reasonable constructions of the evidence." *United States v. Peters,* 403 F.3d 1263, 1268 (11th Cir. 2005).

Siegelman and Scrushy have presented a variety of arguments in their motions for judgment of acquittal. The Court has carefully considered all of them, as well as the responses to those arguments made by the Government. The Court finds that during the course of this very lengthy trial, the Government presented substantial evidence upon which a reasonable trier of fact could conclude that Siegelman and Scrushy engaged in the conduct for which they were convicted. Viewing the evidence presented in a light most favorable to the Government, the Court holds that a reasonable jury could find the evidence established the charged offenses. This is true both when the Court considers the evidence submitted in the Government's case in chief for the purpose of addressing the motions for judgment of

acquittal made at the close of the Government's case pursuant to Federal Rule of Criminal Procedure 29(a) and when the Court considers all evidence submitted at trial for the purpose of addressing the motions for judgment of acquittal made after trial pursuant to Federal Rule of Criminal Procedure 29(c).  Thus, having applied that test to the evidence presented in this case, the Court has determined that the evidence was sufficient to sustain each Defendant's conviction on each count in the Second Superceding Indictment.  Accordingly, this Court finds that Defendants' arguments are without merit and concludes that Defendants' requests for acquittal are due to be DENIED.

## CONCLUSION

For the reasons stated above, the all pending motions for judgment of acquittal filed by either Defendant Don Eugene Siegelman or Richard M. Scrushy are DENIED.

DONE this 2nd day of October, 2006.

        /s/  Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE