IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Case No. 2:05cr119-MEF |
| DON EUGENE SIEGELMAN and RICHARD M. SCRUSHY, <br>     Defendants. | |

### DEFENDANT DON EUGENE SIEGELMAN'S EMERGENCY MOTION FOR ORDER TO REQUIRE PRESERVATION OF EVIDENCE

COMES NOW Defendant, Don Eugene Siegelman, by and through his undersigned counsel of record, and files this "Emergency Motion for Order to Require Preservation of Evidence." In support of this request, Defendant respectfully shows this Court the following:

1. On September 29, 2006, Defendants Siegelman and Scrushy filed a "Motion for New Trial Pursuant to Rule 33(a) of the Federal Rules of Criminal Procedure." (Doc. 467.)[1]

2. In that motion, the Defendants jointly raised allegations of serious jury misconduct, including the allegations that at least two jurors conducted research on the Internet, that extrinsic information was brought into the jury room and discussed during

---

[1] This motion was initially filed on Monday, September 25, 2006, but this Court ordered that motion stricken due to problems relating to the redaction of jurors' names on the ECF system, with leave to refile, as was done on September 29, 2006. (Doc. 464.)

jury deliberations, and that at least three jurors discussed the merits of the case via e-mail and/or text-messaging. (Doc. 467 at ¶¶ 6, 10, 12, 13, 14, 16, 17, 18, and 19.)

    3. In paragraph 24(c) of that motion, Defendants specifically requested:

> [T]hat this Court enter an Order requiring Jurors B and C to preserve any computers that they used during their jury service in this case and that no deletions be made as to any information on those computers that relates in any way to this case or their jury service in this case, including but not limited to any history files relating to any trails created in the course of Internet searches or other computer activity during the relevant period;

(Doc. 467 at ¶ 24(c).)

    4. The Defendants' joint motion did *not* specifically request that the Court Order Jurors B and C to disclose all Internet Service Providers (ISP), email providers, and cell phone companies that provided services to Jurors B and C between April 1, 2006 and July 15, 2006. And, Defendants' joint motion did not specifically request that any companies rendering internet, email, cell phone, or text message services to Jurors B and C be Ordered to preserve all information related to such services rendered between April 1, 2006 and July 15, 2006.

    5. Governor Siegelman has a legitimate concern that the companies providing internet, email, cell phone, and/or text messaging services to Jurors B and C between April 1, 2006 and July 15, 2006 may, during the ordinary course of business, destroy information critical to the Defendants' prior joint motion if an Emergency Order is not immediately issued by this Court.

    6. Similarly, given the nature of the allegations of jury misconduct, the factual detail contained in the allegations, and the widespread publicity concerning the details of those allegations, Governor Siegelman has a reasonable and justifiable concern that the

information requested from Jurors B and C may be destroyed or lost (either intentionally or unintentionally) unless an immediate Emergency Order is issued by this Court.

7. Eleven days have elapsed since the Defendants filed their joint motion. So far, the Department of Justice has taken no official action regarding the Defendants' joint motion.[2] This Court's scheduling Order entered June 30, 2006, (Doc. 443), does not require the Government to respond to any motions for new trial until October 13, 2006, and Defendant is given until October 20, 2006 to reply.

8. Accordingly, it is both appropriate and necessary that this Court consider and grant the relief requested in paragraph 24(c) of Defendants' prior motion on an expedited basis, Order Jurors B and C to preserve all computers, computer records, cell phones, cell phone records, and text messages which were used or reflect use between April 1, 2006 and July 15, 2006, Order Jurors B and C to disclose all companies that rendered internet, email, text messaging, and/or cell phone services to Jurors B and C between April 1, 2006 and July 15, 2006, Order all such companies to preserve all information and records related to the use of said services during that period.

9. Such an Order would cause no harm to the jurors or any party in this case. It would impose no significant hardship on the two jurors involved. The Court's Order can be filed under seal to protect the identities of Jurors B and C, and can be served by the U.

---

[2] Unofficially, one of the United States Attorneys involved in the prosecution of Governor Siegelman has commented to numerous media services that no investigation of potential juror misconduct is warranted. Once again, the Department of Justice's position in this case is diametrically opposed to its conduct in similar situations. For example, within three days of being notified that Congressman Foley may have exchanged inappropriate emails with under-aged Congressional pages, the Department of Justice demanded that House officials "preserve all records" related to Foley's electronic correspondence. Why the Department has undertaken no such effort in this case and why the Department has already publicly opposed *any* investigation into this critical matter remains a mystery.

S. Marshal. Such an Order will simply ensure that no evidence is lost or destroyed prior to this Court's opportunity to consider the merits of this motion.

10. Defendant is not seeking *access* to such evidence on an expedited basis. Defendant is seeking only that this Court take limited action to preserve evidence that may be critical to the determination of Defendant's motion.

WHEREFORE, Defendant Siegelman prays that this Court consider his request for an Emergency Order requiring preservation of all computers, cell phones, text messages (and all evidence contained in said devices), Order Jurors B and C to disclose all companies that provided internet, email, cell phone, or text message services to Jurors B and C between April 1, 2006 and July 15, 2006, Order said companies to preserve all information related to said services, enter an Order granting the relief requested in paragraph 24(c) of Defendants' joint motion for new trial, and for such other and further relief as this Court may deem just and necessary.

Dated this the 6th day of October, 2006.

Respectfully submitted,

/s/David A. McDonald
David A. McDonald
Vincent F. Kilborn, III
Kilborn, Roebuck & McDonald
P.O. Box 832
Mobile, Alabama  36601
Phone:  251-434-0045
Fax:  251-434-0047

Attorneys for Don Siegelman

4

5

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of October, 2006, I electronically filed the foregoing "Defendant Don Eugene Siegelman's Emergency Motion for Order to Require Preservation of Evidence" with the Clerk of the Court using the CM/ECF system which will send notification of such to counsel of record.

/s/David A. McDonald<br>
David A. McDonald<br>
Vincent F. Kilborn, III<br>
Kilborn, Roebuck & McDonald<br>
P.O. Box 832<br>
Mobile, Alabama 36601<br>
Phone: 251-434-0045<br>
Fax: 251-434-0047