IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 2:05-cr-119-MEF |
| | ) | |
| DON EUGENE SIEGELMAN | ) | |
| RICHARD M. SCRUSHY | ) | |

### **ORDER**

Having heard testimony from all twelve jurors who deliberated to a verdict in this case, the Court finds that there is credible evidence which establishes that during deliberations some of the jurors were exposed to the following extrinsic or extraneous evidence: (1) a copy of the Second Superceding Indictment obtained from the website of the United States District Court for the Middle District of Alabama and (2) juror information from the website of the United States District Court for the Middle District of Alabama concerning the foreperson's obligation to preside over the jury's deliberations and to give every juror a fair opportunity to express his or her views.[1] In light of this evidence of juror exposure to extraneous information, this Court must, pursuant to *Remmer v. United States,* 347 U.S. 227 (1954)[2] and its progeny, presume prejudice. Accordingly, the burden shifts to

---

[1] The Court finds that the testimony concerning the inadvertent exposure of certain jurors to an extremely limited amount of news reporting on this case is insufficient to constitute exposure to extrinsic or extraneous evidence within the meaning of the Sixth Amendment.

[2] While it appears that the United States Circuit Court of Appeals for the Eleventh Circuit has been somewhat inconstant in its adherence to *Remmer* as binding precedent, this Court feels constrained to follow *Remmer* and the decisions from the Eleventh Circuit Court of Appeals which have recognized the presumption of prejudice from *Remmer*.

the Government to rebut the presumption. To rebut the presumption of prejudice, the Government must show that the jurors' consideration of the extrinsic evidence was harmless to the defendants.

It is hereby ORDERED as follows:

1. By no later than 5:00 p.m. on **December 1, 2006**, the Government shall file its final brief on the issue of juror exposure to extrinsic or extraneous information as outlined in this Order. This brief may not exceed fifteen (15) pages in total length with a font of no less than 12 points and one inch margins.

2. By no later than 5:00 p.m. on **December 1, 2006**, Defendants shall file their final brief on the issue of juror exposure to extrinsic or extraneous information as outlined in this Order. If the Defendants elect to file separate briefs, each of the briefs may not exceed ten (10) pages in total length with a font of no less than 12 points and one inch margins. If the Defendants elect to file a joint brief, this brief may not exceed fifteen (15) pages in total length with a font of no less than 12 points and one inch margins.

3. The Court will not entertain motions for extensions of any deadline set by this Order. The Court will not entertain motions for leave to file briefs in excess of the limits set by this Order, nor will any party be granted leave to submit further briefs on the issues raised by any submissions by other parties.

DONE this the 20th day of November, 2006.

                                          /s/ Mark E. Fuller
                                    CHIEF UNITED STATES DISTRICT JUDGE