IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

UNITED STATES OF AMERICA,

vs.                                    Criminal No: 2:05-cr-119-MEF

DON EUGENE SIEGELMAN, et al.,

**DEFENDANT GOVERNOR DON EUGENE SIEGELMAN'S CONSOLIDATED
MOTIONS TO RECONSIDER THE COURT'S
NOVEMBER 20, 2006 AND DECEMBER 13, 2006 ORDERS,
SUPPLEMENT THE RECORD, AND FOR NEW TRIAL PURSUANT TO RULE 33(b)(1)
OF *FEDERAL RULES OF CRIMINAL PROCEDURE*__**

Comes now Defendant, Governor Don Eugene Siegelman ("Governor Siegelman"), by and through his undersigned counsel of record, and, based upon the newly discovered evidence in Exhibits 23, 24, and 25, moves this Court to Reconsider the Court's Orders of November 20, 2006 and December 13, 2006, to Supplement the Record, and for entry of an Order pursuant to *Fed.R.Crim.P. 33* vacating his conviction and granting him a new trial because Governor Siegelman was denied his Sixth Amendment right to a fair trial before an impartial jury.

In support of these motions, Governor Siegelman respectfully shows the Court the following:

1. Governor Siegelman has received copies of two more emails between Jurors 7 and 40 which, if authenticated, indicate that Jurors 7 and 40:

   a) **deliberately and repeatedly defied the Court's repeated instructions against reviewing extrinsic information**;

   b) did not honestly respond to *voir dire* questions concerning personal bias;

   c) deliberately and repeatedly defied the Court's repeated instructions against engaging in deliberations outside of the presence of the other jurors; and

   d) committed perjury at the November 17, 2006 hearing.

2. As detailed in prior pleadings, the Defendants continue to receive (from an anonymous source) copies of what purport to be emails exchanged between Jurors 7 and 40. **The emails bear the full name of Jurors 7 and 40, contain complete email addresses, and they refer to other jurors by juror number**. *None of this information was available to the general public when the Defendants first started receiving copies of these emails.*

3. On November 17, 2006, the Court conducted an evidentiary hearing based on the Defendants' allegations of juror misconduct. The Court subpoenaed all 12 jurors to the hearing and asked each juror a series of predetermined questions. The Court's limited examination of the witnesses at the November 17, 2006 hearing stands in stark contrast to its piercing examination of witnesses at the October 31, 2006 hearing, even though the purpose of both hearings was to investigate possible violations of this Court's Orders.

4. Before the Court began its examination at the November 17, 2006 hearing, counsel for Defendant Scrushy cautioned the Court against examining jurors without first independently determining the authenticity of the emails filed by the Defendants, or, at least, without confronting Jurors 7 and 40 with these emails. Counsel expressed concern that Jurors 7 and 40 (and possibly other jurors), if not forewarned that their emails might be used as evidence against them, could be tempted to commit perjury. If the following emails are authenticated, counsel's concerns will prove both valid and prophetic.

5. On December 22, 2006, Siegelman's counsel received, via U.S. Mail from an anonymous source, more emails purportedly from Juror 40 to Juror 7. These emails, like their predecessors, contain the full name of Jurors 7 and 40, both contain the email addresses for Jurors 7 and 40, and both are "signed" using Juror 40's first name.

    6.      The first email dated June 25, 2006, at 10:09 p.m. states:

> **...judge really helping w/jurors...**
>
> **still having difficulties with #30**
>
> **...any ideas???**
>
> **keeping pushing on ur side.**
>
> **did not understand ur thoughts on statue**
>
> **but received links.**

[Exhibit 23][1] [Emphasis added]

    7.      The second email dated June 25, 2006, at 10:41 p.m. states:

> **I can't see anything we miss'd. u?**
>
> **articles usent oustanding! gov & pastor up s–t creek.**
>
> **good thing no one likes them anyway. all public officials**
>
> **r scum; espically this 1. pastor**
>
> **is reall a piece of work**
>
> **...they missed before, but we won't**
>
> **...also, keepworking on 30...**
>
> **will update u on other meeting.**

[Exhibit 24] [Emphasis added]

---

[1]To preserve the identity of Jurors 7 and 40, counsel has redacted all identifying characteristics from Exhibits 23 and 24. Governor Siegelman adopts the unredacted Exhibits 23 and 24 that will be filed under seal by counsel for Mr. Scrushy as well as the Brief filed by Scrushy's counsel.

8.      These emails were mailed in an envelope from Montgomery, Alabama and were postmarked December 20, 2006. [Exhibit 25]

9.      On December 13, 2006, the Court issued its Memorandum Opinion and Order denying Governor Siegelman's Motion for New Trial.  Therein, the Court explained its rationale for not confronting Jurors 7 and 40 with the emails and for not further investigating this issue:

> Even if the Court were to assume *arguendo* the authenticity of these documents, the documents only establish very limited evidence of premature deliberation in that some of the emails might relate to discussions of the case prior to the submission of the case to the jury, limited evidence of deliberation by fewer than all members of the jury, and very limited juror misconduct in the form of consideration of the possible penalty Defendants would face if convicted.  **While it is unquestionably clear that such discussions constitute juror misconduct, it is not juror misconduct of the sort into which this Court can or should directly inquire by interrogating jurors, nor is it in this Court's view grounds for granting a new trial.**

[Doc 518, p 53] [Emphasis added]

10.     While Governor Siegelman respectfully disagrees with the Court's conclusion that the evidence previously presented to the Court did not warrant a new trial, it cannot be disputed that Exhibits 23 and 24, if authenticated, warrant a new trial.

11.     At the November 17, 2006 hearing, Jurors 7 and 40 testified that they had, to the best of their abilities, avoided any contact with extrinsic information.  The Court relied on this testimony:

> The Court finds that the testimony concerning the inadvertent exposure of certain jurors to an extremely limited amount of news reporting on this case is insufficient to constitute exposure to extrinsic or extraneous evidence within the meaning of the Sixth Amendment.

[Doc 503, fn 1]

12.     If these emails are authentic, then the Court's November 20, 2006 Order [Doc 503] and the Court's December 13, 2006 Order [Doc 518] were premised upon false testimony by Jurors 7 and 40.  Accordingly, the Court should revisit and reconsider its November 20 and December 13, 2006 Orders in light of this newly discovered evidence.  At this stage, the Court can no longer rely solely upon the sworn testimony of Jurors 7 and 40.  **The number and nature of these emails are such that the Court cannot justly resolve this issue without conducting an independent investigation into the authenticity of these emails by reviewing data contained on the hard drive of these jurors' computers or retained by their ISP providers.**

13.     In its November 6, 2006 Order [Doc 492], the Court recognized established law that defendants do not bear the burden of submitting sworn testimony to satisfy their burden of making a colorable showing of extrinsic influence on the jury:

> **Given that the applicable legal precedents does not seem to require that a defendant rely on properly notarized affidavits or other sworn testimony to satisfy the burden of making a colorable showing of extrinsic influence on the jury**, the Court cannot disregard the August 9, 2006 Affidavit due to the defects inherent in it.

[Doc 492, p 8, fn 8] [Emphasis added]

14.     Governor Siegelman has presented herein more than enough "colorable showing of extrinsic influence" to warrant a thorough investigation.  It appears that the Defendants and the media[2] will continue to receive copies of what purport to be emails between Jurors 7 and 40 until this Court conducts such an investigation.  Both the Defendants' Sixth Amendment right to a fair and impartial jury and the public's continued confidence in a federal system that dispenses

---

[2] Counsel for Governor Siegelman were notified on December 27, 2006 by Eddie Curran of the *Mobile Register* that he too received copies of Exhibits 23 and 24.

justice (not convenient verdicts) mandate that this Court conduct a thorough independent investigation into the authenticity of these emails.

15. In prior Orders, this Court has criticized the Defendants for not citing legal precedent to support the relief requested (such as subpoenaing Jurors 7 and 40's hard drives to review email exchanged between the two during the course of this trial). There is no question that the Court has *authority* to grant the relief requested even though the Defendants cite no *precedent* for so doing.

16. **The reason the Defendants have cited no similar cases is simple: the crimes committed in preparing Exhibits 23 and 24 are unprecedented.** Either Jurors 7 and 40 set a new low for violating Court Orders and Defendants' Sixth Amendment rights, or some saboteur has set a new low for tampering with a jury verdict.

17. **Either way, this Court should immediately conduct a thorough investigation of this matter so that whoever is the author of Exhibits 23 and 24 can be brought to justice.** If Jurors 7 and 40 did not exchange these emails, they, the Defendants, the Government, and this Court have been vexed by someone who has no respect for the judicial process and by someone who should be criminally charged. If, however, Jurors 7 and 40 *did* exchange these emails, Governor Siegelman is entitled to a new trial.

18. This Motion is timely filed pursuant to *Fed.R.Crim.P. Rule 33(b)(1)* which provides:

> Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty. If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case.

*Fed. R. Crim. P. 33(b)(1).* The Eleventh Circuit generally holds that the following conditions

must be met for a new trial motion based on "newly discovered evidence":

> (1) the evidence must be discovered following the trial; (2) the movant must show due diligence to discover the evidence; (3) the evidence must not be merely cumulative or impeaching; (4) the evidence must be material to issues before the Court; and (5) the evidence must be of such a nature that a new trial would probably produce a new result.

*United States v. Hall*, 854 F.2d 1269, 1271 (11th Cir. 1988).

19.     Motions pursuant to *Fed.R.Crim.P. 33(b)(1)* may be based on "questions regarding the fairness or impartiality of a jury." *United States v. Campa*, 459 F.3d 1121, 1151 (11th Cir. 2006); see also, *United States v. Beasley*, 582 F.2d 337 (5th Cir. 1978).

20.     Based on this newly discovered evidence, Governor Siegelman requests a new trial. In the alternative of immediately granting a new trial, Governor Siegelman requests that the Court Order Jurors 7 and 40 to immediately produce all hard drives, Blackberries, cell phones, or any other device capable of sending email or text messages that were used by Jurors 7 and 40 during the course of this trial; that the Court conduct an independent investigation into what, if any, emails or text messages were exchanged between Jurors 7 and 40 following their selection as jurors in this case and throughout the trial; that the Court Order Jurors 7 and 40 to immediately disclose to the Court all Internet Service Providers (ISP), email providers, and cell phone companies that provided email, text messaging, or cell phone services to them during the trial; that the Court Order all such companies rendering Internet, email, cell phone, or text messaging services to Jurors 7 and 40 produce evidence of all communications between Jurors 7 and 40 during the trial; and that upon conclusion of the Court's investigation, the Court grant Governor Siegelman a new trial.

**WHEREFORE**, the premises considered, Governor Siegelman requests that the Court

enter an Order supplementing the record as to Governor Siegelman's new trial motions, obtain the information set forth in Paragraph 20, conduct an evidentiary hearing based upon the newly discovered evidence discussed herein, and, upon good cause shown, grant Governor Siegelman's Motion for a New Trial, and for such further, other, and different relief to which Governor Siegleman is entitled.

Dated: December 28, 2006.

Respectfully submitted,

/s/ David A. McDonald
David A. McDonald (MCDOD5329)
KILBORN, ROEBUCK & McDONALD
203 South Warren Street (36602)
Post Office Box 832
Mobile, Alabama 36601
Telephone: (251) 434-0045
Fax: (251) 434-0047

**Attorney for Defendant Siegelman**

OF COUNSEL:

Vincent F. Kilborn, III (KILBV4483)
W. Perry Hall (HALLW9043)
KILBORN, ROEBUCK & McDONALD
1810 Old Government Street
Post Office Box 66710
Mobile, Alabama 36660
Telephone: (251) 479-9010
Fax: (251) 479-6747

## CERTIFICATE OF SERVICE

  I do hereby certify that on this 28th day of December, 2006, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will send notification of such to all counsel of record.


               /s/ David A. McDonald
               DAVID A. McDONALD