## MINUTES
### IN THE UNITED STATES DISTRICT COURT FOR THE
### MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| HON. CHARLES S. COODY, MAG JUDGE | AT | Montgomery, Alabama |
| DATE COMMENCED: 2/6/07 | AT | 3:08 p.m to 3:36 p.m. |
| DATE COMPLETED: 2/6/07 | TO | Digital Recorded |

UNITED STATES OF AMERICA

VS.    CASE NO. 2:05CR-119-MEF

DON EUGENE SIEGELMAN
RICHARD SCRUSHY

_____Defendant_____

| GOVERNMENT | APPEARANCES: | DEFENDANT |
|---|---|---|
| Atty. J. B. Perrine | * | Atty. James Jenkins |
| Atty. Jennifer Garrett | * | Atty. Arthur W. Leach |
| Atty. Joseph L. Fitzpatrick, Jr. | * | Atty. Leslie Moore |
| Atty. Louis V. Franklin, Sr. | * | Atty. Redding Pitt, Atty. Vincent Kilborn |

### COURT OFFICIALS PRESENT:

Court Room Deputy: Wanda Stinson           Law Clerk: Corrie Long

Court Reporter: James Dickens

( ) NON-JURY TRIAL
(X) OTHER PROCEEDINGS: **ORAL ARGUEMENT RE: Fifth Motion for Discovery of Jury Records and and Second Motion to Amend Second Motion to Supplement Record in Jury Challenge and Request for Additional Data**

# SEE MINUTES ATTACHED

| LOG OF PROCEEDINGS ELECTRONICALLY RECORDED | | |
|---|---|---|
| **Description** | Telephone Conf : Oral arguments re: Fifth Motion for Discovery of Jury records | |
| **Date** 2 / 6 /2007 | **Location** | Courtroom 4B |
| **Time** | **Speaker** | **Note** |
| 2 :32:02 PM | | |
| 3 :08:39 PM | Court | Court Convenes; parties on line as noted; Discussion of two pending motions; Introduction of parties on line; Discussion of the first motion is Doc. #266 Scrushy's Fifth motion for discovery of jury records related to the problem with the 40,000, the early problem with the questionnaires "with ACS was trying to find a way to take the file a loaded back into the system; Everyone is in agreement now that that cannot be done - and this motion is moot?. |
| 3 :10:33 PM | Atty Jenkins | Response; Has been working with Mr. Perrine to work out a stipulation to simplify the matter and believe that is correct as presented in my motion at paragraph 13 ; |
| 3 :11:23 PM | Atty. Perrine | Addresses the court as to his conversation with Mrs. Hackett; |
| 3 :11:44 PM | Court | Question as to the evidenced before the court in this case relates to the 2001 jury wheel that were addressed by both Judge Boyd and Judge Thompson in their opinions; Discussion as to how does this matter cause any change in the way the court ought to view the evidence at this point?; |
| 3 :12:44 PM | Atty. Jenkins | Addresses to court; Do not think it is going to make the court's decision change in and of itself, but do think that it is relevant evidence to 2 particular issues 1) is the administrative and software problems that plague the JMS and 2) the number of non-responders from a mailing of 40,000; |
| 3 :13:39 PM | Court | Response that we can not determining the precise numbers that would fall in each of categories; |
| 3 :13:55 PM | Atty. Jenkins | Response; Believes that the clerk's office should be able to get these numbers, these are the numbers that would go into a SJ12, minus the race and gender numbers; |
| 3 :14:19 PM | Court | How long do we need? When are going to know whether we can get the numbers or not? |
| 3 :14:25 PM | Atty. Perrine | Response; The latest would be the end of the week; Corneilus is working on it as we speak; |
| 3 :14:53 PM | Court | Will grant the motion to this extent, that you will have until nexr Wednesday the 14th to file a joint stipulation or some other report with the court indicating the status of this matter; |
| 3 :15:14 PM | Court | Discussion of the next motion is doc. #392 Scushy's second motion to supplement the record - this motion list a number of additional exhibits; Is there any objections to the court granting the motion to supplementing the record with those exhibits; |
| 3 :15:52 PM | Atty. Perrine | The exhibits attached to the motion? |

| Time | Speaker | Statement |
|---|---|---|
| 3:15:55 PM | Court | It's exhibit C thru T; |
| 3:16:00 PM | Atty. Perrine | We don't have any objections just to supplement the record with those attachment; |
| 3:16:07 PM | Court | Did not include in that question Dr. Dunlach's additional or second report; What's the U.S. position in regards to that? |
| 3:16:16 PM | Atty Perrine | We would object to the inclusion of that supplemental report; |
| 3:16:44 PM | Court | Discussion as to the majority of what Dr. Dunlach report addresses is the issue about bleed over jurors, that is jurors who were in the 2001 qualified jury wheel who also came over into to 2005 quailfied jury wheel; |
| 3:17:09 PM | Atty. Jenkins | Response; |
| 3:17:18 PM | Court | Question as to the cause referring to page 317 of the transcript testimony of Dr. Dunlach that there were no bleed over juror in the 2001 qualified jury wheel; |
| 3:17:53 PM | Atty. Jenkins | Response to statements of Dr. Dunlach; Statements were in the context of the testimony of jury administrator Melissa Myers referring to pages 288 to 293 and also the cross examination by Mr. Perrine on pages 308 to 314; Where she basically explained what happened that created the facual basis of this problem; Discussions as to Dr. Dunlach's affidavit where we were furnished the last 2 jury pools selected in April of 2006; Dr. Dunlach detailed in the Scrushy/Siegelman jury pool had 300 or 200 people, we were missing one juror history file; Dr. Dunlach could not identify who that juror was; he finally found that juror in the 2001 qualified jury wheel; based on that discovery he went back and reexamined all of the jury pools for 2005 and found 9 other so called bleed over jurors; It's on the basis of that investigation that we are making the request for a |
| 3:21:47 PM | Court | Even if there are, what difference would it make?; |
| 3:22:07 PM | Atty. Jenkins | Response; |
| 3:23:14 PM | Court | Why should I allow any evidence beyond the jury pool that is at issue here which is the pool for this case? |
| 3:23:27 PM | Atty. Jenkins | Response; the question would be how many bleed over jurors were present in the 2005 qualified jury wheel at the time of the jury pool selected in April; |
| 3:23:44 PM | Court | Question as to how the clerk's office would get that information; |
| 3:23:50 PM | Atty. Jenkins | Our request is that the jury clerk or the clerk's office be ordered to provide data that meets this decription as quoted in the motion; |
| 3:24:05 PM | Court | What paragraph are you looking at? |
| 3:24:07 PM | Atty. Jenkins | Page 5, paragraph 9 - "The participant history file selected for transactions occurring after August 24, 2005 not restricting inclusion based on participate number"; |
| 3:24:32 PM | Court | Up to and including the Siegelman/Scrushy jury pool; |

| 3:24:36 PM | Atty. Jenkins | I would have no problems with that modification; All you would be getting is transcations involving jurors that occurred post Siegelman/Scrushy trial that would indicate only one thing, that at the time jury selection in Scrushy/Siegelman they were present in the 2005 qualified jury wheel; |
|---|---|---|
| 3:25:24 PM | Court | Response; In so far as this litigation is concern it seems that restiction is appropriate; |
| 3:25:40 PM | Atty. Jenkins | Response as to the goal of this exercise is to determine how many 2001 jurors are in the 2005 qualified jury wheel; |
| 3:26:28 PM | Court | Question as to the only way to know if there was a bleed over with respect to any individual juror that there had been some transaction about that juror? |
| 3:26:49 PM | Atty. Jenkins | Yes sir; |
| 3:26:49 PM | Court | Response; |
| 3:27:11 PM | Atty. Jenkins | Response; |
| 3:27:12 PM | Court | Response; |
| 3:27:16 PM | Atty. Jenkins | Response as to juror presence on the wheel effects the randomness; |
| 3:27:28 PM | Court | Suggestion is that if we can absent a transaction about them if we can't determine who they are then it's purely speculative as to how many there are; |
| 3:27:37 PM | Atty. Jenkins | That is correct - we do know a minimum number, the ones that do have transactions, which are the ten and any others that have transactions would be revealed by this search then that would be minimum bleed over jurors and if we went on past April, we would probably catch other ones; |
| 3:28:03 PM | Atty. Perrine | Addresses the court; Debbie Hackett has already represented to me that they have looked at this issue and they have identified the 10 that we already no about and that there are not any more; |
| 3:28:18 PM | Atty. Jenkins | Response; Those 10 are the only 10 that show up on pool selection reports; |
| 3:28:46 PM | Atty. Perrine | Response - Mrs. Hackett has represented to me that they have gone back in a searched for additional bleed over jurors only found these particular ones and they are taking steps to insure that there aren't any bleed over jurors in 2005 qualified jury wheel; |
| 3:29:06 PM | Atty. Jenkins | Response - That's new information to me; |
| 3:29:16 PM | Court | Will order the response as indicated with the qualifications that I indicated; If information shows that there are more then 10, will expand the response to include the entire time period to the life of the wheel; Based on the information provided, the jury pool in the case contained one bleed over juror, is that correct? |
| 3:30:02 PM | Atty. Jenkins | That is correct; |
| 3:30:04 PM | Court | And that person was in the arreay of jurors number 267? |
| 3:30:15 PM | Atty. Jenkins | Correct; |
| 3:30:15 PM | Court | The jury in this case was drawn from the first 117 or 114? |

| | | |
|---|---|---|
| 3:30:24 PM | Atty. Jenkins | I believe it, the actual ---- pool was 180; |
| 3:30:37 PM | court | The presence of that jury did not effect in any way the jury selection in this case; |
| 3:30:44 PM | Atty. Jenkins | Response - would agree with the court, if talking about the actual seating of the jury; If your talking about the the fullfillment of the randomness requirement, I would disagree with the court; |
| 3:31:12 PM | Court | Response; |
| 3:31:21 PM | Atty. Jenkins | Response as to violation of the randomness requirement; |
| 3:31:42 PM | Court | Discussion of the second issue; |
| 3:32:04 PM | Atty. Jenkins | Which was whether or not we can supplement the record with the information as to the specifics on the two remaining jury pools that were provided to us after the hearing; |
| 3:32:17 PM | Court | One of which would include this jury pool; What's to the U.S. position about that? |
| 3:32:23 PM | Atty Perrine | Response; |
| 3:32:41 PM | Court | What;s left on this then? |
| 3:32:45 PM | Atty. Jenkins | That would include the statistics run as to race of those pools as set forth in Dr. Dunlach's affidavit; |
| 3:33:01 PM | Court | Discussion as to Dr. Dunlach's conclusions; |
| 3:34:45 PM | Atty. Perrine | Addresses the court regarding time needed to file response; We respond to Dr. Dunlach's in our own brief; |
| 3:34:57 PM | court | What response number was it? |
| 3:35:06 PM | Atty. Perrine | Believe it's document #405 and attached to that is affidavit of our expert Mr. Elmore; |
| 3:35:26 PM | Court | You have know objections to allow Mr. Dunlach's exhibit to come before the court also? |
| 3:35:53 PM | Atty. Jenkins | I don't; |
| 3:36:01 PM | Court | Will give parties until next Wednesday, 2/14/07, to file responses to those affidavits; |
| 3:36:46 PM | Court | Court is recessed. |