IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | CRIMINAL NO. 2:05-CR-119-MEF |
| DON EUGENE SIEGELMAN and ) | |
| RICHARD M. SCRUSHY ) | |

**UNITED STATES' RESPONSE TO DEFENDANT SCRUSHY'S MOTION TO SUPPLEMENT PREVIOUSLY FILED MOTION TO RECONSIDER ORDER DENYING NEW TRIAL AND TO SUPPLEMENT RECORD, OR IN THE ALTERNATIVE, MOTION FOR NEW TRIAL BASED ON NEWLY DISCOVERED EVIDENCE**

COMES NOW the United States of America, by and through Louis V. Franklin, Sr., Acting United States Attorney for the Middle District of Alabama, and Edward C. Nucci, Acting Chief of the Public Integrity Section of the Criminal Division of the United States Department of Justice, and hereby responds to Defendant Richard M. Scrushy's Motion to Supplement Previously Filed Motion to Reconsider Order Denying New Trial and to Supplement Record, or in the Alternative, Motion for New Trial Based on Newly Discovered Evidence (the "Motion"). By his Motion, Defendant Scrushy continues his unsubstantiated attack on the jury that convicted him by filing with this Court yet another purported email allegedly between jurors, which Defendant claims his attorneys received anonymously. This Motion, like other defense motions preceding it, seeks post-trial relief on the basis of unfounded, incredible information allegedly emanating from an anonymous source. The United States, as it has in its prior submissions (which are incorporated herein by reference) asserts that the law of this Circuit and case compels the denial of any relief requested on the basis of the entirely speculative, purported emails. Accordingly, the government respectfully submits that the Motion should be denied, and this case should proceed to sentencing as soon as possible. As grounds for its position, the United States submits the following:

I.  **Defendant Scrushy Still Has Not Met His Burden to Show a Colorable Basis for Judicial Action.**

In his most recent filing, Defendant Scrushy once again argues that this Court is required to conduct another investigation of the jurors because his "discovery" of another purported email from an alleged anonymous source constitutes a "colorable showing of extrinsic influence." Scrushy Mot. at 12. While Defendant Scrushy claims that the most recent purported email is not "anonymous," Scrushy Mot. at 10, he readily admits that he cannot identify its source or legitimacy. Id. Undeterred, Defendant Scrushy repeats his request for this Court to scrutinize anew the very jurors who convicted him, and concludes his pleading by disagreeing with this Court's wise decision not to search and seize the jurors' private communications, computers, and other records. Id. at 10-13.

In response, the United States submits that this Court should deny the Motion (as well as Defendants' prior motions to reconsider, Doc. ## 519, 520) because this Court has already addressed the very issue Defendants raise through their submission of the purported emails (i.e., jurors' exposure to extrinsic evidence) and ruled that Defendants are not entitled to any relief on this basis. Memorandum Opinion and Order, Doc. # 518 at 45, 48, 50. Defendant Scrushy's proffer of another purported email from an alleged anonymous source does nothing to change the legal and factual landscape of this case regarding the jurors' exposure to extrinsic evidence because this Court has already received the best evidence available on this topic – the jurors' own testimony under oath in response to questions from the bench. See Smith v. Phillips, 455 U.S. 209, 217 n.7 (1982) ("surely one who is trying as an honest man to live up to the sanctity of his oath is well qualified to say whether he has an unbiased mind in a certain matter").

Moreover, as this Court has already ruled, a purported email from an alleged anonymous

source does not qualify as the type of evidence that warrants post-trial relief. Memorandum Opinion and Order, Doc. # 518 at 38, 39. See United States v. Caldwell, 776 F.2d 989, 999 (11th Cir. 1985) ("the anonymity of the call in our minds simply creates no burden to investigate"); United States v. Smith, No. Crima 4:97CR35, 2006 WL 2578919 at * 6 (N.D. Ga. Sept. 5, 2006) (denying the defendants' request to investigate jurors on anonymous claim of alleged bribe of a juror by the prosecutor because "[a]n anonymous allegation of jury tampering is too speculative to meet the defendant's burden of proving extrinsic influence"); United States v. Edwards, 486 F. Supp. 673, 674 (S.D.N.Y. 1980) ("To grant this request upon the foregoing anonymous and hearsay calls would mean that every instance in which a statement is made by a defendant or his attorney that he received an anonymous telephone call charging jury dereliction or disregard of the court's instructions would mandate a judicial inquiry, and subject the members of the jury to investigation as to their deliberations. [Such a request] borders on the absurd and is denied.").

The latest unfounded, unauthenticated, purported email, like the others preceding it, simply is not "clear, strong, substantial and incontrovertible evidence . . . that a specific, nonspeculative impropriety has occurred." United States v. Cuthel, 903 F.2d 1381, 1382-83 (11th Cir. 1990). Ergo, Defendant Scrushy has not met his burden to justify another post-conviction investigation of the jurors nor any further post-trial relief. United States v. Hernandez, 921 F.2d 1569, 1578 (11th Cir. 1991) ("It is only when the defendant has made a colorable showing of extrinsic influence that the court must investigate the asserted impropriety."); United States v. Caporale, 806 F.2d 1487, 1503 (11th Cir. 1986) ("The law in this Circuit is well settled that the defendant bears the burden of establishing that an extrinsic contact with a jury in fact occurred."); United States v. Barshov, 733 F.2d 842, 851 (11th Cir. 1984) ("The duty to investigate arises only when the party alleging

misconduct makes an adequate showing of extrinsic influence to overcome the presumption of jury impartiality. In other words, there must be more than speculation.").

**II.    Conclusion.**

Defendant Scrushy's protestations notwithstanding, this Court has wisely and correctly declined to permit Defendants to conduct a searching inquiry of the jurors – a practice that would effectively dismantle the jury system that is the linchpin of the federal criminal justice system. This Court has already explored the very issue Defendant Scrushy raises once again and found Defendant's allegations wanting. Defendant Scrushy's latest offering adds nothing to this lengthy post-trial litigation. Accordingly, the Motion should be denied.

Respectfully submitted this the 2nd day of March, 2007.

| | |
|---|---|
| LOUIS V. FRANKLIN, SR.<br>ACTING UNITED STATES ATTORNEY | EDWARD C. NUCCI<br>ACTING CHIEF, PUBLIC INTEGRITY SECTION |
| /s/ Louis V. Franklin, Sr.<br>Acting United States Attorney<br>One Court Square, Suite 201<br>Montgomery, AL 36104<br>Phone: (334)223-7280<br>Fax:   (334)223-7560<br>Email: louis.franklin@usdoj.gov | /s/Richard C. Pilger<br>Department of Justice, Criminal Division<br>Public Integrity Section<br>10th & Constitution Ave, NW<br>Bond Building - 12th Floor<br>Washington, DC 20530<br>Phone: (202)514-1412<br>Fax:   (202)514-3003<br>Email: richard.pilger@usdoj.gov |

/s/ J.B. Perrine
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax:   (334)223-7135
Email: jb.perrine@usdoj.gov
ASB-9077-E31J

/s/ Jennifer Garrett
Special Assistant United States Attorney
Assistant Attorney General
Office the Attorney General
11 S. Union
Montgomery, AL 36130
Phone: (334)353-8494
Fax:   (334)242-4890
Email: jgarrett@ago.state.al.us
ASB-4600-T77J

/s/ Stephen P. Feaga
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax:   (334)223-7560
Email: steve.feaga@usdoj.gov
ASB-7374A60S

/s/ Joseph L. Fitzpatrick, Jr.
Special Assistant United States Attorney
Assistant Attorney General
Office of the Attorney General
11 S. Union
Montgomery, AL 36130
Phone: (334)353-4839
Fax:    (334)242-4890
Email: j.fitzpatrick@ago.al.state.us

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| vs. | ) | CR. NO. 2:05-cr-119-MEF |
| | ) | |
| DON EUGENE SIEGELMAN and | ) | |
| RICHARD M. SCRUSHY. | ) | |

CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Respectfully submitted,

LOUIS V. FRANKLIN, SR.
ACTING UNITED STATES ATTORNEY

/s/ Louis V. Franklin, Sr.
LOUIS V. FRANKLIN, SR.
Acting United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
(334) 223-7280
(334) 223-7135 fax
louis.franklin@usdoj.gov