IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | CRIMINAL NO. 2:05-CR-119-MEF |
| ) | |
| **RICHARD M. SCRUSHY** ) | |

COMES NOW the United States of America, by and through Louis V. Franklin, Sr., Acting United States Attorney for the Middle District of Alabama, and William M. Welch, II, Chief of the Public Integrity Section of the Criminal Division of the United States Department of Justice, and responds to Defendant Scrushy's Motion to Compel. In response to the Motion, the United States avers as follows:

1. On May 4, 2007, and again on May 16, 2007, the United States met with the lawyers representing Defendant Scrushy and the United States Probation Office.

2. During these meetings, the United States told the lawyers representing Defendant Scrushy that the United States intended to rely on records of profit and loss maintained by HealthSouth, Inc., from the operation of the Phenix City Rehabilitation Hospital to prove the amount of benefit received from Defendant Scrushy's bribes to Defendant Siegelman and Tim Adams.

3. At the second meeting, the United States told the lawyers representing Defendant Scrushy that it expected the amount of benefit received from the Phenix City hospital to be approximately $3,300,000.00.

4. The United States also represented, at these meetings, that it intended to rely on records maintained by Brookwood Hospital and the law firm representing them to demonstrate the loss (approximately $100,000) intended by Defendant Scrushy when he used the illegal relationship acquired through conspiracy, bribery, and fraud with Defendant Siegelman and Adams to gain

advantage over a competitor in using Defendant Scrushy's influence over the CON board to block Brookwood's business endeavors.

5. The United States told the lawyers representing Defendant Scrushy that it was awaiting receipt of the physical records from HealthSouth and Brookwood and would turn the records over to the defendants as soon as the United States received them. Notwithstanding, Defendant Scrushy has been put on notice as to evidence the United States intends to introduce and its source. Defendants also have subpoena power and therefore enjoy the same access as the United States has to the information about the Phenix City hospital.

6. The United States represented to Defendant Scrushy's lawyers that it expected to have the documents by Friday, May 25, 2007.

7. Instead of waiting for the documents, on May 21, 2007, the lawyers for Defendant Scrushy filed the instant motion to compel with the Court and deliberately failed to inform the Court that the documents for which they sought to compel production had already been promised to them as soon as the United States had possession of them.

8. This Court has already warned counsel for Defendant Scrushy of their duty of candor to the Court. Based on their filing of this Motion to Compel for documents which had already been promised to them and their failure to so notify the Court, the United States avers that the Court's warning has fallen on deaf ears.

9. By way of answer to Defendant Scrushy, the United States reaffirms its earlier statement that it will provide the documents as soon as they are received which the United States still believes will be tomorrow, May 25, 2007. Again, nothing prevents Defendant Scrushy from utilizing the subpoena power of this Court to obtain all information he desires about this issue.

10. In addition to Defendant Scrushy's Motion to Compel, the United States has received a letter from counsel for Defendant Siegelman demanding a complete statement of all evidence, witnesses, and documents upon which the United States intends to rely at sentencing. In anticipation of a motion to compel similar to that of Defendant Scrushy's currently under consideration, the United States avers to both Defendants its intent to offer evidence as outlined in the remainder of this response.

11. The United States makes known at this time, to the lawyers for Defendants Scrushy and Siegelman, that it intends to rely on the entire record of trial for facts relevant to sentencing. That means that it may call, should the Court allow it to do so, any witness who testified at the trial of this cause or who was noticed to the defendants as a possible witness and may ask the Court to take notice of any and all exhibits offered at the trial and any records which were included in discovery or offered into evidence and not admitted.

12. The United States is compelled to take this position because it has no way of knowing in advance which matters already in evidence the Court will need to hear again when it becomes apparent to the Court, as it has become apparent to the United States during its post-conviction meetings with Defendants Scrushy's and Siegelman's lawyers, that they have no intention of admitting any of the facts already in evidence and continue to dispute each and every fact that establishes the guilt of their respective clients. There is no record of trial upon which the Court can rely. Presumably the Court will remember most of the evidence. In the event there is a dispute the United States will be prepared to settle it with sworn testimony or properly authenticated documents.

13. By way of example the United States offers to the Court the fact that at its first post conviction meeting with attorney for Defendant Scrushy, Arthur Leach, in his opening sentence to

the Probation Office, Mr. Leach told the United States Probation Officer that he disputed the statement in the Factual Background section of her proposed PSI that the CON Board regulated the business operations of HealthSouth and there was no evidence that Defendant Scrushy bribed Tim Adams (this despite the fact the jury convicted him of just such bribes).  The discussion went downhill from there.

13. Despite the jury's verdict, the attorneys for Defendants deny that there has been any finding that Defendant Scrushy bribed Defendant Siegelman or that either engaged in any fraud, or that either participated in any way in bribing Tim Adams, and for that matter that there is any evidence of any wrongdoing by either Defendant.

14. The United States will be prepared to offer evidence on each and every matter raised by it in support of its position expressed in writing to the United States Probation Office both orally and in writing in its objections and sentencing memoranda.

15. The United States also expects to offer evidence on the subject of lack of remorse and lack of rehabilitation potential to support its arguments that these defendants should receive an upward departure and/or be sentenced at the highest advisory guideline and/or statutory range.  This evidence will include, but not be limited to, post trial video footage of public statements made by these defendants, and/or others at the instigation of the defendants, making various public attacks against the witnesses, the investigators, the jurors, the United States Department of Justice, and the Court including calling the parties and the process corrupt and insinuating an underlying political reason for the prosecution.  The United States asserts that these matters are relevant to both the issue of appropriate punishment and deterrence because they have a tendency to magnify the serious nature of the damage done to public confidence in the integrity of its government processes already

seriously damaged by these defendants underlying criminal acts.

16.  The United States also expects to offer evidence relating to the pervasive and massive nature of the corruption manifested by the criminal action of these Defendants in support of its motion for an upward departure.

17.  As to Defendant Scrushy, the United States will offer evidence, virtually all of which is already a matter of record, to establish that he abused a position of trust relating to his fiduciary responsibilities to the shareholders, employees, and officers of HealthSouth by using HealthSouth funds for the illegal purpose of bribing the Governor of Alabama and a CON Board member, namely, Tim Adams.

Respectfully submitted this the 24th day of May, 2007.

| | |
|---|---|
| LOUIS V. FRANKLIN, SR.<br>ACTING UNITED STATES ATTORNEY | WILLIAM M. WELCH, II<br>CHIEF, PUBLIC INTEGRITY SECTION |
| /s/ Louis V. Franklin, Sr.<br>Acting United States Attorney<br>One Court Square, Suite 201<br>Montgomery, AL 36104<br>Phone: (334)223-7280<br>Fax:    (334)223-7560<br>Email: louis.franklin@usdoj.gov | /s/Richard C. Pilger<br>Department of Justice, Criminal Division<br>Public Integrity Section<br>10th & Constitution Ave, NW<br>Bond Building - 12th Floor<br>Washington, DC 20530<br>Phone: (202)514-1412<br>Fax:    (202)514-3003<br>Email: richard.pilger@usdoj.gov |

/s/ J.B. Perrine
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax:    (334)223-7135
Email: jb.perrine@usdoj.gov
ASB-9077-E31J

/s/ Stephen P. Feaga
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax:    (334)223-7560
Email: steve.feaga@usdoj.gov
ASB-7374A60S

/s/ Joseph L. Fitzpatrick, Jr.
Special Assistant United States Attorney
Assistant Attorney General
Office of the Attorney General
11 S. Union
Montgomery, AL 36130
Phone: (334)353-4839
Fax:    (334)242-4890
Email: j.fitzpatrick@ago.al.state.us

## IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| vs. | )  CR. NO. 2:05-cr-119-MEF |
| | ) |
| RICHARD M. SCRUSHY. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Respectfully submitted,

LOUIS V. FRANKLIN, SR.
ACTING UNITED STATES ATTORNEY

/s/ Louis V. Franklin, Sr.
LOUIS V. FRANKLIN, SR.
Acting United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
(334) 223-7280
(334) 223-7135 fax
louis.franklin@usdoj.gov