# EXHIBIT 13

# Aaron Law Firm
A Full Service Law Firm Dedicated To Providing Quality Legal Services

123 First Street North * Alabaster, Alabama, 35007
Phone (205) 685-8383
Facsimile: (205) 685-8338

February 6, 2006

Phyllis S. Jones
FOIA Contact
Justice Management Division
Department of Justice
Room 1111 RFK,
950 Pennsylvania Avenue, N.W.
Washington, DC 20530-0001

Re:   Recusal by Leura Canary

Dear Ms. Jones,

I am requesting information regarding the recusal of Leura Canary, the U.S. Attorney for the Middle District of Alabama on or about May 16, 2001 in connection with the investigation of state of Alabama's employees or former employees. This information is requested pursuant to the Freedom of Information Act and any other applicable law.

I am requesting copies of the Confidential Conflict of Interest Certification that Mrs. Canary submitted in this matter; copies of any documents that she submitted to the Department of Justice regarding this issue, any Certificate of Divestiture that was submitted or issued in this matter; any documents referred to as 502 determinations that were issued in this matter; any correspondence regarding this matter and the reason for the potential conflict; any written authorizations for Mrs. Canary to be involved with the investigation after the disclosure of the potential conflict; Mrs. Canary's disclosure of potential conflict; the Department of Justice determination of whether Mrs. Canary had a conflict; any document related to Mrs. Canary involvement with the investigation after her recusal; and any other document available regarding this matter;

If you have any questions feel free to give me a call.

Sincerely,

John Aaron

Enclosure

# Aaron Law Firm

A Full Service Law Firm Dedicated To Providing Quality Legal Services

123 First Street North * Alabaster, Alabama, 35007
Phone (205) 685-8383
Facsimile: (205) 685-8338

July 5, 2006

Office of Information and Privacy
United States Department of Justice
1425 New York Avenue
Suite 11050
Washington, DC 20530-0001

Re: *FOIA Appeal of Request #06-819*

Dear Sir:

This is an appeal of my *FOIA* request for information regarding recusal papers of Mrs. Leura Canary, the U.S. Attorney for the Middle District of Alabama, in connection with the investigation of state of Alabama's employees or former employees.

The reasons cited in the DOJ's denial do not apply to this request. Section 552(b)(5) does not apply, this form is on the DOJ website, Mrs. Canary held a press conference on or about May 16, 2002, stating a reason that she recused herself from this matter. Section 552(b)(6) does not apply since there would not be any medical or personal information requested that would require a wholesale denial of the request. Any personal information could be redacted. Section 552(7)(A) cannot apply since if she has recused herself from this case any involvement that she would have with the case would violate DOJ procedures and possibly federal law. Section 552(b)(7) (C) does not apply, Mrs. Canary held a press conference on or about May 16, 2002, stating a reason that she recused herself from this matter. There could not be an invasion of privacy since the reason for her recusal given at her press conference should be the same as those on the documents requested. This letter is a formal appeal of the DOJ denial of my *FOIA* request.

If you need more information please give me a call.

Sincerely,

John Aaron



U.S. Department of Justice
Executive Office for United States Attorneys
Freedom of Information/Privacy Act Staff
600 E Street, N.W., Room 7300
Washington, D.C. 20530
202-616-6757   Fax 202-616-6478

JUN 21 2006

Requester: <u>John Aaron, Esq.</u>                                    Request Number: <u>06-819</u>

Subject of Request: <u>Recusal of AUSA Leura Canary on or about May 16, 2002</u>

Dear Requester:

    Your request for records under the Freedom of Information Act/Privacy Act has been processed. This letter constitutes a reply from the Executive Office for United States Attorneys, the official record-keeper for all records located in this office and the various United States Attorneys' Offices.

    To provide you the greatest degree of access authorized by the Freedom of Information Act and the Privacy Act, we have considered your request in light of the provisions of both statutes.

    The records you seek are located in a Privacy Act system of records that, in accordance with regulations promulgated by the Attorney General, is exempt from the access provisions of the Privacy Act. 28 CFR § 16.81. We have also processed your request under the Freedom of Information Act and are making all records required to be released, or considered appropriate for release as a matter of discretion, available to you. This letter is a [ ] partial [ x ] full denial.

    Enclosed please find:

    <u>  0  </u> page(s) are being released in full (RIF);
    <u>  0  </u> page(s) are being released in part (RIP);
    <u>  0  </u> page(s) are withheld in full (WIF). **The redacted/withheld documents were reviewed to determine if any information could be segregated for release.**

    The exemption(s) cited for withholding records or portions of records are marked below. An enclosure to this letter explains the exemptions in more detail.

<u>Section 552</u>                                                                                 <u>Section 552a</u>

[ ] (b)(1)        [ ] (b)(4)        [ ] (b)(7)(B)              [ ] (j)(2)
[ ] (b)(2)        [x] (b)(5)        [x] (b)(7)(C)              [ ] (k)(2)
[ ] (b)(3)        [x] (b)(6)        [ ] (b)(7)(D)              [ ] (k)(5)
_____   [x] (b)(7)(A)     [ ] (b)(7)(E)              [ ] _____
                                 [ ] (b)(7)(F)

This is the final action on this above-numbered request. You may appeal this decision on this request by writing within 60 days from the date of this letter to the **Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C. 20530-0001**. Both the letter and envelope should be marked "FOIA Appeal." If you are dissatisfied with the results of any such administrative appeal, judicial review may thereafter be available in U.S. District Court, 28 C.F.R. §16.9.

Sincerely,

William G. Stewart II
Acting Assistant Director

Enclosure(s)

## EXPLANATION OF EXEMPTIONS

### FOIA: TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)  (A) specifically authorized under criteria established by and Executive order to be kept secret in the in the interest of national defense or foreign policy and (B) are in fact properly classified pursuant to such Executive order;

(b)(2)  related solely to the internal personnel rules and practices of an agency;

(b)(3)  specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)  trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)  inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)  personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)  records or information compiled for law enforcement purposes, but only the extent that the production of such law enforcement records or information (A) could reasonably be expected to interfere with enforcement proceedings, (B) would deprive a person of a right to a fair trial or an impartial adjudication, (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy, (D) could reasonably be expected to disclose the identity of a confidential source, (E) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or (F) could reasonably be expected to endanger the life or physical safety of any individual.

(b)(8)  contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)  geological and geophysical information and data, including maps, concerning wells.

### PRIVACY ACT: TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)  information complied in reasonable anticipation of a civil action proceeding;

(j)(2)  material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)  information which is currently and properly classified pursuant to Executive Order 12356 in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)  investigatory material complied for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)  material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)  required by statute to be maintained and used solely as statistical records;

(k)(5)  investigatory material compiled solely for the purpose of determining suitability eligibility, or qualification for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his identity would be held in confidence;

(k)(6)  testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)  material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his identity would be held in confidence.

FBI/DOJ
1/06

**U.S. Department of Justice**

Office of Information and Privacy

Telephone: (202) 514-3642           Washington, D.C. 20530

JUL 1 9 2006

Mr. John Aaron
Aaron Law Firm
123 First Street North
Alabaster, AL 35007

    Re: Request No. 06-819

Dear Mr. Aaron:

    This is to advise you that your administrative appeal from the action of the Executive Office for United States Attorneys was received by this Office on July 11, 2006.

    The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours. In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number 06-2508. Please mention this number in any future correspondence to this Office regarding this matter.

    We will notify you of the decision on your appeal as soon as we can. We regret the necessity of this delay and appreciate your continued patience.

                                       Sincerely,

                                       Priscilla Jones
                                       Chief, Administrative Staff

**U.S. Department of Justice**

Office of Information and Privacy

Telephone: (202) 514-3642　　　　　　　　　Washington, D.C. 20530

SEP 18 2006

John Aaron, Esq.
Aaron Law Firm
123 First Street North
Alabaster, AL  35007

Re:  Appeal No. 06-2508
　　　Request No. 06-819
　　　ALB:SRO

Dear Mr. Aaron:

　　You appealed from the action of the Executive Office for United States Attorneys (EOUSA) on your request for access to records pertaining to the recusal of United States Attorney Leura Canary in May 2002 from an investigation and prosecution of Alabama public employees and former employees.

　　After carefully considering your appeal, and as a result of discussions between EOUSA personnel and a member of my staff, I am remanding your request for further processing of the responsive records. EOUSA will send any releasable portions of these records to you directly, subject to any applicable fees. You may appeal any further adverse determination made by EOUSA.

　　If you consider my response to be a denial of your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

　　　　　　　　　　　　　　　　　　　　　Sincerely,

　　　　　　　　　　　　　　　　　　　　　Daniel J. Metcalfe
　　　　　　　　　　　　　　　　　　　　　Director