# EXHIBIT A

Case 2:05-cr-00119-MEF-CSC   Document 596-2   Filed 05/29/2007   Page 1 of 3

**DO NOT PUBLISH**

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUL 3 1 2001
THOMAS K. KAHN
CLERK

No. 96-6958

D. C. Docket No. 95-00202-CR-N

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RODNEY JEROME TALLEY,
a.k.a. Roy Talley,
EDDIE LYONS, et al.,

Defendants-Appellants.

Appeals from the United States District Court
for the Middle District of Alabama

(July 31, 2001)

Before BIRCH and HULL, Circuit Judges, and O'NEILL[*], District Judge.

---

[*]Honorable Thomas N. O'Neill, U.S. District Judge for the Eastern District of Pennsylvania, sitting by designation.

likelihood that the jury transferred evidence from one conspiracy to a defendant involved in another conspiracy." United States v. Reed, 980 F.2d 1568, 1583 (11th Cir. 1993). On the first prong, Starks cannot claim that he was unfairly surprised by the evidence presented at trial, which described his drug dealing operation. Starks has a better argument on the second prong, given that the government's conduct in trying this case and in briefing the defendants' appeal to this court indicates a "throw-it-all-against-the-wall-and-see-what-sticks" strategy that appears specifically designed to unfairly prejudice the defendants. We find that Starks was not substantially prejudiced, however, only because the jury's verdict indicates that it was very conscientious not only in distinguishing between defendants, but also in distinguishing between the multiple charges against the individual defendants. We cannot say that the jury was misled by the government's tactics, and therefore Starks was not substantially prejudiced by the variance. Starks's conviction for conspiracy must stand.[4]

Rhodes, on the other hand, argues that there was insufficient evidence that his admitted relationship with Andrews extended to participation in the drug-distribution ring. On this issue, the government presented the testimony of May

---

[4]Our finding that Starks's conviction stands based on a conspiracy that was separate from the Andrews conspiracy effectively nullifies Starks's argument that evidence of other bad acts not associated with the Andrews conspiracy was improperly admitted against him in violation of Federal Rule of Evidence 404(b).

9