IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 2:05-CR-119-MEF |
| | ) | |
| DON EUGENE SIEGELMAN | ) | |

**UNITED STATES' RESPONSE TO DEFENDANT SIEGELMAN'S UNRESOLVED OBJECTIONS TO PRESENTENCE REPORT AND REQUEST FOR DOWNWARD DEPARTURE AND VARIANCE**

COMES NOW the United States of America, by and through Louis V. Franklin, Sr., Acting United States Attorney for the Middle District of Alabama, and William M. Welch, II, Chief of the Public Integrity Section of the Criminal Division of the United States Department of Justice, and hereby responds to Defendant Siegelman's Unresolved Objections to Presentence Report and Request for Downward Departure and Variance (hereinafter, "Siegelman's Sentencing Memorandum"). Since the United States disagrees with each and every factual[1] and legal assertion[2]

---

[1] For example, Defendant Siegelman claims that his receipt of the $500,000 bribe from Defendant Scrushy was not illegal "because there was no Quid Pro Quo and Siegelman did not financially benefit." Siegelman Sentencing Memo. at 8. Once again, Defendant Siegelman completely ignores the trial testimony of witnesses such as Nick Bailey and Mike Martin which established beyond a reasonable doubt, as found by the jury, that Defendant Scrushy paid Defendant Siegelman a $500,000 bribe, evidenced by the IHS and HealthSouth checks, in exchange for HealthSouth receiving membership on, representation at, and influence over the CON Board. Moreover, Defendant Siegelman fails to acknowledge the benefit he received from these funds, including, but not limited to, their use to pay off a loan for which he was personally liable. The only fact on which the United States and Defendant Siegelman appear to agree is that the jury did indeed return a verdict of guilty against him on Counts 3, 5-9, and 17.

[2] For example, Defendant Siegelman contends that he should receive a downward adjustment under U.S.S.G. § 3E1.1 for acceptance of responsibility. He makes this argument despite completely disavowing having committed any illegal act or having any criminal intent. Siegelman Sentencing Memo. at 2. Moreover, the commentary to § 3E1.1 provides that "[t]his adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." Defendant Siegelman in no way qualifies for a downward

Defendant Siegelman makes in his Sentencing Memorandum, the government responds to Defendant Siegelman's pleading by respectfully referencing the Court to the United States' Sentencing Memorandum and Motion for Upward Departure. In its papers, the United States sets forth its arguments, and factual bases in support thereof, for the Court to impose a "reasonable" sentence which properly considers the advisory United States Sentencing Guidelines.

The United States is aware that the Court presided over the trial and is intimately knowledgeable about the evidence adduced at trial and the law governing this case. Accordingly, the United States submits that further briefing from the government, given the wide chasm between the parties on the facts and the law, will not assist the Court in preparing for the sentencing hearing and fashioning a reasonable sentence. Of course, the United States welcomes any invitation from the Court to brief any issue of particular interest to the Court.

---

adjustment for acceptance of responsibility because he has continually pre-trial, during the trial, and post-trial, adamantly declared his complete innocence, asserted that the prosecution against him was politically motivated, claimed a complete lack of evidence of his criminal conduct, denied any criminal intent, and shown a complete lack of remorse for his actions. Certainly, the Guidelines do not contemplate such a defendant receiving a downward adjustment for acceptance of responsibility.

Respectfully submitted this the 12th day of June, 2007.

LOUIS V. FRANKLIN, SR.
ACTING UNITED STATES ATTORNEY

/s/ Louis V. Franklin, Sr.
Acting United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax:   (334)223-7560
Email: louis.franklin@usdoj.gov

/s/ J.B. Perrine
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax:   (334)223-7135
Email: jb.perrine@usdoj.gov
ASB-9077-E31J

/s/ Stephen P. Feaga
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax:   (334)223-7560
Email: steve.feaga@usdoj.gov
ASB-7374A60S

/s/ Joseph L. Fitzpatrick, Jr.
Special Assistant United States Attorney
Assistant Attorney General
Office of the Attorney General
11 S. Union
Montgomery, AL 36130
Phone: (334)353-4839
Fax:   (334)242-4890
Email: j.fitzpatrick@ago.al.state.us

WILLIAM M. WELCH, II
CHIEF, PUBLIC INTEGRITY SECTION

/s/Richard C. Pilger
Department of Justice, Criminal Division
Public Integrity Section
10th & Constitution Ave, NW
Bond Building - 12th Floor
Washington, DC 20530
Phone: (202)514-1412
Fax:   (202)514-3003
Email: richard.pilger@usdoj.gov

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 2:05-CR-119-MEF |
| | ) | |
| DON EUGENE SIEGELMAN | ) | |

CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Respectfully submitted,

LOUIS V. FRANKLIN, SR.
ACTING UNITED STATES ATTORNEY

/s/ Louis V. Franklin, Sr.
LOUIS V. FRANKLIN, SR.
Acting United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
(334) 223-7280
(334) 223-7135 fax
louis.franklin@usdoj.gov