UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2007 JUN 20 A 11: 56

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | Case Number: 2:05-CR-119-MEF |
| | ) | |
| **DON SIEGELMAN et.al.** | ) | |

### MOTION TO QUASH SUBPOENA

Comes now, William "Bill" Kurtz, by and through the undersigned attorney and moves this Court pursuant to Rule 17 of the Federal Rules of Criminal Procedure to quash the subpoena requiring his attendance at the June 26, 2007 sentencing hearing in the above styled case.

The subpeona should be quashed because compliance with this subpoena would be unreasonable, oppressive and unnecessary in that:

1. Captain Kurtz has no knowledge that would be useful to any party in this hearing as to the length of sentence, sentence departures, or sentence enhancements.

2. Captian Kurtz lives in West Palm Beach Florida and it would require extensive travel and days away from his home to be at the hearing on June 26, 2007. *See* Exhibit A

3. Captain Kurtz was just served the subpoena on June 18, 2007.

4. Captain Kurtz was subpoenaed by the U.S. Attorney's Office of the Middle District of Alabama to attend the April 9, 2007 hearing in this matter. *See* Exhibit B

5. He was required to attend the hearing even though the Government failed to make any arrangements for his travel or hotel stay while here.

6. Captain Kurtz was present at the Courthouse on April 9th and was never called to testify.

7. According to media reports there was extensive testimony referencing Captain Kurtz's interview with the U.S. Attorney's personnel and a Federal Bureau of Investigation Agent in this

case.

8. That testimony is already part of the record in this case and is available to be used in the sentencing hearing.

9. The Government has failed to provide any compelling reason why Captain Kurtz's testimony is necessary at the Sentencing hearing.

## ARGUMENT

It is in the sound discretion of the trial court to make a determination if there is justification for issuance of a subpoena. *United States v Eden* 659 F2d 1376,(1981, CA9 Cal), cert den 455 US 949, 71 L Ed 2d 663, 102 S Ct 1450 (1982). In this case we have a third party witness that would be required to travel over 600 miles to testify. It is believed that Captain Kurtz testimony would be about the Defendant Richard Scrushy's boat, the trip he took with his family to Miami in March 2007 and Captain Kurtz's conversations with Mr. Scrushy regarding the trip. His testimony regarding these matters was not important enough for the Government to call him to testify during the April 9, 2007 hearing. There is substantial testimony of the Federal Bureau of Investigation Agent regarding Captain Kurtz's interview with him that is available through this Court's records of the April 9, 2007 hearing. As to the sentencing hearing, all the information Captain Kurtz would be able to testify to is available through the Federal Agent that has already testified.

Captain Kurtz testimony is unnecessary and to comply with the subpoena would unreasonable and oppressive. Federal Rules of Criminal Procedure 17 provides that "the court on motion promptly may quash or modify subpoena if compliance would be unreasonable or oppressive. *United States v Abuhouran* 972 F Supp 326 (1997, ED Pa), affd 161 F3d 206, (1998, CA3 Pa). Although Rule 17 requires judges to subpoena witnesses whose testimony accused believes will support accused's claims, this Rule also gives judge discretion not to subpoena such witnesses, if

their evidence would merely be cumulative or ... that testimony would waste court's time. *United States v Bailey* 219 US App DC 67, 675 F2d 1292, (1982), App DC), cert den 459 US 853, 74 L Ed 2d 104, 103 S Ct 119 (1982). Granting motion to quash subpoena on ground that subpoena would be burdensome and oppressive is within clear intent of Rule 17. *United States v Camp* 285 F Supp 400. (1967, ND Ga)

This Motion is based upon this document, on all of the papers and records on file in this action, on the two exhibits attached to this Motion, and on whatever evidence and arguments may be allowed at a hearing of this motion.

WHEREFORE, PREMISES CONSIDERED Captain Kurtz ask this Court to issue an order quashing the subpoena issued by the U.S. Attorney's office for the Middle District for his appearance at the June 26, 2007 hearing in this matter.

Dated June 18, 2007.

Respectfully Submitted

John M. Aaron
Attorney for William Kurtz
123 First Street North
Alabaster, AL 35007
(205) 685-8383
JohnAaron@aaronlawfirm.com

Hand Delivered

**CERTIFICATE OF SERVICE**

I hereby certify that on June 20, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record of all parties to this matter.

John M. Aaron
Attorney for William Kurtz