IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** * | |
| * | |
| **PLAINTIFF,** * | |
| * | |
| v.  * | **CASE NO. 2:05cr119** |
| * | |
| **DON SIEGELMAN, ET AL** * | |
| **DEFENDANT.** * | |

### Motion for Correction of Sentence Pursuant to FRCP 35(a)

Comes now the undersigned counsel for Don Siegelman pursuant to Federal Rule of Criminal Procedure Rule 35(a) and moves this Court to correct the sentence imposed on Defendant Siegelman on June 28, 2007 and states as follows:

1. This Court imposed restitution in the amount of $181,325.

2. The Government originally sought restitution from Defendant Siegelman in the amount of $411,495 based on a loss to the State from the corrupt GH Construction fiasco. The defense, citing a news story where AUSA Steve Feaga addressed Lanny Young's GH Construction restitution, pointed out that only $181,325 of the $411,495 was not for legitimate purposes. The Court accepted this position reducing the restitution to the $181,325 as referenced by AUSA Feaga.

3. The Probation officer did not recommend restitution as she noted no identifiable victims as to Defendant Siegelman.

4. At sentencing the Court imposed as restitution the $181, 325 GH Construction loss. Counsel failed to object. This is of no moment given that FRCP Rule 35(a) allows for correction of a sentence for arithmetical, technical or clear error within seven days after sentencing.

5. The second superseding indictment on which Defendant Siegelman was tried and convicted (Doc. No. 61) reveals that the Governor was not convicted on the count relating to the GH Construction matter. In fact he was found not guilty.

6. Pursuant to the Victim and Witness Protection Act of 1982 ("VWPA") the federal courts may only order restitution in the case of a defendant convicted of an offense. The United States Supreme Court in *Hughey v. United States,* 495 U.S.411 (1990) held that a VWPA restitution award is authorized only for the loss caused by the specific conduct that is the basis of the offense of conviction. It is evident that the plain language of the VWPA clearly links restitution to the offense of conviction.

7. The Eleventh Circuit in *United States v. McArthur,* 108 F. 3d 1350 (1997) addressed the use of acquitted conduct for restitution purposes. The District Court in that case, as here, imposed restitution on a count for which the defendant was acquitted. Relying on *Hughey,* the Court determined that under the VWPA the

restitution order must not consider the harm arising from conduct of which a defendant was acquitted. Furthermore, the Court stated that it was clearly Congress's intent in crafting the VWPA that the statute was to allow restitution only for the crime of conviction. Finally, the Eleventh Circuit in the case *United States v. Young,* 953 F. 2d 1288, 1289 (1992), again following the result in the *Hughey* case, held that restitution is inappropriate if based on charges of which the defendant was acquitted, even if those charges relate to the crime of conviction.

    8. It is clear in this case as in *MacArthur, supra*, that the Court did not trade restitution for leniency therefore no remand is necessary.

    9. This amount reflects money attributed to a count in the indictment for which Defendant Siegelman was acquitted. Based upon the authority as set out above the sentencing order should be corrected striking that portion pertaining to the ordered restitution.

    Respectfully submitted,

        s/Susan G. James
        SUSAN G. JAMES
        Attorney at Law
        600 South McDonough Street
        Montgomery, Alabama 36104
        Phone: (334) 269-3330
        Fax: (334) 834-0353
        E-mail: sgjamesandassoc@aol.com
        Bar No:ASB7956J64S

## **CERTIFICATE OF SERVICE**

  I hereby certify that on July 3, 2007 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

  Louis V. Franklin
  P. O. Box 197
  Montgomery, AL 36101