IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:05cr119-MEF |
| | ) | |
| DON EUGENE SIEGELMAN | ) | |

**UNITED STATES' RESPONSE TO DEFENDANT SIEGELMAN'S MOTION TO CORRECT SENTENCE PURSUANT TO FRCP 35(a)**

COMES NOW the United States of America, by and through Louis V. Franklin, Sr., Acting United States Attorney for the Middle District of Alabama, and William Welch, Chief of the Public Integrity Section of the Criminal Division of the United States Department of Justice, and in response to the above-styled motion says as follows:

1. In Hughey v. United States, 495 U.S. 411, 417 (1990), the United States Supreme Court ruled that "the loss caused by the conduct underlying the offense of conviction establishes the outer limits of a restitution order." See also, United States v. McArthur, 108 F. 3d 1350 (1997), and United States v. Young, 953 F. 2d 1288 (1992).

2. The defendant misapplies, in his own favor, how the above-cited cases apply to the facts underlying the Obstruction of Justice offense charged in Count 17 for which he was convicted and concludes that this court was powerless to order that Siegelman pay restitution in the amount of $181,325 because the loss reflected in that amount is not a loss caused by the conduct underlying the Obstruction of Justice count.

3. While the United States has been unable to locate a case discussing the type of losses for which restitution has been ordered when obstruction of justice is the underlying offense, it is clear

under the facts of the case underlying Siegelman's obstructive conduct the $181,325 was a loss that it is reasonable to conclude was caused and/or exacerbated by Siegelman's obstructive conduct.

4. Both Lanny Young and Nick Bailey testified that it was Siegelman's unlawful agreement with Young to trade governmental discretion for things of value, for both personal use and in the form of campaign contributions, that caused Young to give to Siegelman the $9200 Siegelman was convicted of trying to hide during his obstructive criminal behavior and that caused Siegelman to award a construction manager contract worth $2,300,000 to Young.

5. Siegelman obstructed justice by engaging in deceptive conduct to make it appear he had merely borrowed money from Bailey rather than having received a bribe from Young and thereby delayed the government's investigation into this matter by three years (allowing the statute of limitations for civil suits to expire and the State of Alabama's three year criminal statute of limitations for theft type offenses to expire). The court may, and the United States urges it to do so, take judicial notice of the dates established at trial for these events and the applicable statutes of limitations.

6. It is entirely and wholly probable that the State of Alabama (the victim) would have been able to recover not just the $181,325 dollars expended for the project by the State and put into Mr. Young's pocket but the entire $411,325 amount expended had Siegelman not hidden the true nature of events and encouraged Young and Bailey not to reveal the truth.

7. The matters which came to light during the trial would have been made known to the State within weeks of the misapplication of funds during the inquiry conducted by its agent Bo Torbert when there was still time to make a full recovery via either the civil or criminal process but for the direct consequence of Siegelman's actions.

8. Therefore, the above premises considered, the United States urges the court to deny Defendant Siegelman's motion or in the alternative should the court agree that its sentence needs to be corrected under FRCP 35(a) to impose some additional period of incarceration in order to completely correct its sentence and in order to give effect to the intent of this court "in creating a sentencing plan" in this case. To negate the $181,325 dollars in restitution without increasing the penalty in some other way would unfairly reduce the punishment the court obviously considered proper for this defendant and constitute a clear windfall not contemplated when the Court departed well below Siegelman's guideline range. See McArthur, supra at 1357.

Respectfully submitted this the 5th day of July, 2007.

LOUIS V. FRANKLIN, SR.
ACTING UNITED STATES ATTORNEY

/s/ Louis V. Franklin, Sr.
Acting United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax:    (334)223-7135
Email: louis.franklin@usdoj.gov

/s/ J.B. Perrine
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax:    (334)223-7135
Email: jb.perrine@usdoj.gov
ASB-9077-E31J

/s/ Stephen P. Feaga
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280

Fax:    (334)223-7560
Email: steve.feaga@usdoj.gov
ASB-7374A60S

/s/ Joseph L. Fitzpatrick, Jr.
Special Assistant United States Attorney
Assistant Attorney General
Office of the Attorney General
11 S. Union
Montgomery, AL 36130
Phone: (334)353-4839
Fax:    (334)242-4890
Email: j.fitzpatrick@ago.al.state.us


WILLIAM WELCH
CHIEF, PUBLIC INTEGRITY SECTION

/s/Richard C. Pilger
Department of Justice, Criminal Division
Public Integrity Section
10th & Constitution Ave, NW
Bond Building - 12th Floor

Washington, DC 20530
Phone: (202)514-1412
Fax:    (202)514-3003
Email: richard.pilger@usdoj.gov

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:05cr119-MEF |
| | ) | |
| DON EUGENE SIEGELMAN | ) | |
| | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on July 5, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

Respectfully submitted,

LOUIS V. FRANKLIN, SR.
ACTING UNITED STATES ATTORNEY

/s/ Louis V. Franklin, Sr.
LOUIS V. FRANKLIN, SR.
Acting United States Attorney
One Court Square, Suite 201
Montgomery, Alabama 36104
Phone: (334)223-7280
Fax: (334)223-7135
louis.franklin@usdoj.gov