IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:05-cr-119-MEF |
| | ) | (WO) |
| DON EUGENE SIEGELMAN | ) | |

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on the Motion for Correction of Sentence Pursuant to FRCP 35(a) (Doc. # 620) filed on July 3, 2007 by Defendant Don Eugene Siegelman ("Siegelman"). In this motion, Siegelman seeks to correct his sentence arguing that the Court should not base restitution on conduct for which the defendant was not convicted. The Government opposes this motion. The Court has carefully considered the arguments in support of and in opposition to this motion. For the reasons stated herein, Siegelman's motion is due to be **GRANTED**.

Rule 35(a) of the Federal Rules of Criminal Procedure provides that "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Where, as here, clear error is alleged, Rule 35(a) is limited to obvious errors "that are sufficiently clear that they would ... 'almost certainly result in a remand of the case to the trial court for further action.'" *United States v. Lett*, 483 F.3d 782, 788 (11th Cir. 2007) (quoting Fed. R. Crim. P. 35 advisory committee notes (1991)).

It is firmly established law of the Eleventh Circuit that acquitted conduct may be taken

1

into account for some purposes in sentencing so long as that acquitted conduct is proven by the government by a preponderance of the evidence.[1]  The United States Supreme Court found in *Hughey v. United States* that when a court orders restitution under the Victim and Witness Protection Act ("VWPA")[2] "the loss caused by the conduct underlying the offense of conviction establishes the outer limits of a restitution order."  495 U.S. 411, 420 (1990).  Furthermore, the Eleventh Circuit has held that "restitution is inappropriate if based on charges of which the defendant was acquitted, even if those charges relate to the crime of conviction."  *United States v. McArthur*, 108 F.3d 1350, 1357 (11th Cir. 1997); *United States v. Young*, 953 F.2d 1288, 1290 (11th Cir. 1992).  Thus, a court may not order restitution on the basis of acquitted conduct.

In sentencing Siegelman, this Court specifically ordered restitution based on conduct

---

[1] *United States v. Clay*, 483 F.3d 739, 744 (11th Cir. 2007) (holding that enhancing a sentence based on acquitted conduct did not violate due process); *United States v. Faust*, 456 F.3d 1342, 1347 (11th Cir. 2006), *cert denied*, 127 S. Ct. 615 (2006) ("[r]elevent conduct of which a defendant was acquitted nonetheless may be taken into account in sentencing for the offense of conviction, as long as the government proves the acquitted conduct relied upon by a preponderance of the evidence") (quotations omitted); *United States v. Duncan*, 400 F.3d 1297, 1304-05 (11th Cir. 2005), *cert. denied*, 126 S. Ct. 432 (2005) (noting that *United States v. Booker* "does not suggest that the consideration of acquitted conduct violates the Sixth Amendment as long as the judge does not impose a sentence that exceeds what is authorized by the jury verdict"); *see also United States v. Watts*, 519 U.S. 148, 155 (1997) (holding that the Double Jeopardy Clause permits a court to consider acquitted conduct in sentencing a defendant under the sentencing guidelines).

[2] The VWPA provides the authority for a court to order restitution to a victim of a defendant convicted of an offense under Title 18 of the United States Code.  18 U.S.C. § 3663.

relating to the Goat Hill construction project – acquitted conduct proven by the government by a preponderance of the evidence and appropriately considered in determining an advisory guideline sentencing range. Siegelman correctly points out that restitution should not have been awarded on that basis. Therefore, Siegelman's sentence is due to be corrected pursuant to Federal Rule of Civil Procedure 35(a).[3]

Accordingly, it is hereby ORDERED as follows:

(1) Motion for Correction of Sentence Pursuant to FRCP 35(a) (Doc. # 620) is GRANTED.

(2) To the extent the Government moves in its opposition to Siegelman's motion for an increase in sentence, that motion is DENIED.

---

[3] The Government makes two arguments in opposition to Siegelman's motion. The Court finds neither persuasive. First, since Siegelman was convicted of the Obstruction of Justice offense as charged in Count 17 of the Second Superceding Indictment and the ordered restitution of $181,325 was a loss that was "caused and/or exacerbated by Siegelman's obstructive conduct," then restitution for the Goat Hill construction project is appropriate. Doc. # 630 at 2. Notably, and as admitted in its opposition, the Government was unable to locate case law supporting this proposition. Although this Court found that the Government proved the Goat Hill construction project conduct by a preponderance of the evidence and found that this conduct was relevant conduct, the relationship between this conduct and the count of conviction is too attenuated when it comes to the order of restitution.

The Government argues in the alternative that if the sentence needs to be corrected under FRCP 35(a) then this Court should impose additional period of incarceration in order to completely correct the sentence. The Government cites *McArthur* for this proposition, namely that the district court must reevaluate its sentence in light of the vacated restitution award to give effect to this court's intent in creating a sentencing plan. 108 F.3d at 1357. As this Court would have fashioned the same sentence of incarceration even without the imposition of restitution, the Court is unwilling to entertain the government's suggestion that it impose further time of incarceration.

An amended judgment will be entered by separate order.

DONE this the 9th day of July, 2007.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE