IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

**UNITED STATES OF AMERICA,**

**v.**                                                                    2:05-CR-119

**DON E. SIEGELMAN, ET AL.**

**REPLY TO THE GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION TO CORRECT SENTENCE**

Comes now, Defendant Siegelman and replies to the Government's response to his Motion to Correct Sentence and states as follows:

1. The Government's overreaching theory in this prosecution , which was wholly rejected by the jury, was pervasive and systemic Government corruption. At sentencing and trial the Government ad nauseum argued that the Governor's office was like a grocery store where everything was for sale.

2. After the jury rejected this theory, acquitting Governor Siegelman of 94% of the charges, the Government has attempted to salvage the wreckage. It has done so by saying that the Governor's conviction on Count 17, obstruction of justice, in some way resurrects the "corruption case" with a total disregard for the not guilty RICO verdicts reached by the jury.

3. The Government was successful in doing this at sentencing as evidenced by the Court's application of a 3C1.1 obstruction of justice enhancement to the bribery charges for which the Governor was convicted. The Government's last desperate attempt to hold onto this theory, before the Eleventh Circuit weighs in, is

in its response to defendant Siegelman's Motion to Correct Sentence and erase the $181,325 illegal restitution order (Doc. No. 620).

4. The law cited in the defendant's motion is clear and unequivocal. The Government cannot prevail on its use of relevant conduct in contravention of the holdings in *Hughey v. United States*, 495 U.S. 411 (1990); *United States v. McArthur*, 108 F. 3d 1350 (11th Cir. 1997) and *United States v. Young,* 953 F. 2d 1288, 1289 (11th Cir. 1992)            .

5. To be sure the Government's argument is flawed in other aspects we need look no further than the indictment on which the Governor was tried and convicted. The Government misconstrues the purported entire "pay for play" scenario. The Government is giving the indictment a "liberal construction." However, the liberal construction rule for indictments applies only on appeal to tardy efforts to overturn indictments. That is black letter law. *See § 293 Rule of liberal construction, 41 Am Jur 2d Indictments and Informations (2006)*.

6. Generally, the indictment has long been construed as a matter of "common understanding." *See, e.g., Dunbar v. United States, 156 U.S.185, 191 (I894) ("common understanding")*. The Government's efforts create a variance, which is squarely a violation of the Fifth Amendment. *See United States v. Miller*, 471 U.S. 130 (1985) (upholding the narrowing an indictment, but distinguishing the general rule that you cannot expand an indictment under *Stirone v. United States*, 361 U.S. 212 (1960)); accord, *United States v. Weissman,* 899 F.2d 111 (11th Cir. 1990) (jury instruction held to be constructive amendment of indictment); *United States v.*

*Leichnam*, 948 F.2d 370 (7th Cir. 1991) (variance between indictment and theory of case). Incredibly, this is the same position the Government lost on in *United States v. Bobo*, 344 F.3d 1076 (11thCir. 2003).[1]

7. In the same relentless fashion seen at trial and sentencing the Government seeks more destruction on defendant Siegelman by requesting yet more incarceration if the Court agrees that the restitution is illegal.

8. This Court should not fall victim to the Government's overreach at the risk of reversal.

Respectfully submitted,

        s/Susan G. James
        SUSAN G. JAMES
        Attorney at Law
        600 South McDonough Street
        Montgomery, Alabama 36104
        Phone: (334) 269-3330
        Fax: (334) 834-0353
        E-mail: sgjamesandassoc@aol.com
        Bar No: JAM012

**CERTIFICATE OF SERVICE**

I hereby certify that on July 9, 2006 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Louis Franklin
U. S. Attorney's Office
P. O. Box 197
Montgomery, AL 36101

---

[1] AUSA Feaga was a prosecutor in this case.

Respectfully submitted,

s/Susan G. James
SUSAN G. JAMES
Attorney at Law
600 South McDonough Street
Montgomery, Alabama 36104