# EXHIBIT 12

Case 2:05-cr-00119-MEF-CSC    Document 658-13    Filed 09/28/2007    Page 1 of 4

**REVISED VERSION**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA    ) | |
| ) | |
| v.    ) | Case No. 2:05-cr-119-MEF |
| ) | |
| DON EUGENE SIEGELMAN    ) | |
| PAUL MICHAEL HAMRICK    ) | |
| GARY MACK ROBERTS    ) | |
| RICHARD M. SCRUSHY    ) | |

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case. When I have finished the attorneys will present their closing arguments, then you will go to the jury room and begin your discussions - - what we call your deliberations.

It will be your duty to decide whether the Government has proved beyond a reasonable doubt the specific facts necessary to find each Defendant guilty of the crimes charged in the indictment.

### Duty to Follow Instructions Presumption of Innocence
### (When Any Defendant Does Not Testify)

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the

violate, or to cause a public official or employee to violate, the official's or employee's duty to provide honest services to the employer.

Public officials and public employees inherently owe a duty to the public to act in the public's best interest. If, instead, the official or employee acts or makes his decision based on the official's own personal interests - - such as accepting a bribe or receiving personal benefit from an undisclosed conflict of interest - - the official has defrauded the public of the official's honest services even though the public agency involved may not suffer any monetary loss in the transaction.

You are further instructed as to the honest services mail and wire fraud counts that you must find <u>not only</u> that the Defendants intended to deprive the public of their honest services <u>but also</u> that they intended to deceive the public <u>and</u> that they intended to alter their official actions as a result of the receipt of campaign contributions or other benefits.

Moreover, payments for entertainment, lodging, sports events, and the like would not constitute violations of the honest services mail and wire fraud statutes if the intent of the Defendants were simply to cultivate a business or political friendship.

It is not necessary that the Government prove all of the details alleged

28

     Defendant Scrushy, as charged;

Fourth: That by such acceptance or agreement Governor Siegelman intended to be rewarded in connection with a transaction or series of transactions of the State of Alabama, which transaction or series of transactions involved something of value of $5,000 or more; and

Fifth: That in so doing the Governor Siegelman acted corruptly.

An act is done "corruptly" if it is performed voluntarily, deliberately and dishonestly for the purpose of <u>either</u> accomplishing an unlawful end or result <u>or</u> of accomplishing some otherwise lawful end or lawful result by any unlawful method or means. A Defendant does not commit a crime by giving something of value to a government official unless the Defendant and official agree that the official will take specific action in exchange for the thing of value.

The term "agent" as relevant to this case means any employee, officer or director of the State of Alabama.

### Theft or Bribery Concerning Programs Receiving Federal Funds
### 18 USC § 666(a)(2)

Count Four charges Defendant Scrushy with Federal Funds Bribery in violation of 18 U.S.C. § 666(a)(2).

Title 18 of the United States Code, Section 666, makes it a Federal

41