# EXHIBIT 13

```
                IN THE UNITED STATES DISTRICT COURT

                FOR THE MIDDLE DISTRICT OF ALABAMA

                        NORTHERN DIVISION


UNITED STATES OF AMERICA

     vs.                              CASE NO:  2:05cr119-MEF

DON EUGENE SIEGELMAN,

RICHARD M. SCRUSHY,

PAUL MICHAEL HAMRICK,

and GARY MACK ROBERTS,

         Defendants



                     * * * * * * * * * *

                      TRIAL PROCEEDINGS

                     * * * * * * * * * *

         Before The Honorable Mark E. Fuller,

         United States District Judge, and a

         Jury, at Montgomery, Alabama, Commencing

         On May 1, 2006


                     * * * * * * * * * *


             VOLUME XXXI (June 14, 2006)
```

62

1  the sake of completeness racketeering acts 2(h) through (o) in
2  addition to counts 13 and 14 for Governor Siegelman and
3  Mr. Hamrick. Those are my only changes that I am considering
4  making.
5       MR. BLAKEY: Then I need not comment on anything else.
6  Your Honor, we would renew all of the objections that we have
7  had to these instructions, and what I say now should not be read
8  as a waiver of any of that. The fundamental objection that we
9  have to this indictment is that there is a clash in this case
10 between the criminal law and the First Amendment and campaign
11 contributions. And this Court has not told this jury of that
12 clash. They have not been reminded of their duty to protect
13 First Amendment freedoms. This Court has not told this jury it
14 must act with strictissimi juris, and that seems to me to be a
15 fundamental defect in it. Beyond that there's a lack of
16 parallelism in the way in which you have treated campaign
17 contributions.
18      Briefly, in connection with the Hobbs Act, we suggest
19 that parallel language should be added in Section 666, and
20 Alabama bribery and Federal Fair Campaign Practices Act that
21 they are fundamentally inconsistent. In addition, that the
22 agreement in the area of color of law extortion and bribery
23 should be expressed. As we have it now it need not be
24 expressed, and that's a direct violation of the -- of this
25 Circuit's law, particularly in Davis.

person on the loan.

On page five -- I'm sorry, on page eight of the instructions you have given the character instruction. We would suggest that it ought to also include that -- the words on now page eight, the second line of the character evidence, the Defendants have offered evidence of the Defendants' traits of character, and such evidence may raise, we suggest the word alone, between such evidence alone may give rise to a reasonable doubt. That is the classic instruction. You have not given it as a stance there.

THE COURT: I think I have given just the pattern instruction from the 11th Circuit.

MR. BLAKEY: I understand that, Your Honor, but it's not the way it's normally traced.

THE COURT: It is in the 11th Circuit. Let's move on.

MR. BLAKEY: Your Honor, will we have an opportunity to comment on the verdict form? Is it finished?

THE COURT: Yes, you will. I haven't gone over the verdict form but I have got it in final form.

MR. BLAKEY: Thank you, Your Honor.

THE COURT: Any further objections by Governor Siegelman?

MR. EASTLAND: Yes, Your Honor. Regarding honest services charges, and the quid pro quo issue, for the record, as consistent with the cases that we have previously argued with

the Court, Sun-Diamond, McCormick, the 11th Circuit Davis, 11th Circuit Martinez and also 11th Circuit Lopez, Governor Siegelman respectfully submits that the Court's denial of the explicit quid pro quo charge that the jury must find beyond a reasonable doubt that the campaign and non-campaign benefits alleged in the indictment were made as part of an explicit promise, an explicit agreement that the alleged benefits were in exchange for a specific official act or error.

We respectfully submit that your refusal to do so is out of step with the restraint shown by the Supreme Court and the Circuit Courts in this area of the law where our political system and our criminal law collides. We respectfully submit that by not providing this instruction we are allowing the government to run from the explicit quid pro quo charges that they even charged in the indictment, and are out of step with the Supreme Court and Circuit Court cases.

And finally, we respectfully submit this is now precisely the type of case that the Rybicki Second Circuit case was talking about when they found that we must have boundaries in this area regarding honest services charges. And when the Court specifically -- and I quote -- stated there is no reason to think that Congress sought to grant carte blanche to federal prosecutors, judges and juries to define honest services from case to case for themselves. And finally, we state that's exactly what is going on here. The government knows it can not

prove a quid pro quo case and it's making up the case and now making up the law as it goes along. Thank you.

THE COURT: Mr. Hamrick?

MS. NICROSI: Your Honor, on behalf of Mr. Hamrick we, of course, would adopt the objections issued by Governor Siegelman's counsel. Also on page 17 and page 49 of the instructions that were read to the jury in my copy, we object to the aiding and abetting language in the second element of the RICO count on page 17. Also object to the aiding and abetting instruction on page 49. We do not believe the record as to Mr. Hamrick that it was necessary and there is no aiding and abetting evidence in this record. We also raised this issue in our Rule 29 brief, our first brief on the honest services charge, and we refer the record to that as well, and preserve that for the record.

Also we would object on page 38-39 to the jury instruction given as to count 15 of the indictment. This is the obstruction of justice count against Mr. Hamrick charging 1512(b)(3). We would submit that the instruction of code by Mr. Hamrick would be more appropriate and this instruction is not appropriate and not the one that should go to the jury. In fact, it's confusing to the jury and suggest it's error not to use the one we proposed.

Also, Your Honor, there's been no distinction in the jury instructions and the record of this trial -- the issue was

1  though I used the charge you submitted.
2      MS. NICROSI: We believe it's error to give the 11th
3  Circuit pattern jury instruction without the Sun-Diamond
4  language that we proposed and gave to this Court. And that it's
5  error to then put another Circuit pattern without Sun-Diamond
6  but including in it a Sawyer charge. It's error on error. And
7  as well as error that it should even be submitted to the jury.
8  That's all, Your Honor.
9      THE COURT: Thank you.
10     MR. BRISKMAN: Your Honor, briefly on behalf of
11 Mr. Roberts, we adopt and incorporate the objections of the
12 other Defendants in so far as they are applicable to
13 Mr. Roberts. Also, Judge, we renew our objection to the
14 introduction to offense instruction in conspiracy cases on page
15 nine. Specifically the language in the first sentence of the
16 second paragraph which reads you will note as to count one
17 racketeering act 2(a) and count 5 the named Defendants are not
18 charged with committing substantive offenses, rather, they are
19 charged with having conspired to do so. We believe that implies
20 that Mr. Roberts is charged in a conspiracy count, which he is
21 not. We think that is confusing and misleading and we object to
22 that language and we ask that Mr. Roberts be specifically
23 excluded from that sentence. We also object to the last
24 paragraph of the good faith --
25     THE COURT: He is not included in that sentence, is he?

1  a couple of points -- and that is we adopt, and I know that's
2  been your rule throughout anyway.  Judge, on page five of your
3  charge right before the impeachment provision, I had asked that
4  you modify where it says did the witness' testimony differ from
5  other testimony, I wanted you to insert prior statements
6  specifically with regard to Mr. Bailey, and I see that that is
7  absent.  I think that would help the jury in the analysis of
8  Bailey's testimony, and that was excluded.
9        In adopting I just want to make a couple of references
10 specifically to the arguments made of counsel.  I don't want to
11 exclude anything by not talking about it specifically, but
12 Judge, we also adopt the arguments with regard to McCormick.  I
13 want the record to reflect that Your Honor spent a lot of time
14 last night, clearly a number of hours in which we argued quid
15 pro quo, McCormick, all the various cases, the different levels
16 and so forth.  And as I said last night, with regard to the
17 charge that you finally elected to put in, I just want the
18 record to reflect that was after a great deal of discussion but
19 we still do feel that the expressed agreement requirement from
20 McCormick ought to be in.
21       Also, Your Honor, in our Rule 29 we discussed
22 Sun-Diamond and various other things, and we think those things
23 should be in honest services.  And then as to the good faith
24 defense, which was set out by Josh, we also agree that that last
25 paragraph should not be included in this charge, that it should