# EXHIBIT 18

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | On Appeal from the United States |
| | * | District Court for the Middle |
| | * | District of Alabama |
| v. | * | Northern Division |
| | * | |
| **DON EUGENE SIEGELMAN** | * | CASE NO. 2:05-cr-119-MEF |
| | * | |
| | * | District Judge |
| | * | Hon. Mark E. Fuller |

## AFFIDAVIT

**STATE OF ALABAMA**

**COUNTY OF MONTGOMERY**

Before me, the undersigned authority, personally appeared Robert D. Segall and after first being duly sworn states as follows:

1. My name is Robert D. Segall, and I am over twenty-one years of age. I understand that this Affidavit is to be submitted to the United States Court of Appeals for the Eleventh Circuit in connection with a request for an appeal bond.

2. I am a lawyer, and have been licensed to practice in the State of Alabama since August of 1971. In addition to other courts, I am a member of the Bar of the United States Court of Appeals for the Eleventh Circuit. I have been active for many

years in the Alabama State Bar, having served as president of the Alabama Bar in 2005-2006. I have also received the honor of induction into the fellowship of the American College of Trial Lawyers and the American Board of Trial Advocates.

3. I was one of the lawyers for Don Siegelman in the case of United States v. Siegelman, Case No. CR-04-CO-200-W, United States District Court for the Northern District of Alabama ("Northern District case"). Based on my experience in representing Mr. Siegelman throughout that case, I can affirm that upon his indictment, he surrendered to authorities promptly. In fact the indictment of Mr. Siegelman was entirely unexpected. He was at the airport about to board an airplane for New York at the time his lawyers were informed of the indictment. Mr. Siegelman immediately cancelled his plans, and arrangements were made promptly for his surrender.

4. My recollection is that during the course of his prosecution, Mr. Siegelman was on a signature bond and that although like everyone accused of a felony he was required to give up his passport, no one contended that he was a flight risk.

5. I can further affirm that in connection with the Northern District case, Mr. Siegelman appeared at every court hearing at the time set by the Court. He fully cooperated with all requirements set by the Court and the Probation Office.

6. In the Northern District case, Mr. Siegelman was charged with conspiring with a political ally to defraud the State's Medicaid Program. The Court held a hearing pursuant to <u>United States v. James</u>, 590 F2d 575 (5th Circuit 1979), and determined that the United States had totally failed to prove a conspiracy involving Mr. Siegelman such as would allow the admission into evidence of hearsay statements made by alleged co-conspirators. Following opening statements in the trial, rather than attempting further to establish that a conspiracy involving Mr. Siegelman may have existed, the United States moved to dismiss the case. The case was dismissed by order entered on October 15, 2004.

Further, Affiant saith not.

_____
Robert D. Segall

STATE OF ALABAMA

COUNTY OF MONTGOMERY

SWORN TO AND SUBSCRIBED BEFORE ME the undersigned authority, this the 2nd day of July, 2007.

Seal

_____
Notary Public
My Commission Expires: 3-6-2011