IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:05-cr-119 MEF |
| | ) | |
| DON EUGENE SIEGELMAN, | ) | (WO) |
| | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter is before the Court on Defendant/Appellant Don Eugene Siegelman's ("Siegelman") Motion for Release Pending Appeal (Doc # 657) pursuant to 18 U.S.C. § 3143(b)(1). On June 29, 2006, a jury convicted Siegelman of one count of federal funds bribery (18 U.S.C. § 666(a)(1)(B)), four counts of honest services fraud (18 U.S.C. §§ 1341, 1346), one count of conspiracy to commit mail fraud (18 U.S.C. § 371), and one count of obstruction of justice (18 U.S.C. § 1512(b)(3)). On June 28, 2007, this Court sentenced Siegelman to 88 months of incarceration. On August 10, 2007, Siegelman filed this motion with the Eleventh Circuit, asking the court to suspend Fed. R. App. P. 9 and to rule on his motion directly. On September 27, 2007, the Eleventh Circuit remanded the motion back to this Court. The Court has carefully considered the relevant case law and all submissions in support of and in opposition to the motion. For the reasons set forth below, the Court finds that Siegelman's Motion for Release Pending Appeal is due to be DENIED.

## DISCUSSION

Pursuant to 18 U.S.C. § 3143, a defendant convicted of a crime shall be detained pending his appeal unless a court finds:

> (1) that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released;
> (2) that the appeal is not for purpose of delay;
> (3) that the appeal raises a substantial question of law or fact; and
> (4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1); *See also United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985). Moreover, the defendant has the burden to prove each of these four factors. *Id.* In this case, the government does not contest either of the first two factors.[1] Therefore, the question presented to this Court is whether Siegelman has satisfied his burden of establishing that his appeal raises substantial questions of law or fact likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed, or a reduced sentence that is less than the expected duration of the appeal process.

A defendant has presented a "substantial question" if the issue is "one of more

---

[1] The government conceded, and this Court finds, that Siegelman has presented sufficient evidence that he is not likely to flee or pose a danger to the safety of others. Resolution of the second factor, whether the appeal is for the purpose of delay, is mooted by this Court's decision on the third and fourth factors.

substance than would be necessary to a finding that it was not frivolous. It is a 'close' question or one that very well could be decided the other way." *Giancola*, 754 F.2d at 901. Furthermore, the phrase "likely to result in reversal or an order for a new trial" means that "the question is so integral to the merits of the conviction on which defendant is to be imprisoned that a contrary appellate holding is likely to require reversal of the conviction or a new trial." *Giancola*, 754 F.2d at 900 (quoting *United States v. Miller*, 753 F.2d 19 (3d Cir. 1985)). In other words, harmless errors, errors that have no prejudicial effect, or errors that have been insufficiently preserved, which would not result in reversal or a new trial, do not satisfy this standard. *Id.*

This Court is mindful of the Eleventh Circuit's order, which requests "expeditious consideration and disposition" of these issues. Therefore, while this Court has given the merit of the issues due consideration, it will not issue a lengthy written opinion on this matter. In order for this Court to grant Siegelman's motion, it would have to hold that he has raised a substantial question that would be likely to result in reversal or a new trial on *all* of the counts of which he was convicted, or likely to result in a term of imprisonment less than the expected duration of the appeal. *Giancola*, 754 F.2d at 900-01. The Court does not find that the issues Siegelman has identified satisfy the standard established by 18 U.S.C. § 3143(b) as interpreted by the Eleventh Circuit Court of Appeals, and therefore Siegelman has failed to meet his burden. Consequently, this Court is without authority to grant him the relief he seeks.

## CONCLUSION

For the reasons set forth above, it is hereby ORDERED that Defendant/Appellant, Don Eugene Siegelman's Motion for Release Pending Appeal (Doc # 657) is DENIED.

DONE this the 4th day of October, 2007.

                                              /s/ Mark E. Fuller
                              CHIEF UNITED STATES DISTRICT JUDGE