IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:05-cr-119-MEF |
| | ) | |
| DON EUGENE SIEGELMAN and | ) | (WO—Publish) |
| RICHARD M. SCRUSHY | ) | |

# MEMORANDUM OPINION AND ORDER

This case is before the Court on Defendant Richard M. Scrushy's ("Scrushy") Motion to Recuse (Doc. # 954), filed on June 26, 2009, in which Defendant Don Eugene Siegelman ("Siegelman") has joined. (*See* Docs. # 991 & 994.)  In their motion, the defendants argue that this Court should disqualify itself from the proceedings on the defendants' pending motions for a new trial (*see* Docs. # 953 & 960) or, alternatively, refer the instant motion to recuse to another judge.  Based on its review of the record and the applicable law, this Court will refer the instant motion to recuse to another judge.

## I.  BACKGROUND

On June 29, 2006, a jury convicted Scrushy and Siegelman of federal-funds bribery, in violation of 18 U.S.C. § 666(a)(1)(B), and five counts of honest-services mail fraud and conspiracy, in violation of 18 U.S.C. §§ 1341, 1346, and 18 U.S.C. § 371.  The jury also convicted Siegelman of obstruction of justice, in violation of 18 U.S.C. § 1512(b)(3).  On March 6, 2009, the U.S. Court of Appeals for the Eleventh Circuit reversed two of Siegelman's mail-fraud convictions and affirmed all of the other convictions.  *See United States*

*v. Siegelman*, 561 F.3d 1215 (11th Cir. 2009).

In September 2006, after the trial but before the ruling on appeal, the defendants' attorneys received anonymous mailings that contained copies of what appeared to be e-mails exchanged between jurors during the trial. In response, the defendants filed a joint motion for a new trial based on juror misconduct. The Court held two evidentiary hearings, in which all of the jurors testified. After the hearings, the defendants' attorneys received additional anonymous mailings containing more alleged juror e-mails from during the trial. With the Court's permission, these e-mails were added to the record. On December 13, 2006, the Court, assuming that the e-mails were what they purported to be even though they had not been authenticated, denied the joint motion for a new trial.

Just over a week later, Scrushy's attorneys received a third batch of alleged juror e-mails. These e-mails purported to be from the time period in which the jurors were engaged in deliberations. In response, Scrushy moved for the Court to reconsider its ruling on the joint motion for a new trial. In February 2007, while this motion was still pending, Scrushy's attorneys received two more batches of alleged juror emails. Like before, the Court allowed all of these e-mails to be added to the record. On June 22, 2007, the Court, again assuming that the e-mails were authentic, denied Scrushy's motion to reconsider.

About the same time in December that the defendants' attorneys were receiving the alleged juror e-mails, similar mailings were anonymously sent to the co-workers of Juror # 7

and Juror # 40.[1]  The co-workers showed the mailings to Juror # 7 and Juror # 40.  Juror # 7 and Juror # 40 informed the staff of the U.S. Marshal for the Middle District of Alabama, who had helped to implement the Court's partial-sequestration order during the trial.

According to the Court's memory of these events, the U.S. Marshals' staff apprised the Court of the receipt of the purported e-mails by the jurors' co-workers, and the Court directed the U.S. Marshal to investigate any attempt to influence, coerce, or intimidate a federal juror.

The U.S. Marshal's staff relayed the information about the receipt of the purported e-mails by the jurors' co-workers to then-Acting U.S. Attorney Louis Franklin, who is one of the prosecutors in this case.  Franklin asked the U.S. Postal Inspection Service to conduct an investigation and transferred oversight of the investigation to an Assistant U.S. Attorney who was not involved with the prosecution of this case.

According to the Court's recollection, in April 2007, representatives of the U.S. Marshals Service and the U.S. Postal Inspection Service briefed the Court on the on-going investigation, during which a postal inspector volunteered to the Court that his preliminary conclusion was that the alleged juror e-mails were not authentic.

In July 2008, the defendants received a letter from Patty Merkamp Stemler, the Chief of the Appellate Section of the Criminal Division of the Department of Justice. (*See* Doc.

---

[1] Although the Court took steps to preserve the privacy and anonymity of the jurors, some jurors, including Juror # 7 and Juror # 40, voluntarily gave media interviews after the trial, in which they revealed their identities and other personal information, such as where they worked.

# 954-1.) This letter notified the defendants that (1) the jurors' co-workers also had received purported e-mails; (2) the Postal Inspectors had investigated the receipt of the purported e-mails by the jurors' co-workers; and (3) during the investigation, representatives of the U.S. Marshals Service had apprised the Court "that the Postal Inspectors were investigating the receipt of purported emails by co-workers of the two jurors and had concluded that the purported emails were not authentic, but that the Postal Inspectors had not yet determined who had sent copies of the emails to the co-workers." (*Id.* at 2–3.)

In response to Stemler's letter, Scrushy filed a motion for a new trial based on newly discovered evidence on June 26, 2009, and a related motion for discovery on June 27, 2009. (*See* Docs. # 953 & 955.) On June 29, 2009, Siegelman filed his own motion for a new trial and a related motion for discovery. (*See* Docs. # 960 & 961.) In their motions for a new trial, the defendants argue, *inter alia*, that it was improper for the U.S. Marshals Service to have briefed the Court on the postal inspector's investigation into the receipt of purported emails by the juror's co-workers. The briefing, they argue, violated their Fifth Amendment and Sixth Amendment rights.

In addition, on June 26, 2009, Scrushy filed the instant motion to recuse that is now before the Court (*see* Doc. # 954), and Siegelman joined the motion on October 15, 2009. (*See* Docs. # 991 & 994.) In the motion, the defendants asserts that under 28 U.S.C. § 455, the Court should disqualify itself from the proceedings on the defendants' pending motions for a new trial or, in the alternative, refer the instant motion to recuse to another judge. The

4

defendants make three arguments. First, they argue that § 455(b)(1) requires recusal because the Court has "personal knowledge of disputed evidentiary facts" concerning the pending motions for a new trial. Second, they argue that § 455(b)(5)(iv) also requires recusal because the Court is "likely to be a material witness" in the proceedings concerning the motions for a new trial. Third, they contend that the Court should recuse itself under § 455(a) because its "impartiality might reasonably be questioned."

## II. DISCUSSION

After a thorough review of the record in this case, this Court finds that the best course of action in this case is to refer the instant motion to recuse to another judge. Although the Government opposes the defendants' request for referral, it admits in its response to the instant motion that, under binding precedent from the former Fifth Circuit, this Court has the discretion to transfer a recusal motion in exceptional circumstances. (*See* Doc. # 967 at 3 (citing *In re Corrugated Container Antitrust Litig.*, 614 F.2d 958, 963 n.9 (5th Cir. 1980).[2]) Given the importance and history of his high-profile criminal case, and the compelling need for an unimpeachable decision on this motion, the Court finds that the circumstances surrounding this motion are exceptional and that justice would be best served by having another judge decide this motion.

The Court has taken no particular pleasure in presiding over this matter. Nonetheless, it has not been an unbearable burden either. Should the judge to whom the instant motion

---

[2] *See Bonner v. City of Pritchard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting all decisions of the Fifth Circuit rendered before October 1, 1981, as binding precedent).

to recuse is referred decide that the Court need not disqualify itself, then there will be a further duty for this Court to perform in this case, and the Court will, as it must, perform that duty conscientiously.

### III.  CONCLUSION

Accordingly, it hereby ORDERED as follows:

1.  Defendant Richard M. Scrushy's Motion to Recuse (Doc. # 954), in which Defendant Don Eugene Siegelman has joined, is GRANTED to the extent the defendant moves for this Court to refer the instant motion to another judge.  The Court requests that the Chief Judge of the U.S. Court of Appeals for the Eleventh Circuit refer the instant motion to another district judge in the Eleventh Circuit.

2.  The Clerk of Court is DIRECTED to send a copy of this Memorandum Opinion and Order to the Chief Judge of the U.S. Court of Appeals for the Eleventh Circuit and the Clerk of Court of the U.S. Court of Appeals for the Eleventh Circuit.

3.  Defendant Richard M. Scrushy's Motion for Prompt Disposition of Pending Motion to Recuse (Doc. # 1005) is GRANTED.

DONE this the 14th day of May, 2010.

    /s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE